1  Tod L. Gamlen
   **BAKER & McKENZIE LLP**
2  660 Hansen Way
   Palo Alto, CA 94304-1044
3  Telephone: +1 650 856 2400
   Facsimile: +1 650 856 9299
4  tod.l.gamlen@bakernet.com

5  Attorneys for Plaintiff

6  Barco N.V.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12  BARCO N.V., a Belgian corporation

13       Plaintiffs,

14       v.

15  Technology Properties Ltd., Patriot Scientific

16  Corp., and Alliacense Ltd.,

17       Defendants.

Case No. C08 05398 HRL

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

Complaint for Declaratory Judgment

# COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Barco N.V. ("Barco"), a Belgian corporation by and through its attorneys, Baker & McKenzie hereby complains against the Defendants, Technology Properties Ltd. ("TPL"), Patriot Scientific Corp. ("Patriot"), and Alliacense Ltd., (collectively, "Alliacense") stating as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, seeking a declaratory judgment of non-infringement and invalidity with respect to United States Patents 5,784,584 ("the '584 patent"), 5,440,749 ("the '749 patent"), and 5,530,890 ("the '890 patent") (collectively "the patents-in-suit").

## THE PARTIES

2. The Plaintiff Barco is a Belgian corporation headquartered in Kortrijk, Belgium. Barco manufactures products which are sold and distributed in the United States, including in the State of California, and including in this District.

3. On information and belief, Defendant TPL is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business in San Jose, California. TPL claims to be a co-owner of the patents-in-suit.

4. On information and belief, Defendant Patriot is a corporation duly organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 10989 Via Frontera, San Diego, California. Patriot claims to be a co-owner of the patents-in-suit.

5. On information and belief, Defendant Alliacense Ltd. is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business in Cupertino, California. On information and belief, Alliacense is responsible for negotiating possible licenses to the patents-in-suit with third parties, on behalf of TPL.

## JURISDICTION AND VENUE

6. Barco files this complaint against Defendants pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the Federal Courts of the United States, 28 U.S.C. §§ 2201 and 2202.

7. This court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

8. Venue is proper in this District pursuant to 28 U.S.C. § §1391(b) and (c) and 1400(b) because, on information and belief, the Defendants are corporations subject to personal jurisdiction in this District and, on information and belief, TPL and Alliacense maintain their principal places of business in this district.

## INTRADISTRICT ASSIGNMENT

9. This action is properly filed in the San Jose Division of the Northern District of California because Defendants reside, or do business, in this district.

## EXISTENCE OF AN ACTUAL CONTROVERSY

10. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

11. Beginning in 2006 and continuing thereafter until the present, Alliacense has repeatedly asserted that Barco infringes the patents-in-suit and has demanded that Barco enter into a royalty-bearing license.

12. Throughout this period, Alliacense has consistently threatened Barco or implied that it would sue Barco, and demanded that Barco take a license to the patents-in-suit.

13. Alliacense has stated that "the only way Barco can resolve the issues and exposure

arising out of its infringement of the MMP Portfolio is to purchase an MMP Portfolio License from TPL."

14. Barco (through its representatives) has repeatedly told Alliacense that Barco does not need a license to Alliacense's patents.

15. Based on these facts, there is an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

## COUNT I

### DECLARATORY JUDGMENT REGARDING THE '584 PATENT

16. Barco hereby restates and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them by reference.

17. In correspondence dated June 2008, Alliacense alleged that the following Barco products infringe claim 29 of the '584 patent: iCon H500; iCon H250; iD R600+, and SIM 5R.

18. Barco's iCon H500, H250, iD R600+, and SIM 5R do not infringe claim 29 of the '584 patent.

19. Claim 29 of the '584 patent is invalid.

## COUNT II

### DECLARATORY JUDGMENT REGARDING THE '749 PATENT

20. Barco hereby restates and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them by reference.

21. In correspondence dated June 2008, Alliacense alleged that the following Barco products infringe claim 1 of the '749 patent: iCon H500; iCon H250; iD R600+, and SIM 5R.

22. Barco's iCon H500, H250, iD R600+, and SIM 5R do not infringe claim 1 of the '749 patent.

23. Claim 1 of the '749 patent is invalid.

# COUNT III

## DECLARATORY JUDGMENT REGARDING THE '890 PATENT

24. Barco hereby restates and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them by reference.

25. In correspondence dated June 2008, Alliacense alleged that the following Barco products infringe claim 1 of the '890 patent: iCon H500; iCon H250; iD R600+, and SIM 5R.

26. Barco's iCon H500, iCon H250, iD R600+, and SIM 5R do not infringe claim 1 of the '890 patent.

## DEMAND FOR JURY

27. Plaintiffs request that all issues triable by a jury be so tried in this case.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment as follows:

28. Declaring that Barco's iCon H500, H250, iD R600+, and SIM 5R do not infringe claim 29 of the '584 patent;

29. Declaring that Claim 29 of the '584 patent is invalid;

30. Declaring that Barco's iCon H500, H250, iD R600+, and SIM 5R do not infringe claim 1 of the '749 patent;

31. Declaring that claim 1 of the '749 patent is invalid;

32. Declaring that Barco's iCon H500, H250, iD R600+, and SIM 5R do not infringe claim 1 of the '890 patent;

33. Declaring that Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiffs claiming that the patents-in-suit are valid, enforceable, or infringed, or from representing that the products or services of the Plaintiffs infringe the patents-in-suit;

34. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding the Plaintiffs their attorneys' fees and costs in connection with this case;

35. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: December 1, 2008

_____
Tod L. Gamlen
Attorneys for Plaintiffs
**BAKER & McKENZIE LLP**

**OF COUNSEL:**

Daniel J. O'Connor
Edward K. Runyan
**BAKER & McKENZIE LLP**
130 E. Randolph Drive
Chicago, IL  60601
ph:     (312) 861-8608
fax:    (312) 698-2363
daniel.j.oconnor@bakernet.com
edward.k.runyan@bakernet.com