| | |
|---|---|
| 1 | John L. Cooper (State Bar No. 050324) |
|   | jcooper@fbm.com |
| 2 | Jeffrey M. Fisher (State Bar No. 155284) |
|   | jfisher@fbm.com |
| 3 | Eugene Y. Mar (State Bar No. 227071) |
|   | emar@fbm.com |
| 4 | Farella Braun & Martel LLP |
|   | 235 Montgomery Street, 17th Floor |
| 5 | San Francisco, CA  94104 |
|   | Telephone:  (415) 954-4400 |
| 6 | Facsimile:  (415) 954-4480 |
| 7 | Attorneys for Defendants |
|   | TECHNOLOGY PROPERTIES LIMITED and |
| 8 | ALLIACENSE LIMITED |
| 9 | Charles T. Hoge, Esq. (State Bar No. 110696) |
|   | choge@knlh.com |
| 10 | Kirby Noonan Lance & Hoge |
|   | 35 Tenth Avenue |
| 11 | San Diego, CA  92101 |
|   | Telephone:  (619) 231-8666 |
| 12 | Facsimile:  (619) 231-9593 |
| 13 | Attorneys for Defendant |
|   | PATRIOT SCIENTIFIC CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARCO, N.V., | Case No. 5:08-cv-05398 JF |
| Plaintiff, | **ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, | The Hon. Jeremy Fogel |
| Defendants. | **JURY TRIAL DEMANDED** |
| AND RELATED COUNTERCLAIMS | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. Case No. 5:08-cv-05398 JF

23965\1868971.1

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION AND GATEWAY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | RELATED CASE <br> Case No. 5:08-cv-00877 JF |

Declaratory judgment defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot"), and Alliacense Limited (collectively "Defendants") answer and counterclaim to declaratory judgment plaintiff Barco N.V.'s ("Barco" or "Plaintiff") Complaint for Declaratory Judgment ("Complaint") by admitting, denying, and alleging as follows:

1. Responding to paragraph 1 of the Complaint, admitted.

**THE PARTIES**

2. Responding to paragraph 2 of the Complaint, Defendants admit upon information and belief that Plaintiff Barco is a Belgian corporation headquartered in Kortrijk, Belgium, and that Barco's products are sold and distributed in the United States.

3. Responding to paragraph 3 of the Complaint, Defendants admit that Technology Properties Limited ("TPL") is a limited liability corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California. TPL is a co-owner of the patents-in-suit. Except as so expressly admitted, denied.

4. Responding to paragraph 4 of the Complaint, Defendants admit that Patriot Scientific Corporation co-owns the patents-in-suit and is a corporation organized under the laws of the State of Delaware with its principal place of business in Carlsbad, California. Except as so expressly admitted, denied.

5. Responding to paragraph 5 of the Complaint, Defendants admit that Alliacense Limited is a limited liability corporation organized under the laws of the State of Delaware and maintains its principal place of business in Cupertino, California and that Alliacense enters into

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT - 2 - 23965\1868971.1
Case No. 5:08-cv-05398 JF

1  negotiations with third parties regarding licenses to the patents-in-suit.  Except as so expressly
2  admitted, denied.

### JURISDICTION AND VENUE

6.   Responding to paragraph 6 of the Complaint, admitted.

7.   Responding to paragraph 7 of the Complaint, admitted.

8.   Responding to paragraph 8 of the Complaint, Defendants admit that TPL and Alliacense maintain principal places of business within this district and are subject to the personal jurisdiction of this Court.  Except as so expressly admitted, denied.

### INTRADISTRICT ASSIGNMENT

9.   Responding to paragraph 9 of the Complaint, Defendants admit that TPL and Alliacense reside in this district.  Except as so expressly admitted, denied.

### EXISTENCE OF AN ACTUAL CONTROVERSY

10.  Responding to paragraph 10 of the Complaint, admitted.

11.  Responding to paragraph 11 of the Complaint, Defendants admit that they have been engaged in discussions with Plaintiff Barco since 2006 regarding licensing TPL's Moore Microprocessor Patent portfolio ("MMP Portfolio"), including U.S. Patent Nos. 5,784,584 ("the '584 patent"), 5,440,749 ("the '749 patent"), and 5,530,890 ("the '890 patent") (collectively "the patents-in-suit").  Except as so expressly admitted, denied.

