| | |
|---|---|
| Timothy Paar Walker (SBN 105001)<br>Timothy.walker@klgates.com<br>Harold H. Davis, Jr. (SBN 235552)<br>Harold.davis@klgates.com<br>K&L Gates LLP<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493<br>Telephone: 415.882.8200<br>Facsimile: 415.882.8220 | John L. Cooper (State Bar No. 050324)<br>jcooper@fbm.com<br>Jeffrey M. Fisher (State Bar No. 155284)<br>jfisher@fbm.com<br>Farella Braun & Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480 |
| Attorneys for Plaintiffs<br>ACER, INC., ACER AMERICA<br>CORPORATION and GATEWAY, INC. | Attorneys for Defendants in 5:08-cv-00877<br>and 5:08-cv-05398<br>TECHNOLOGY PROPERTIES LIMITED<br>and ALLIACENSE LIMITED |
| Daniel J. O'Connor (pro hac vice)<br>Daniel.j.oconnor@bakernet.com<br>Edward K. Runyan (pro hac vice)<br>Edward.k.runyan@bakernet.com<br>BAKER & MACKENZIE LLP<br>One Prudential Plaza<br>130 East Randolph Drive<br>Chicago, IL 60601<br>Telephone: (312) 861-8000 | Charles T. Hoge, Esq. (State Bar No. 110696)<br>choge@knlh.com<br>Kirby Noonan Lance & Hoge<br>35 Tenth Avenue<br>San Diego, CA 92101<br>Telephone: (619) 231-8666<br>Facsimile: (619) 231-9593<br><br>Attorneys for Defendant<br>PATRIOT SCIENTIFIC CORPORATION |
| Tod L. Gamlen (State Bar No. 83458)<br>Tod.l.gamlen@bakernet.com<br>BAKER & MACKENZIE LLP<br>660 Hansen Way<br>Palo Alto, CA 94303<br>Telephone: (650) 856-2400 | |
| Attorneys for Plaintiff<br>BARCO, N.V. | |

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF;
5:08-cv-05398 JF

| | |
|---|---|
| William Sloan Coats (State Bar No. 94864) <br> wcoats@whitecase.com <br> Mark Weinstein (State Bar No. 193043) <br> mweinstein@whitecase.com <br> Taryn Lam (State Bar No. 236124) <br> tlam@whitecase.com <br> Kyle Chen (State Bar No. 239501) <br> kchen@whitecase.com <br> WHITE & CASE LLP <br> 3000 El Camino Real <br> 5 Palo Alto Square, 9th Floor <br> Palo Alto, CA 94306 <br> Telephone: (650) 213-0300 <br> Facsimile: (650) 213-8158 <br><br> Attorneys for Plaintiffs <br> HTC CORP. and HTC AMERICA, INC. | Robert Krebs (State Bar No. 057526) <br> rkrebs@nixonpeabody.com <br> Christopher Ogden (State Bar No. 235517) <br> cogden@nixonpeabody.com <br> NIXON PEABODY LLP <br> 200 Page Mill Road, 2nd Floor <br> Palo Alto, CA 94305-2022 <br> Telephone: (650) 320-7700 <br> Facsimile: (650) 320-7701 <br><br> Ronald Lopez (State Bar No. 111756) <br> rflopez@nixonpeabody.com <br> Sushila Chanana (State Bar No. 254100) <br> schanana@nixonpeabody.com <br> NIXON PEABODY LLP <br> One Embarcadero Center, 18th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 984-8200 <br> Facsimile: (415) 984-8300 <br><br> Attorneys for Defendants in 5:08-cv-0882 <br> TECHNOLOGY PROPERTIES LIMITED <br> and ALLIACENSE LIMITED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION AND GATEWAY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case Nos. 5:08-cv-00877 JF; 5:08-cv-00882 JF; 5:08-cv-05398 JF <br><br> **JOINT MOTION REGARDING PROPOSED CASE SCHEDULES** <br><br> The Hon. Jeremy Fogel |
| HTC CORP. AND HTC AMERICA, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | |

| | |
|---|---|
| BARCO, N.V., <br>           Plaintiff, <br>    vs. <br> TECHNOLOGY PROPERTIES LIMITED, <br> PATRIOT SCIENTIFIC CORPORATION, <br> and ALLIACENSE LIMITED, <br>           Defendants. | |

