Daniel J. O'Connor (*Pro Hac Vice*)
Edward K. Runyan (*Pro Hac Vice*)
**BAKER & MCKENZIE LLP**
One Prudential Plaza
130 East Randolph Drive
Chicago, IL 60601
Telephone: +1 312 861 8000
daniel.j.oconnor@bakernet.com
edward.k.runyan@bakernet.com

Tod L. Gamlen (SBN 83458)
**BAKER & MCKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94303-1044
Telephone: +1 650 856 2400
tod.l.gamlen@bakernet.com

Attorneys for Plaintiff

BARCO N.V.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **BARCO N.V.**, a Belgian corporation<br><br>Plaintiff,<br><br>v.<br><br>**TECHNOLOGY PROPERTIES LTD.,**<br><br>**PATRIOT SCIENTIFIC CORP.**, and<br><br>**ALLIACENSE LTD.,**<br><br>Defendants. | Case No. **C 08 05398 JF**<br><br>**PLAINTIFF BARCO'S ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

**PLAINTIFF BARCO'S ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

The Defendants Barco Federal Systems, LLC and Barco, N.V. (collectively, "Barco"), hereby state as follows by way of its Answer to the Affirmative Defenses and Counterclaims of Defendants. ("the Counterclaim Complaint"):

**RESPONSES TO AFFIRMATIVE DEFENSES:**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff Barco has infringed the '584, '749, and '890 patents.

**Response:**   Denied.

### SECOND AFFIRMATIVE DEFENSE

The '584, '749, and '890 patents are neither invalid nor unenforceable.

**Response:**   Denied.

### THIRD AFFIRMATIVE DEFENSE

The complaint fails to establish that venue is proper in this district.

**Response:**   Denied.

**RESPONSES TO COUNTERCLAIMS:**

### FIRST COUNTERCLAIM

1.   This is a civil action for patent infringement. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

**Response:**   Admitted.

### SECOND COUNTERCLAIM

2.   Counterclaim Plaintiff Technology Properties Limited ("TPL") is a limited liability corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California.

**Response:** Denied.

### THIRD COUNTERCLAIM

3. Counterclaim Plaintiff Patriot Scientific Corporation ("Patriot") is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California.

**Response:** Upon information and belief, admitted.

### FOURTH COUNTERCLAIM

4. Counterclaim Defendant Barco N.V. represented in its complaint that it is a Belgian corporation with its principal place of business in Kortrijk, Belgium.

**Response:** Admitted.

### FIFTH COUNTERCLAIM

5. The Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

**Response:** Admitted.

### SIXTH COUNTERCLAIM

6. Counterclaim Plaintiffs dispute that venue is proper in this district; however, Counterclaim Defendant Barco has committed acts of infringement in this district.

**Response:** Admitted that counterclaim Plaintiffs dispute that venue is proper in this district; denied that Barco has committed acts of infringement in this district.

### SEVENTH COUNTERCLAIM

7. On August 8, 1995, United States Patent No. 5,440,749 entitled "High Performance, Low Cost Microprocessor Architecture" was duly and legally issued. All rights and interest in the '749 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation

to license and enforce the '749 patent. A true and correct copy of the '749 patent is attached hereto as Exhibit A.

**Response:** Barco admits that United States Patent No. 5,440,749 entitled "High Performance, Low Cost Microprocessor Architecture" was issued on August 8, 1995, and that a true and correct copy was attached to Defendants' Answer. Barco denies the balance of this paragraph.

### EIGTH COUNTERCLAIM

8. On June 25, 1996, United States Patent No. 5,530,890 entitled "High Performance, Low Cost Microprocessor" was duly and legally issued. All rights and interest in the '890 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '890 patent. A true and correct copy of the '890 patent is attached hereto as Exhibit B.

**Response:** Barco admits that United States Patent No. 5,530,890 entitled "High Performance, Low Cost Microprocessor" was issued on June 25, 1996, and that a true and correct copy was attached to Defendants' Answer. Barco denies the balance of this paragraph.

### NINTH COUNTERCLAIM

9. On September 15, 1998, United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" was duly and legally issued. All rights and interest in the '336 patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '336 patent. A true and correct copy of the '336 patent is attached hereto as Exhibit C.

**Response:** Barco admits that United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" was issued on September 15,

1998, and that a true and correct copy was attached to Defendants' Answer. Barco denies the balance of this paragraph.

## COUNT I

### (Infringement of U.S. Patent No. 5,440,749)

### ELEVENTH COUNTERCLAIM

11. Upon information and belief, Counterclaim Defendant Barco has infringed and continues to infringe the '749 patent by making, selling, using, and/or importing into the United States chip-based products, for instance, including without limitation, chip-based projectors that embody the patented invention under 35 U.S.C. § 271.

