| | |
|---|---|
| John L. Cooper (State Bar No. 050324)<br>jcooper@fbm.com<br>Jeffrey M. Fisher (State Bar No. 155284)<br>jfisher@fbm.com<br>Eugene Y. Mar (State Bar No. 227071)<br>emar@fbm.com<br>**Farella Braun & Martel LLP**<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br><br>Attorneys for Defendants<br>TECHNOLOGY PROPERTIES LIMITED<br>and ALLIACENSE LIMITED<br><br>Charles T. Hoge, Esq. (State Bar No. 110696)<br>choge@knlh.com<br>Kirby Noonan Lance & Hoge<br>35 Tenth Avenue<br>San Diego, CA 92101<br>Telephone: (619) 231-8666<br>Facsimile: (619) 231-9593<br><br>Attorneys for Defendant<br>PATRIOT SCIENTIFIC CORPORATION | Timothy P. Walker (SBN 105001)<br>timothy.walker@klgates.com<br>Harold H. Davis, Jr. (SBN 235552)<br>harold.davis@klgates.com<br>Jas Dhillon (SBN 252842)<br>jas.dhillon@klgates.com<br>**K&L GATES LLP**<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111-5994<br>Telephone: 415.882.8200<br>Facsimile: 415.882.8220<br><br>Attorneys for Plaintiffs<br>ACER, INC., ACER AMERICA<br>CORPORATION and GATEWAY, INC.<br><br>Daniel J. O'Connor (*Pro Hac Vice*)<br>Edward K. Runyan (*Pro Hac Vice*)<br>**BAKER & MCKENZIE LLP**<br>One Prudential Plaza<br>130 East Randolph Drive<br>Chicago, IL 60601<br>Telephone: +1 312 861 8000<br>daniel.j.oconnor@bakernet.com<br>edward.k.runyan@bakernet.com<br><br>Tod L. Gamlen (SBN 83458)<br>**BAKER & MCKENZIE LLP**<br>660 Hansen Way<br>Palo Alto, CA 94303-1044<br>Telephone: +1 650 856 2400<br>tod.l.gamlen@bakernet.com<br><br>Attorneys for Plaintiff<br>BARCO N.V. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| BARCO, N.V.,<br>           Plaintiff,<br>    v.<br>TECHNOLOGY PROPERTIES LIMITED,<br>PATRIOT SCIENTIFIC CORPORATION,<br>and ALLIACENSE LIMITED, | Case No. 5:08-CV-05398 JF |

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT; Case No. 5:08-cv-00877 (JF)

23129\2031525.2

|  |  |
|---|---|
| Defendants. | Case No. 5:08-cv-00877 JF |
| ACER, INC., ACER AMERICA CORPORATION AND GATEWAY, INC., Plaintiffs, v. TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, Defendants. | **SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: September 18, 2009 <br> Time: 10:30 a.m. <br> Dept: Courtroom 3, 5th Floor <br> Before: Honorable Jeremy Fogel |

Defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation, and Alliacense Limited (collectively, "Defendants"), along with Plaintiffs Acer, Inc., Acer America Corporation and Gateway, Inc. ("Acer") and Barco, N.V. ("Barco") hereby submit the following Supplemental Joint Case Management Conference Statement in advance of the Conference scheduled for September 18, 2009.

**Procedural Background**

On May 1, 2009, Plaintiff Acer filed a Motion to Stay All Proceedings Pending Reexamination of the Patents-In-Suit. HTC filed a similar motion in the related action, 5:08-cv-00882 JF. On June 17, the Court granted a 90-day stay in the Acer and HTC cases, and *sua sponte* ordered a corresponding stay in the Barco matter.

