# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BARCO N.V., a Belgian Corporation<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., and ALLIACENSE LTD.,<br><br>Defendants. | Case No. 08-5398-JF (HRL)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTION TO DISMISS COUNT ONE OF THE COMPLAINT<br><br>[re: document nos. 67-70] |

Defendants move to dismiss Count One of Plaintiff's complaint. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on February 12, 2010. For the reasons discussed below, the motion is granted.

## I. BACKGROUND

Plaintiff Barco N.V. ("Barco") seeks a judicial declaration that United States Patents 5,784,584 ("the '584 patent"); 5,440,749 ("the '749 patent"); and 5,530,890 ("the '890 patent") are invalid and not infringed by the following Barco products: iCon H500; iCon H250; iD R600+; and SIM 5R ("Barco Products"). The patents are owned jointly by Defendants

---

[1] This disposition is not designated for publication in the official reports.

Technology Properties Ltd. ("TPL") and Patriot Scientific Corp. ("Patriot"); Defendant Alliacense Ltd. ("Alliacense") licenses these patents to third parties on behalf of TPL and Patriot.

On April 21, 2009, the United States Patent and Trademark Office ("USPTO") gave notice of its intent to reexamine the '584 patent. On December 1, 2008, while that reexamination was pending, Barco filed the instant action. On February 17, 2009, Defendants counter-claimed for infringement of the '749 patent, the '890 patent, and United States patent 5,809,336 ("the '336 patent"). Defendants did not counter-claim based on the '584 patent. On July 21, 2009, the '584 patent emerged from reexamination with an amended Claim 29.[2] On November 4, 2009, the USPTO denied a further request for reexamination.[3]

## II. MOTION TO DISMISS

**A.  Legal Standard**

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations" of the litigants in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). An "actual controversy" under the Declaratory Judgment Act is a matter that is a case or controversy under Article III of the Constitution. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation and citation omitted). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)

---

[2] Mar Declaration, Ex. D. The Court takes judicial notice of this fact pursuant to Fed. R. Evid. 201(b) because the fact is not disputed and is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

[3] Mar Declaration, Ex. E. The Court takes judicial notice of this fact pursuant to Fed. R. Evid. 201(b) because the fact is not disputed and is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

2

**B.    Defendants' covenant not to sue**

In their reply papers, Defendants proffer the following covenant not to sue:

> Technology Properties Limited and Patriot Scientific Corporation, each on behalf of itself and any successors-in-interest to U.S. Patent No. 5,784,584 ("the '584 patent"), hereby unconditionally and irrevocably covenant not to assert at any time any claim of patent infringement including direct infringement, contributory infringement and/or inducing infringement against Barco N.V. under any claim of the '584 patent as they currently read, and any claim in any reissued or reexamined version of the '584 patent that is the same as, or substantially identical to, any claim of the '584 patent as it currently reads, against any products made, used, offered for sale, sold, or imported into the United States by Barco currently or at any time prior to the date of this covenant.

Def.'s Reply Appendix A.

Defendants contend that this covenant divests the Court of Article III jurisdiction. In *Benitec*, the patentee "covenant[ed] and promis[ed] not to sue Nucleonics for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action . . . ." *Benitec*, 495 F.3d at 1343. The court found that the covenant not to sue in the future for infringement based on then-existing products was sufficient to divest the court of Article III jurisdiction. *Id.* at 1348. The fact that the patentee could sue for infringement based on future products did not create jurisdiction where the plaintiff had not engaged in sufficient steps to prepare to make, use, sell, or offer to sell future products. *Id.* at 1348-49.

Defendants' proffered covenant is essentially similar. Defendants have covenanted not to sue in the future for infringement based on products currently in existence. While Defendants do appear to reserve the right to sue for infringement of the '584 patent if subsequent events render the claims not "substantially identical" to the claims as they currently read, this difference is immaterial; because the USPTO recently denied a request for further reexamination of the '584 patent, the potential that the claim language could change lacks sufficient immediacy and reality to create jurisdiction.

**C.    Barco's potential claim for attorneys' fees**

The parties dispute whether the Court retains jurisdiction over Barco's potential claim for attorneys' fees under 35 U.S.C. § 285.  Because Barco has not yet made such a claim, the Court declines to issue an advisory opinion.

IT IS SO ORDERED.

DATED: 2/19/2010

JEREMY FOGEL
United States District Judge