**\*\* E-filed July 20, 2010 \*\***

1   John L. Cooper (State Bar No. 050324)          Daniel J. O'Connor (Pro Hac Vice)
        jcooper@fbm.com                                daniel.j.oconnor@bakernet.com
2   Jeffrey M. Fisher (State Bar No. 155284)       Edward K. Runyan (Pro Hac Vice)
        jfisher@fbm.com                                edward.k.runyan@bakernet.com
3   Eugene Y. Mar (State Bar No. 227071)           Baker & McKenzie LLP
        emar@fbm.com                               One Prudential Plaza
4   Farella Braun & Martel LLP                     130 East Randolph Drive
    235 Montgomery Street, 17th Floor              Chicago, IL 60601
5   San Francisco, CA  94104                       Telephone:  (312) 861-8000
    Telephone:  (415) 954-4400
6   Facsimile:  (415) 954-4480                     Tod L. Gamlen (SBN 83458)
                                                       tod.l.gamlen@bakernet.com
7   Attorneys for Defendants                       Baker & Mckenzie LLP
    TECHNOLOGY PROPERTIES LIMITED                  660 Hansen Way
8   and ALLIACENSE LIMITED                         Palo Alto, CA 94303-1044
                                                   Telephone:  (650) 856-2400
9
                                                   Attorneys for Plaintiff
10                                                 BARCO N.V.

11  Charles T. Hoge (110696)
        choge@knlh.com
12  Kirby Noonan Lance & Hoge LLP
    350 Tenth Avenue, Suite 1300
13  San Diego, California 92101-8700
    Telephone: (619) 231-8666
14  Facsimile: (619) 231-9593

15  Attorneys for Defendant
    PATRIOT SCIENTIFIC
16

17                 UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                       SAN JOSE DIVISION

20  BARCO, N.V.,                              Case No. 5:08-cv-05398 JF

21                  Plaintiff,                ~~[PROPOSED]~~ STIPULATED
            v.                                PROTECTIVE ORDER
22                                            AS AMENDED BY THE COURT
    TECHNOLOGY PROPERTIES LIMITED,
23  PATRIOT SCIENTIFIC CORPORATION,
    and ALLIACENSE LIMITED,
24
                    Defendants.
25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

~~[PROPOSED]~~ STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF

WHEREAS, Plaintiff Barco N.V. ("Barco") and Defendants Technology Properties Limited, Patriot Scientific Corporation and Alliacense Limited LLC (collectively "Defendants"), by and through their respective counsel of record, hereby **STIPULATE AND AGREE** that the Court may enter the following order:

<u>**STIPULATED PROTECTIVE ORDER**</u>

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 *and General Order 62* sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c). Further, the only portions of Defendants' Infringement Contentions that should be treated as "confidential" are what defendants crafted themselves (i.e. any reverse-

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

~~[PROPOSED]~~ STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                                    - 1 -

engineering reports, etc.) as well as whatever works, notes, markings, highlighting, conclusions or observations they added to the Infringement Contentions documents.

2.4     "Highly Confidential -Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential -Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12    Employee of the Receiving Party: a person who is an employee of the receiving party who assists with evaluating or maintaining this litigation and who is not involved with

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                    - 2 -

1    patent prosecution or the technical research and development of products.  For the avoidance of

2    doubt, this person will not be barred from providing general business advice to the receiving

3    party.

4    **3.      SCOPE**

5            The protections conferred by this Stipulation and Order cover not only Protected Material

6    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

7    excerpts, summaries, or compilations thereof, plus testimony, conversations; or presentations by

8    parties or counsel to or in court or in other settings that might reveal Protected Material.

9    **4.      DURATION**

10           Even after the termination of this litigation, the confidentiality obligations imposed by this

11   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12   otherwise directs.  **For a period of six months after final termination of this action, this court**

13   **shall retain jurisdiction to enforce the terms of this order.**

14   **5.      DESIGNATING PROTECTED MATERIAL**

15           5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

16   or non-party that designates information or items for protection under this Order must take care to

17   limit any such designation to specific material that qualifies under the appropriate standards. A

18   Designating Party must take care to designate for protection only those parts of material,

19   documents, items, or oral or written communications that qualify so that other portions of the

20   material, documents, items, or communications for which protection is not warranted are not

21   swept unjustifiably within the ambit of this Order.

22           Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

23   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

24   unnecessarily encumber or retard the case development process, or to impose unnecessary

25   expenses and burdens on other parties), expose the Designating Party to sanctions.