12.  Responding to paragraph 12 of the Complaint, Defendants admit that they have been engaged in discussions with Plaintiff Barco since 2006 regarding licensing the MMP Portfolio, including the patents-in-suit.  Except as so expressly admitted, denied.

13.  Responding to paragraph 13 of the Complaint, Defendants admit that they have met with Barco to provide details concerning TPL's MMP portfolio, to answer questions Barco may have concerning their need for a license to the MMP portfolio patents and to discuss Barco's licensing the MMP portfolio patents.  Except as so expressly admitted, denied.

14.  Responding to paragraph 14 of the Complaint, admitted.

15.  Responding to paragraph 15 of the Complaint, admitted.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT                - 3 -                                          23965\1868971.1
Case No. 5:08-cv-05398 JF

## PLAINTIFF'S COUNT I

## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

16. Responding to Paragraph 16 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Responding to paragraph 17 of the Complaint, Defendants admit that those products were the subject of June 2008 correspondence. Except as so expressly admitted, denied.

18. Responding to paragraph 18 of the Complaint, denied.

19. Responding to paragraph 19 of the Complaint, denied.

## PLAINTIFF'S COUNT II

## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

20. Responding to Paragraph 20 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 15 of the Complaint as though fully set forth herein.

21. Responding to paragraph 21 of the Complaint, Defendants admit that those products were the subject of June 2008 correspondence. Except as so expressly admitted, denied.

22. Responding to paragraph 22 of the Complaint, denied.

23. Responding to paragraph 23 of the Complaint, denied.

## PLAINTIFF'S COUNT III

## DECLARATORY JUDGMENT REGARDING THE '890 PATENT

24. Responding to Paragraph 24 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1 through 15 of the Complaint as though fully set forth herein.

25. Responding to paragraph 25 of the Complaint, Defendants admit that those products were the subject of June 2008 correspondence. Except as so expressly admitted, denied.

26. Responding to paragraph 26 of the Complaint, denied.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT - 4 -
Case No. 5:08-cv-05398 JF

23965\1868971.1

## DEMAND FOR JURY

27. Defendants admit that Barco has demanded a trial by jury. Pursuant to the Federal Rules of Civil Procedure Rule 38, Defendants also hereby demand a jury trial on all issues triable by jury.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

1. Plaintiff Barco has infringed the patents-in-suit.
2. The patents-in-suit are neither invalid nor unenforceable.
3. The complaint fails to establish that venue is proper in this district.

## DEFENDANTS' COUNTERCLAIMS

For their counterclaims against Plaintiff-Counterclaim Defendant Barco, Defendants-Counterclaim Plaintiffs Technology Properties Limited ("TPL") and Patriot Scientific Corporation ("Patriot") allege as follows:

## PARTIES

1. This is a civil action for patent infringement. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

2. Counterclaim Plaintiff TPL is a limited liability corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California.

3. Counterclaim Plaintiff Patriot is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California.

4. Counterclaim Defendant Barco N.V. represented in its complaint that it is a Belgian corporation with its principal place of business in Kortrijk, Belgium.

## JURISDICTION

5. The Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT                - 5 -                                 23965\1868971.1
Case No. 5:08-cv-05398 JF

1    6.      Counterclaim Plaintiffs dispute that venue is proper in this district; however,
2    Counterclaim Defendant Barco has committed acts of infringement in this district.

## GENERAL ALLEGATIONS

7.      On August 8, 1995, United States Patent No. 5,440,749 entitled "High Performance, Low Cost Microprocessor Architecture" was duly and legally issued. All rights and interest in the '749 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '749 patent. A true and correct copy of the '749 patent is attached hereto as Exhibit A.

8.      On June 25, 1996, United States Patent No. 5,530,890 entitled "High Performance, Low Cost Microprocessor" was duly and legally issued. All rights and interest in the '890 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '890 patent. A true and correct copy of the '890 patent is attached hereto as Exhibit B.

9.      On September 15, 1998, United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" was duly and legally issued. All rights and interest in the '336 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '336 patent. A true and correct copy of the '336 patent is attached hereto as Exhibit C.

## COUNT I

**(Infringement of U.S. Patent No. 5,440,749)**

10.     Paragraphs 1-9 of the Complaint set forth above are incorporated herein by reference.

11.     Upon information and belief, Counterclaim Defendant Barco has infringed and continues to infringe the '749 patent under 35 U.S.C. § 271.