Pursuant to this Court's instruction at the January 30, 2009 Case Management Conference ("CMC"), the parties from the three related matters, *Acer Inc., et al. v. Technology Properties Limited, et al.*, Case No. 5:08-cv-0877 JF; *HTC Corp., et al. v. Technology Properties Limited, et al.*, Case No. 5:08-cv-0882 KF; and *Barco, N.V. v. Technology Properties Limited, et al.*, Case No. 5:08-cv-05398 JF ("Actions"), met and conferred to attempt to merge the schedules relating to the exchange of infringement and invalidity contentions and claim construction-related deadlines pursuant to the Court's Patent Local Rules in the respective cases. Unfortunately, after a good faith negotiation, the parties were unable to reach an agreement. Thus, the parties hereby submit two competing schedules for the Court's review. The parties request that the Court adopt one of these schedules, subject to its availability. Alternatively, the parties request that the Court schedule a Case Management Conference within the next ten (10) days to discuss the adoption of a schedule in the cases.[1]

## I.    **TPL'S PROPOSED SCHEDULE**

Defendants Technology Properties Limited, Patriot Scientific Corporation, and Alliacense Limited (collectively "TPL") respectfully request the Court adopt their schedule based on the Federal Rules of Civil Procedure, Local Rules, and Patent Local Rules.[2] With the exception of the trial date, the parties in the *Acer* matter previously agreed to this schedule, including all deadlines relating to exchanging invalidity contentions and deadlines leading up to the *Markman*

---

[1] Plaintiffs note that the first deadline (March 9) in TPL's schedule is only ten (10) days away.

[2] TPL further notes that the Court has yet to set trial dates in these actions, and requests that the Court do so in connection with resolving this Motion.

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF;     - 3 -
5:08-cv-05398 JF

hearing pursuant to Patent Local Rule 4. Moreover, HTC had previously agreed to provide its invalidity contentions by March 13.

Acer and HTC are now requesting that these agreed upon deadlines be delayed by an additional 3 weeks, seeking to further defer providing invalidity contentions in declaratory judgment actions they filed in February 2008 — well over a year ago — claiming that the patents-in-suit are invalid.

Given that the *Acer* and *HTC* matters were filed in February 2008, TPL believes that there is no basis to delay the schedule as requested by Acer and HTC.[3] With the exception of the deadlines for the infringement contentions (which TPL has served already in all three cases) and the invalidity contentions, all three matters would share the same dates going forward, starting with the exchange of proposed terms and claim elements for construction pursuant to Patent Local Rule 4-1 on March 9, 2009. In addition, consistent with TPL and Acer's joint position in previous CMC statements, TPL requests a trial date in the first quarter of 2010 and believe that this date provides an adequate period for all the necessary discovery in this case. TPL's proposed schedule is on the right side of the chart below.

During the course of preparing this Joint Motion, upon receiving Plaintiffs' proposed schedule, TPL proposed that the parties agree to "meet in the middle" on dates, and proposed a revised schedule that deferred TPL's proposed dates relating to claims construction deadlines by approximately 2 weeks in an effort to close the 4-5 week gap between the parties so as to meet Plaintiffs halfway. (TPL's proposed revised schedule did not push back the dates for Plaintiffs' invalidity contentions given that those were agreed to with counsel for Acer and HTC and are set by operation of the Patent Local Rules for Barco.) TPL's compromise proposal is attached hereto as Exhibit A. TPL proposed this compromise as a way of avoiding needlessly burdening the Court with these scheduling issues. Plaintiffs have nonetheless rejected TPL's compromise proposal.

---

[3] As evident by TPL's proposed schedule, plaintiff Barco will receive the full 45 days specified in the Patent Local Rules to provide its invalidity contentions. However, this should not prevent Barco from complying with the proposed claim construction deadlines set forth here.

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF;     - 4 -
5:08-cv-05398 JF

For the reasons set forth above, TPL requests that the Court adopt its proposed schedule below. Alternatively, TPL requests that the Court adopt the schedule set forth in its compromise proposal set forth in Exhibit A.

## II. PLAINTIFFS' PROPOSED SCHEDULE

During the CMC on January 30, 2009, the Court instructed the parties to stipulate to a single schedule for all three related Actions.[4] TPL, however, insists upon schedules that (i) impose three (3) different deadlines for Plaintiffs' Preliminary Invalidity Contentions under Rule 3-3, and (ii) require service of the Proposed Terms and Claim Elements for Construction under Rule 4-1 before all Plaintiffs complete their Preliminary Invalidity Contentions under Rule 3-3. In particular, TPL's schedule on the right side of the chart below requires Barco to serve its Proposed Terms and Claim Elements for Construction twenty-eight (28) days before its Preliminary Invalidity Contentions are due. Under TPL's "compromise proposal" in Exhibit A, which rejected Plaintiffs' earlier offer reducing the difference between the competing schedules to only three (3) weeks, Barco is still required to serve its Proposed Terms and Claim Elements for Construction twelve (12) days before its Preliminary Invalidity Contentions are due. This illogical sequence is the exact opposite of that prescribed by Rules 3-3 and 4-1, which specify that the Proposed Terms and Claim Elements for Construction be served ten (10) days after completion of the Preliminary Invalidity Contentions.