**Response:** Denied.

### TWELFTH COUNTERCLAIM

12. The Counterclaim Defendant's acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the '749 patent. The Counterclaim Defendant's infringement of TPL's and Patriot's exclusive rights under the '749 patent will continue to damage TPL's and Patriot's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

**Response:** Denied.

### THIRTEENTH COUNTERCLAIM

13. TPL and Patriot have given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

**Response:** Admitted.

### FOURTEENTH COUNTERCLAIM

14. TPL and Patriot allege, on information and belief, that the Counterclaim Defendant's acts of infringement were willful and deliberate.

**Response:** Denied.

### COUNT II

### (Infringement of U.S. Patent No. 5,530,890)

### SIXTEENTH COUNTERCLAIM

16. Upon information and belief, Counterclaim Defendant Barco has infringed and continues to infringe the '890 patent by making, selling, using, and/or importing into the United States chip-based products, for instance, including without limitation, projectors and display monitors, that embody the patented invention under 35 U.S.C. § 271.

**Response:** Denied.

### SEVENTEENTH COUNTERCLAIM

17. The Counterclaim Defendant's acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the '890 patent. The Counterclaim Defendant's infringement of TPL's and Patriot's exclusive rights under the '890 patent will continue to damage TPL's and Patriot's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

**Response:** Denied.

### EIGHTEENTH COUNTERCLAIM

18. TPL and Patriot have given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

**Response:**   Admitted.

### NINETEENTH COUNTERCLAIM

19.   TPL and Patriot allege, on information and belief, that the Counterclaim Defendant's acts of infringement were willful and deliberate.

**Response:**   Denied.

### COUNT III

### (Infringement of U.S. Patent No. 5,809,336)

### TWENTY-FIRST COUNTERCLAIM

21.   Upon information and belief, Counterclaim Defendant Barco has infringed and continues to infringe the '336 patent by making, selling, using, and/or importing into the United States chip-based products, for instance, including without limitation, projectors, display digitizers, lighting consoles, media servers, and JPEG encoder/decoder boards, that embody the patented invention under 35 U.S.C. § 271.

**Response:**   Denied.

### TWENTY-SECOND COUNTERCLAIM

22.   The Counterclaim Defendant's acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the '336 patent. The Counterclaim Defendant's infringement of TPL's and Patriot's exclusive rights under the '336 patent will continue to damage TPL's and Patriot's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.19.

**Response:**   Denied.

## TWENTY-THIRD COUNTERCLAIM

23.  TPL and Patriot have given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

**Response:**   Denied.

## TWENTY-FOURTH COUNTERCLAIM

24.  TPL and Patriot allege, on information and belief, that the Counterclaim Defendant's acts of infringement were willful and deliberate.

**Response:**   Denied.

Dated:  April 13, 2009                                      BAKER & McKENZIE LLP


                                                            By:  s/ Edward K. Runyan
                                                                Edward K. Runyan
                                                                Daniel J. O'Connor
                                                                Tod L. Gamlen
                                                                Attorneys for Plaintiff Barco N.V.

## PROOF OF SERVICE

I, Edward K. Runyan, declare I reside in the State of Illinois, over the age of eighteen years, and not a party to the within action; my business address is Baker & McKenzie LLP, 130 East Randolph Drive, Chicago, IL  60601.  On April 13, 2009, the following documents were served:

1. **PLAINTIFF BARCO'S ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

by transmittal through the court's electronic filing system to the e-mail addresses listed below:

| | |
|---|---|
| John L. Cooper<br>Farella Braun & Martel LLP<br>Russ Building, 30th Floor<br>235 Montgomery Street<br>San Francisco , CA 94104<br>415/954-4400<br>Fax: 415-954-4480<br>Email: jcooper@fbm.com | Eugene Y. Mar<br>Farella Braun & Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco , CA 94104<br>(415) 954-4927<br>Fax: (415) 954-4480<br>Email: emar@fbm.com |
| Helen E. Dutton<br>Farella Braun + Martel LLP<br>235 Montgomery Street, 18th Floor<br>San Francisco , CA 94122<br>(415) 954-4400<br>Fax: (415) 954-4480<br>Email: hdutton@fbm.com | Jeffrey M. Fisher<br>Farella Braun & Martel LLP<br>Russ Building, 30th Floor<br>235 Montgomery Street<br>San Francisco , CA 94104<br>415/954-4400<br>Fax: 415-954-4480<br>Email: jfisher@fbm.com |

I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct.

Executed on April 13, 2009, at Chicago, Illinois.

                                                               s/ Edward K. Runyan

PROOF OF SERVICE
CASE NO. C 08-05398 JF