**Current Status Of Patents-In-Suit**

The five patents-in-suit have collectively been the subject of 13 separate requests for reexamination since September 2006. The following developments have occurred since the Court's June 17 Order staying the case:

**1.    '336 Patent**

A total of five requests for reexamination have been filed on the '336 patent. Three requests are currently pending.

a. Reexam # 90/008,237 (NEC filed 9/21/2006); Reexam # 90/008,306 (Toshiba filed on 10/19/2006); Reexam # 90/008,474 (Public Patent Foundation filed on 01/30/2007)[1]:

---

[1] These three reexamination requests were merged into a single proceeding on April 11, 2008.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

On August 14, 2009, the Examiner published the summary of an August 6, 2009 interview stating that asserted claims 1, 6, and 10 would be allowed as amended by the examiner. The summary does not indicate the proposed amendment suggested by the examiner. Asserted claims, 3, 7, and 9 would be canceled.

On August 19, the PTO granted TPL's request for a one month extension of time, to September 23, to file an appeal brief pending the possible issuance of a Notice of Intent to Issue Ex Parte Reexamination Certificate ("NIRC"). The PTO has not yet issued a NIRC.

b. Reexam # 90/009,457 (Fish & Richardson filed 4/24/2009)

On July 23, 2009, the PTO vacated this reexamination request as incomplete. The PTO permitted the petitioner one month to correct its request. On August 25, the petitioner filed a corrected reexamination request that is currently pending.

c. Reexam # 90/010,551 (White & Case filed on 5/22/2009)

Reexamination was denied on July 31, 2009. The PTO has given the requestor one month to request review with the Commissioner.

**2.    '584 Patent**

a. Reexam # 90/008,225 and Reexam # 90/008,299[2]

A Reexamination Certificate issued on July 21, 2009, with amended Claim 29. Defendants have not asserted infringement of the '584 patent in a counterclaim.

**3.    '749 Patent**

a. Reexam # 90/009,034 (ARM filed on 2/11/2008)

On July 17 and 21, TPL submitted 524 documents for a total of 39,487 pages of prior art material for the examiner to consider as part of the reexamination.

b. Reexam # 90/009,389 (Fish & Richardson filed on 01/16/2009)

Reexamination was ordered on April 8, 2009.

c. Reexam # 90/010,520 (HTC filed on 4/30/2009)

The PTO granted a reexamination request on July 24, 2009 based on a determination that nine references raised substantial questions of patentability regarding all the asserted claims.

**4.    '148 Patent**

---

[2] These two reexamination proceedings merged into a single proceeding on June 14, 2007.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT; Case No. 5:08-cv-00877 (JF)

- 3 -

23129\2031525.2

Two reexaminations are still pending.

a. <u>Reexam #90/008,227</u> (NEC filed on 9/21/2006)

On July 2 and 3, TPL submitted 286 documents for a total of 32,359 pages of prior art material for the examiner to consider as part of the reexamination.

b. <u>Reexam #90/010,562</u> (HTC filed on 5/29/2009)

There have been no significant changes since the parties last reported to the Court.

**5.    '890 Patent**

a. <u>Reexam #90/009,388</u> (Fish & Richardson filed on 1/16/2009)

There have been no significant changes since the parties last reported to the Court that a reexamination had been ordered on April 8, 2009.

**ACER'S STATEMENT**

There has not been sufficient activity in the reexaminations to warrant lifting the stay of this case. The Court stayed the action for three months on the basis that a limited stay may provide additional intrinsic evidence relevant to claim construction. The remaining patents-in-suit[3] are still in various stages of reexamination at the PTO and an additional three month stay would be beneficial to allow final actions for the remaining patents-in-suit. Further, a three month stay would essentially start this case at the beginning of the year, after the winter holidays, thus preventing scheduling difficulties should the case proceed.

Acer/Gateway has not participated in any of the filed reexaminations.

**BARCO'S STATEMENT**

Barco is not in favor of a lengthy or indefinite stay in this case, and is prepared to proceed as soon as the Court lifts the stay. In accordance with Barco's earlier motion to be excused from the ADR process, Barco maintains its view that, due to the complex nature of this case, no form of ADR would be appropriate.