26           If it comes to a Party's or a non-party's attention that information or items that it

27   designated for protection do not qualify for protection at all, or do not qualify for the level of

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF          - 3 -

1  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

2  withdrawing the mistaken designation.

3      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

4  (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

5  material that qualifies for protection under this Order must be clearly so designated before the

6  material is disclosed or produced.

7      Designation in conformity with this Order requires:

8      (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

9  or other pretrial or trial proceedings), that the Producing Party affix the legend

10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each

11 page that contains protected material.  If only a portion or portions of the material on a page

12 qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

13 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

14 level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

15 ATTORNEYS' EYES ONLY").

16     A Party or non-party that makes original documents or materials available for

17 inspection need not designate them for protection until after the inspecting Party has indicated

18 which material it would like copied and produced.  During the inspection and before the

19 designation, all of the material made available for inspection shall be deemed "HIGHLY

20 CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

21 the documents it wants copied and produced, the Producing Party must determine which

22 documents, or portions thereof, qualify for protection under this Order, then, before producing the

23 specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL"

24 or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that contains

25 Protected Material. If only a portion or portions of the material on a page qualifies for protection,

26 the Producing Party also must clearly identify the protected portion(s) (e.g., by making

27 appropriate markings in the margins) and must specify, for each portion, the level of protection

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                - 4 -

1    being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS'

2    EYES ONLY").

3          (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

4    that the Party or non-party offering or sponsoring the testimony identify on the record, before the

5    close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

6    any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS'

7    EYES ONLY." When it is impractical to identify separately each portion of testimony that is

8    entitled to protection, and when it appears that substantial portions of the testimony may qualify

9    for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

10   the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

11   identify the specific portions of the testimony as to which protection is sought and to specify the

12   level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

13   ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

14   designated for protection within the 20 days shall be covered by the provisions of this Stipulated

15   Protective Order.

16         Transcript pages containing Protected Material must be separately bound by the

17   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

18   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or

19   nonparty offering or sponsoring the witness or presenting the testimony.

20         (c)    <u>for information produced in some form other than documentary, and for</u>

21   <u>any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the

22   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

23   or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." If only portions of the

24   information or item warrant protection, the Producing Party, to the extent practicable, shall

25   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

26   Confidential — Attorneys' Eyes Only."

27         5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

28   designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                    - 5 -

1  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

2  under this Order for such material.  If material is appropriately designated as "Confidential" or

3  "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the

4  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

5  that the material is treated in accordance with the provisions of this Order.

6  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7       6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

8  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

9  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

10  waive its right to challenge a confidentiality designation by electing not to mount a challenge

11  promptly after the original designation is disclosed.

12       6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

13  Party's confidentiality designation must do so in good faith and must begin the process by

14  conferring **directly (in a voice-to-voice dialogue; other forms of communication are not**

15  **sufficient)** with counsel for the Designating Party.  In conferring, the challenging Party must

16  explain the basis for its belief that the confidentiality designation was not proper and must give

17  the Designating Party an opportunity to review the designated material, to reconsider the

18  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

19  designation. A challenging Party may proceed to the next stage of the challenge process only if it

20  has engaged in this meet and confer process first.

21       6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality

22  designation after considering the justification offered by the Designating Party may file and serve

23  a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

24  that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

25  such motion must be accompanied by a competent declaration that affirms that the movant has

26  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

27  forth with specificity the justification for the confidentiality designation that was given by the

28  Designating Party in the meet and confer dialogue.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                    - 6 -

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's original designation.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      the officers, directors, and employees of the Receiving Party (as defined it this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      the Court and its personnel;

[PROPOSED] STIPULATED PROTECTIVE ORDER; Case No. 5:08-cv 05398 JF              - 7 -

1      (e)    court reporters, their staffs, and professional vendors to whom disclosure is

2 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3 Protective Order" (Exhibit A);

4      (f)    during their depositions, witnesses in the action to whom disclosure is

5 reasonably necessary **and who have signed the "Agreement to Be Bound by Protective**

6 **Order" (Exhibit A)**. Pages of transcribed deposition testimony or exhibits to depositions that

7 reveal Protected Material must be separately bound by the court reporter and may not be

8 disclosed to anyone except as permitted under this Stipulated Protective Order;

9      (g)    the author or recipient of the document or the original source of the

10 information;

11      (h)    officers, directors, and employees of the Designating Party; and

12      (i)    manufacturers, vendors, or suppliers of the component parts identified in

13 Defendants' Infringement Contentions, who have signed the "Agreement to Be Bound by

14 Protective Order" (Exhibit A).

15      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"</u>

16 <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the

17 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18 CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

19      (a)    the Receiving Party's Outside Counsel of record in this action, as well as

20 employees of said Outside Counsel to whom it is reasonably necessary to disclose the information

21 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

22 attached hereto as Exhibit A;

23      (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

24 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

25 Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

26 been followed;

27      (c)    the Court and its personnel;

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF    - 8 -

1  (d)    court reporters, their staffs, a jury, and professional vendors to whom

2  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

3  Bound by Protective Order" (Exhibit A); and

4  (e)    the author or recipient of the document or the original source of the

5  information.