12.     The Counterclaim Defendant's acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the '749 patent. The Counterclaim Defendant's infringement of TPL's and Patriot's exclusive

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT                - 6 -                                          23965\1868971.1
Case No. 5:08-cv-05398 JF

1  rights under the '749 patent will continue to damage TPL's and Patriot's business, causing

2  irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court

3  under 35 U.S.C. § 283.

4        13.    TPL and Patriot allege, on information and belief, that the Counterclaim

5  Defendant's acts of infringement were willful and deliberate.

## COUNT II

### (Infringement of U.S. Patent No. 5,530,890)

8        14.    Paragraphs 1-9 of the Complaint set forth above are incorporated herein by

9  reference.

10      15.    Upon information and belief, Counterclaim Defendant Barco has infringed and

11  continues to infringe the '890 patent under 35 U.S.C. § 271.

12      16.    The Counterclaim Defendant's acts of infringement have caused damage to TPL

13  and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the

14  Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement

15  of the '890 patent. The Counterclaim Defendant's infringement of TPL's and Patriot's exclusive

16  rights under the '890 patent will continue to damage TPL's and Patriot's business, causing

17  irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court

18  under 35 U.S.C. § 283.

19      17.    TPL and Patriot allege, on information and belief, that the Counterclaim

20  Defendant's acts of infringement were willful and deliberate.

## COUNT III

### (Infringement of U.S. Patent No. 5,809,336)

23      18.    Paragraphs 1-9 of the Complaint set forth above are incorporated herein by

24  reference.

25      19.    Upon information and belief, Counterclaim Defendant Barco has infringed and

26  continues to infringe the '336 patent under 35 U.S.C. § 271.

27      20.    The Counterclaim Defendant's acts of infringement have caused damage to TPL

28  and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT - 7 -
Case No. 5:08-cv-05398 JF

23965\1868971.1

Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the '336 patent. The Counterclaim Defendant's infringement of TPL's and Patriot's exclusive rights under the '336 patent will continue to damage TPL's and Patriot's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

21. TPL and Patriot allege, on information and belief, that the Counterclaim Defendant's acts of infringement were willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, TPL and Patriot respectfully request that this Court enter judgment against Counterclaim Defendants as follows:

A. For judgment that Counterclaim Defendant Barco N.V. has infringed and continues to infringe the '749 patent, the '890 patent, and the '336 patent;

B. For permanent injunctions under 35 U.S.C. § 283 against Counterclaim Defendant Barco and its directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with Counterclaim Defendant from further acts of infringement;

C. For damages to be paid by Counterclaim Defendant Barco adequate to compensate TPL and Patriot for their infringement, including interests, costs, and disbursements as the Court may deem appropriate under 35 U.S.C. § 284;

D. For judgment finding that Counterclaim Defendant Barco's infringement was willful and deliberate, entitling TPL and Patriot to increased damages under 35 U.S.C. § 284;

E. For judgment finding this to be an exception case against Counterclaim Defendants and awarding TPL and Patriot attorneys' fees under 35 U.S.C. § 285; and,

F. For such other and further relief at law and in equity as the Court may deem just and proper.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT - 8 -
Case No. 5:08-cv-05398 JF

23965\1868971.1

| | | |
|---|---|---|
| 1 | Dated:  February 17, 2009 | FARELLA BRAUN & MARTEL LLP |
| 2 | | |
| 3 | | By:  /s/ John Cooper |
| 4 | | John L. Cooper |
| 5 | | Attorneys for Defendant<br>TECHNOLOGY PROPERTIES LIMITED and<br>ALLIACENSE LIMITED |
| 6 | | |
| 7 | Dated:  February 17, 2009 | KIRBY NOONAN LANCE & HOGE, LLP |
| 8 | | |
| 9 | | By:  /s/ Charles Hoge |
| 10 | | Charles T. Hoge |
| 11 | | Attorneys for Defendant<br>PATRIOT SCIENTIFIC CORPORATION |

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:08-cv-05398 JF

- 9 -

23965\1868971.1

# **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38, TPL and Patriot hereby demand a jury trial on all issues triable by jury.

Dated: February 17, 2009         FARELLA BRAUN & MARTEL LLP


By: ___/s/ John Cooper___
         John L. Cooper

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED and
ALLIACENSE LIMITED


Dated: February 17, 2009         KIRBY NOONAN LANCE & HOGE, LLP


By: ___/s/ Charles Hoge___
         Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO COMPLAINT FOR
DECLARATORY JUDGMENT
Case No. 5:08-cv-05398 JF

- 10 -

23965\1868971.1