The Rules impose this 3-3 and 4-1 sequence for a good reason. Claim construction is a central issue to questions of invalidity because it impacts how the prior art applies to the claim elements. *See*, *e.g.*, *Yoon Ja Kim v. ConAgra Foods, Inc.*, 465 F.3d 1312, 1324 (Fed. Cir. 2006) ("The same claim construction governs for validity determinations as for infringement determinations."). This 3-3 and 4-1 sequence is particularly important in cases involving

---

[4] HTC has long proposed that all schedules merge with Barco's. The March 13 deadline for HTC is a result of TPL's agreement that HTC may serve its Preliminary Invalidity Contentions 10 days after TPL responds to HTC's invalidity related discovery requests (served in December 2008, with TPL's response deadline extended twice already). HTC has repeatedly told TPL that it wants to follow the Barco schedule once it becomes available, and has never agreed to March 13 as a hard deadline as suggested by TPL.

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF;           - 5 -
5:08-cv-05398 JF

common patents asserted against multiple alleged infringers, because it will be difficult for the alleged infringers to select together their Proposed Terms and Claim Elements for Construction consistently before the prior art in <u>all</u> of the Preliminary Invalidity Contentions is identified. The Rules therefore contemplate that the alleged infringers be allowed to identify and review the prior art in all of the Preliminary Invalidity Contentions before selecting their Proposed Terms and Claim Elements for Construction <u>together</u>.

Both of TPL's convoluted schedules for requiring Plaintiffs to serve their Proposed Terms and Claim Elements for Construction before completing their Preliminary Invalidity Contentions differ from Plaintiffs' proposed schedule by only about three (3) weeks, and in so doing would deprive Plaintiffs, most severely Barco, of the time to which they would otherwise be entitled under Rule 4-1 to select together their Proposed Terms and Claim Elements for Construction (as TPL did not serve its Preliminary Infringement Contentions on Barco until February 20, well after the deadline prescribed by Rule 3-1). Given that TPL itself has delayed the Acer and HTC cases for more than a year through multiple motions to transfer venue, a difference of merely three weeks is insubstantial.[5]

TPL's insistence on its illogical and prejudicial schedules is obviously designed to hinder the Plaintiffs from working together on their Preliminary Invalidity Contentions and Proposed Terms and Claim Elements for Construction on the common patents-in-suit. TPL's dilatory and tactical motives, however, provide no basis for deviating from the sensible sequence established in the Rules, or for prejudicing Plaintiffs' ability to work together to take consistent positions under Rules 3-3 and 4-1. Plaintiffs therefore respectfully request that the Court adopt their proposed schedule (shown on the left side in the following chart).

///

///

///

///

---

[5] Indeed, as the Court pointed out during the CMC: "Three weeks is not a lot of time." *See* p. 22, ll. 13-14, Transcript of Proceedings Held on 01/30/2009 Before Judge Jeremy Fogel.

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF;  - 6 -
5:08-cv-05398 JF

| EVENT | DATE / RULE (if applicable) | |
|---|---|---|
| | **Plaintiffs' Proposed Schedule** | **TPL's Proposed Schedule** |
| Last Day to Serve Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (and related documents) | February 20, 2009 (P.L.R. 3-1, 3-2) | February 11, 2009 (for Acer matter) February 20, 2009 (for Barco matter) (P.L.R. 3-1, 3-2) |
| Last Day to Serve Preliminary Invalidity Contentions (and related documents) | April 6, 2009 (P.L.R. 3-3, 3-4) | March 13, 2009 (for HTC) March 11, 2009 (for Acer) April 6, 2009 (for Barco) (P.L.R. 3-3, 3-4) |
| Last Day to Exchange List of "Proposed Terms and Claim Elements for Construction" | April 20, 2009 (P.L.R. 4-1) | March 9, 2009 (P.L.R. 4-1) |
| Last Day to Exchange "Preliminary Claim Constructions and Extrinsic Evidence" | May 11, 2009 (P.L.R. 4-2) | March 30, 2009 (P.L.R. 4-2) |
| Last Day to File Joint Claim Construction and Prehearing Statement | June 5, 2009 (P.L.R. 4-3) | April 29, 2009 (P.L.R. 4-3) |
| Claim Construction Discovery Closes | July 6, 2009 (P.L.R. 4-4) | May 29, 2009 (P.L.R. 4-4) |
| Defendants' Opening Claim Construction Brief | July 20, 2009 (P.L.R. 4-5a) | June 15, 2009 (P.L.R. 4-5a) |
| Plaintiffs' Responsive Claim Construction Brief | August 3, 2009 (P.L.R. 4-5b) | June 29, 2009 (P.L.R. 4-5b) |
| Defendants' Reply Claim Construction Brief | August 12, 2009 (P.L.R. 4-5c) | July 10, 2009 (P.L.R. 4-5c) |