**DEFENDANTS' STATEMENT**

Not surprisingly, Acer seeks a continuance of the stay, creating the spectre of a prolonged, indefinite stay that the Court warned against during the hearing on Plaintiffs' motion to stay. A

---

[3] TPL has made no claim of infringement against Plaintiffs as to the '584 patent.

lengthy stay, or even a 90-day stay, is inappropriate given the PTO's recent action on the re-examination of the '336 patent. The patent examiner has assured TPL on multiple occasions that the PTO will issue a Notice of Intent to Issue a Reexamination Certificate ("NIRC") within the next few weeks for the '336 patent, effectively concluding all re-examinations on that patent. First, at the August 6, 2009 examiner interview, the patent examiner reached an agreement with TPL regarding the patentability of asserted claims 1, 6, and 10 in addition to claims 11-12, 16-17, and 19-20 from the '336 patent. The examiner further indicated that all outstanding issues were resolved regarding the '336 patent and that he would shortly issue a NIRC. Second, the patent examiner's published interview notes, which were posted on August 13, 2009, confirm that the PTO intends to reissue the aforementioned claims from the '336 patent and that the examiner would prepare the NIRC action. Third, the patent examiner re-confirmed on a teleconference with TPL in the last week that he intends to issue the NIRC on the '336 patent in the next few weeks.

Thus, the Defendants have a reasonable basis to believe that the '336 patent will reissue shortly. Therefore, the Defendants support a brief extension of the current stay, no longer than 45 days, to allow that to occur as the issuance of the NIRC may expedite the eventual resolution of this action. TPL opposes an indefinite stay or another 3-month stay pending final conclusion of the various reexamination proceedings, as all indications are that TPL's adversaries have seized upon the reexamination process to tie these patents up inside the PTO for an extended period of time, and there is no timetable for the resolution of all the other pending re-examinations. Nevertheless, TPL acknowledges that clarity on the '336 patent's claims may expedite the eventual resolution of this dispute.

Furthermore, the pending allowance of the '336 patent claims may impact settlement positions. Those claims closely track Judge Ward's already-issued claim constructions, and will likely act to expedite the claim construction process.

Thereafter, this case should resume as quickly as possible. As shown by the three additional requests for reexamination filed just since the Motions to Stay were first brought in early May, either the litigants, their unidentified allies, or others interested in thwarting TPL's

1  abilities to license its MMP portfolio are determined to tie up the patents in an endless stream of
2  requests for reexamination.  Furthermore, the PTO has made it clear that the more than 700
3  references asserted against the '336 patent by the five different petitioners[4] is not only exhaustive
4  but not relevant, and will not be further considered.

---

[4] As noted in the description of the reexamination proceedings above, TPL submitted the Plaintiffs' prior art references disclosed in this litigation relative to the '749 and '148 patents to the PTO for consideration during the reexamination process.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT; Case No.  5:08-cv-00877 (JF)

- 6 -

23129\2031525.2

| | |
|---|---|
| Dated: September 8, 2009 | K&L GATES LLP |

By: /s/ Harold H. Davis, Jr.
    Timothy P. Walker
    Harold H. Davis, Jr.

Attorneys for Plaintiffs
ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.

BAKER & McKENZIE LLP

By: /s/ Edward Runyan
    Edward K. Runyan
    Daniel J. O'Connor
    Tod L. Gamlen

Attorneys for Plaintiff Barco N.V.

FARELLA BRAUN & MARTEL LLP

By: /s/ John Cooper
    John L. Cooper

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED

I represent that concurrence in the filing of this document has been obtained from each of the other signatories which shall serve in lieu of their signatures on this document.

KIRBY NOONAN LANCE & HOGE, LLP

By: /s/ Charles Hoge
    Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; Case No. 5:08-cv-00877 (JF)

- 7 -

23129\2031525.2