6  7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL —

7  ATTORNEYS' EYES ONLY" Information or Items to "Experts".

8  (a)    Unless otherwise ordered by the court or agreed in writing by the

9  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

10  information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

11  EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

12  HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to

13  the Expert, (2) attaches a copy of the Expert's current resume which identifies the full name of

14  the Expert and the city and state of his or her primary residence, the name of the expert's current

15  Employer and Employers for the past 10 years, and (3) a copy of the Agreement to Be Bound by

16  Protective Order" (Exhibit A) signed by the Expert.

17  (b)    A Party that makes a request and provides the information specified in the

18  preceding paragraph must refrain from providing such material to the Expert for a period of five

19  business days to permit the Designating Party to file a written objection to the disclosure and, if

20  necessary seek a protective order.  Any such objection must set forth in detail the grounds on

21  which it is based.  If the Designating Party fails to make a written objection within five business

22  days, the Receiving Party may disclose the specifically identified "HIGHLY CONFIDENTIAL.

23  — ATTORNEYS' EYES ONLY" information or item to its Expert.

24  (c)    A Party that receives a timely written objection must meet and confer with

25  the Designating **(through direct voice-to-voice dialogue)** Party to try to resolve the matter by

26  agreement.  If no agreement is reached, the Party opposing disclosure to the Expert may file a

27  motion, within three days of filing the objection, as provided in Civil Local Rule 7 (and in

28  compliance with Civil Local Rule 79-5, if applicable) seeking an order from the court barring

[PROPOSED] STIPULATED PROTECTIVE                    - 9 -
ORDER; Case No. 5:08-cv 05398 JF

1    such disclosure. Any such motion must describe the circumstances with specificity, set forth in

2    detail the reasons for which the disclosure to the Expert is not reasonably necessary, assess the

3    risk of harm that the disclosure would entail and suggest any additional means that might be used

4    to reduce that risk. In addition, any such motion must be accompanied by a competent

5    declaration in which the movant describes the parties' efforts to resolve the matter by agreement

6    (Le., the extent and the content of the meet and confer discussions) and sets forth the reasons

7    advanced by the Designating Party for its refusal to approve the disclosure.

8         In any such proceeding the Party opposing disclosure to the Expert shall bear the

9    burden of proving that the risk of harm that the disclosure would entail (under the safeguards

10   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

11   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

12

13        If a Receiving Party is served with a subpoena or an order issued in other litigation that

14   would compel disclosure of any information or items designated in this action as

15   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," the

16   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

17   and in no event more than three court days after receiving the subpoena or order. Such

18   notification must include a copy of the subpoena or court order.

19        The Receiving Party also must immediately inform in writing the Party who caused the

20   subpoena or order to issue in the other litigation that some or all the material covered by the

21   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

22   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

23   caused the subpoena or order to issue.

24        The purpose of imposing these duties is to alert the interested parties to the existence of

25   this Protective Order and to afford the Designating Party in this case an opportunity to try to

26   protect its confidentiality interests in the court from which the subpoena or order issued. The

27   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

~~[PROPOSED]~~ STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                    - 10 -

1   confidential material and nothing in these provisions should be construed as authorizing or

2   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3   **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5   Material to any person or in any circumstance not authorized under this Stipulated Protective

6   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

8   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

9   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

10  Be Bound" that is attached hereto as Exhibit A.

11  **10.     FILING PROTECTED MATERIAL**

12         Without written permission from the Designating Party or a court order secured after

13  appropriate notice to all interested persons, a Party may not file in the public record in this action

14  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

15  with Civil Local Rule 79-5 and General Order 62.