| EVENT | DATE / RULE (if applicable) | |
|---|---|---|
| | **Plaintiffs' Proposed Schedule** | **TPL's Proposed Schedule** |
| Patent Technology Tutorial* | *If requested by the Court* August 20, 2009 (or at the Court's convenience) | *If requested by the Court* August 3, 2009 (or at the Court's convenience) |
| Claim Construction Hearing | [To Be Determined by the Court's Schedule] | [To Be Determined by the Court's Schedule] |
| Status Conference | Three weeks after Claim Construction Hearing | Three weeks after Claim Construction Hearing |
| Final Infringement Contentions | Per P.L.R. 3-6 (30 days after claim construction ruling) | Per P.L.R. 3-6 (30 days after claim construction ruling) |
| Final Invalidity Contentions | Per P.L.R. 3-6 (50 days after claim construction ruling) | Per P.L.R. 3-6 (50 days after claim construction ruling) |
| Defendants to serve willfulness documents; opinion of counsel | Per P.L.R. 3-8 (50 days after claim construction ruling) | Per P.L.R. 3-8 (50 days after claim construction ruling) |
| Close of Fact Discovery | 6 months after final Invalidity Contentions | 6 months after final Invalidity Contentions |
| Initial Expert Reports | 30 days after Close of Fact Discovery | 30 days after Close of Fact Discovery |
| Rebuttal Expert Reports | 30 days after Initial Expert Reports | 30 days after Initial Expert Reports |
| Close of Expert Discovery | 2 weeks after Rebuttal Expert Reports | 2 weeks after Rebuttal Expert Reports |
| Trial | Summer of 2010 (or to be determined by the Court's schedule) | Defendants request a trial date during the 1st quarter of 2010 |

Dated: February 27, 2009                        K&L GATES LLP

By:      /s/ Timothy Paar Walker
       Timothy Paar Walker

Attorneys for Plaintiffs
ACER, INC., ACER AMERICA CORPORATION AND GATEWAY, INC.

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF;    - 8 -
5:08-cv-05398 JF

| | | |
|---|---|---|
| 1 | Dated: February 27, 2009 | FARELLA BRAUN & MARTEL LLP |
| 2 | | By:  /s/ John L. Cooper  |
| | | John L. Cooper |
| 3 | | |
| 4 | | Attorneys for Defendants |
| | | TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED |
| 5 | | |
| | Dated: February 27, 2009 | KIRBY NOONAN LANCE & HOGE |
| 6 | | |
| | | By:  /s/ Charles T. Hoge  |
| 7 | | Charles T. Hoge |
| 8 | | Attorneys for Defendant |
| | | PATRIOT SCIENTIFIC CORPORATION |
| 9 | | |
| | Dated: February 27, 2009 | NIXON PEABODY LLP |
| 10 | | |
| | | By:  /s/ Ronald Lopez  |
| 11 | | Ronald Lopez |
| 12 | | Attorneys for Defendants |
| | | TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED |
| 13 | | |
| 14 | Dated: February 27, 2009 | WHITE & CASE LLP |
| 15 | | By:  /s/ Kyle Chen  |
| | | Kyle Chen |
| 16 | | |
| | | Attorneys for Plaintiffs |
| 17 | | HTC CORPORATION and HTC AMERICA, INC. |
| 18 | | |
| | Dated: February 27, 2009 | BAKER & MACKENZIE |
| 19 | | |
| | | By:  /s/ Edward K. Runyan  |
| 20 | | Edward K. Runyan |
| 21 | | Attorneys for Plaintiff |
| | | BARCO, N.V. |

JOINT MOTION RE: CASE SCHEDULE
Case Nos. 5:08-cv-00877 JF; 5:08-cv-00822 JF; 5:08-cv-05398 JF         - 9 -