16  **11.     FINAL DISPOSITION**

17         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

18  after the final termination of this action, each Receiving Party must return or destroy all Protected

19  Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

20  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

21  the Protected Material.  With permission in writing from the Designating Party, the Receiving

22  Party may destroy some or all of the Protected Material instead of returning it.  Whether the

23  Protected Material is returned or destroyed, the Receiving Party must submit a written

24  certification to the Producing Party (and, if not the same person or entity, to the Designating

25  Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

26  Material that was returned or destroyed and that affirms that the Receiving Party has not retained

27  any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

28  the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                    - 11 -

1   archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

2   attorney work product, even if such materials contain Protected Material.  Any such archival

3   copies that contain or constitute Protected Material remain subject to this Protective Order as set

4   forth in Section 4 (DURATION), above.

5   **12.      PRIVILEGED DOCUMENTS**

6           If information subject to a claim of attorney-client privilege, attorney work product or any

7   other ground on which production of such information should not have been but is nevertheless

8   inadvertently produced to a party, such production shall in no way prejudice or otherwise

9   constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for

10  withholding production to which the Producing Party would otherwise be entitled.  If a claim of

11  inadvertent production is made with respect to information then in the custody of another party,

12  such party shall promptly return, sequester, or destroy the specified information and any copies it

13  has.  The Receiving Party must take reasonable steps to retrieve the specified information if the

14  party disclosed it before being notified.  Such information shall not be used by the Receiving

15  Party for any purpose other than in connection with a motion to compel (which shall be filed

16  under seal). The party returning such material may then move the Court for an Order compelling

17  production of the material, which shall be filed under seal, and said motion shall not assert as a

18  ground for entering such an Order the fact or circumstances of the inadvertent production.

19  **13.      MISCELLANEOUS**

20          13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

21  seek its modification by the Court in the future.

22          13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

23  Order no Party waives any right it otherwise would have to object to disclosing or producing any

24  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

25  no Party waives any right to object on any ground to use in evidence of any of the material

26  covered by this Protective Order.

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                     - 12 -

1    Dated:  July 14, 2010                      FARELLA BRAUN & MARTEL LLP

2

3                                               By:  /s/ John L. Cooper
                                                     John L. Cooper
4
                                                Attorneys for Defendant
5                                               TECHNOLOGY PROPERTIES LIMITED and
                                                ALLIACENSE LIMITED
6

7    Dated:  July 14, 2010                      KIRBY NOONAN LANCE & HOGE LLP

8

9                                               By:  /s/ Charles T. Hoge
                                                     Charles T. Hoge
10
                                                Attorneys for Defendant
11                                              PATRIOT SCIENTIFIC

12
     Dated:  July 14, 2010                      BAKER & MCKENZIE LLP
13

14
                                                By:  /s/ Edward K. Runyan
15                                                   Edward K. Runyan

16                                              Attorneys for Plaintiff
                                                BARCO N.V.
17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF              - 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X, Subparagraph B, the undersigned attests that all parties have concurred in the filing this [PROPOSED] STIPULATED PROTECTIVE ORDER.

Dated:  July 14, 2010                          FARELLA BRAUN & MARTEL LLP


By:  /s/ John L. Cooper
          John L. Cooper

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED and
ALLIACENSE LIMITED


PURSUANT TO STIPULATION IT IS SO ORDERED:

| Dated: July 20, 2010 | |
|---|---|
| | The Honorable Howard R. Lloyd |
| | United States Magistrate Judge |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF                      - 14 -

1

**EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety and understand

5  the Stipulated Protective Order that was issued by the United States District Court for the

6  Northern District of California on [date] in the case of *Barco N.V. v. Technologies Properties*

7  *Limited, et al.*, Case No. 05-05398 JF. I agree to comply with and to be bound by all the terms of

8  this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

9  expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

10  not disclose in any manner any information or item that is subject to this Stipulated Protective

11  Order to any person or entity except in strict compliance with the provisions of this Order.

12    **I further understand that the only portions of Defendants' Infringement Contentions**

13  **that should be treated as "confidential" are what defendants crafted themselves (i.e. any**

14  **reverse-engineering reports, etc) as well as whatever works, notes, markings, highlighting,**

15  **conclusions or observations they added to the Infringement Contentions documents.**

16  **Accordingly, the publicly available information in Defendants' Infringement Contentions,**

17  **including a third party's own information and data, should not be treated as confidential.**

18    I further agree to submit to the jurisdiction of the United States District Court for the

19  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

20  Order, even if such enforcement proceedings occur after termination of this action.

21  Date: _____

22  City and State where sworn and signed: _____

23  Printed name: _____

24                    [printed name]

25  Signature: _____
                    [signature]

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

~~[PROPOSED]~~ STIPULATED PROTECTIVE
ORDER; Case No. 5:08-cv 05398 JF

- 15 -