**E-Filed 9/10/2010**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BARCO N.V., a Belgian Corporation<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., and ALLIACENSE LTD.,<br><br>Defendants. | Case No. 5:08-cv-05398-JF/HRL<br><br>ORDER[1] (1) GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT WITH RESPECT TO UNITED STATES PATENT NO. 5,784,584 AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br>[Document Nos. 79, 81] |

Plaintiff Barco, N.V. ("Barco") moves for an entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to its claim related to the United States Patent No. 5,784,584 ("the '584 patent"). Defendants Technology Properties Ltd. ("TPL"), Patriot Scientific Corp. ("Patriot"), and Alliacense Ltd. ("Alliacense") have filed a statement of non-opposition, and accordingly the motion will be granted. Barco also seeks attorneys' fees pursuant to 35 U.S.C. § 285 in connection to its claim with respect to the '584 patent. That

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:08-cv-05398-JF/HRL
ORDER (1) GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ETC.
(JFEX1)

motion is opposed. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on September 3, 2010. For the reasons discussed below, the motion for attorneys' fees will be denied without prejudice.

## I. BACKGROUND

The instant motion for attorneys' fees arises both from the instant action and from an earlier action in the Eastern District of Texas, *Technology Properties Limited, Inc. v. Fujitsu Limited et al.*, No. 2:05-cv-00494-TJW (E.D. Tex 2005) (the "Texas action"). TPL and Patriot jointly own a collection of patents known as the Moore Microprocessor Portfolio patents (the "MMP patents")[2]; Alliacense licenses these patents to third parties on behalf of TPL and Patriot.

### A.     Procedural history of the Texas action

In 2005, TPL and Patriot sued a number of consumer electronics manufacturers, alleging that several "ARM" processors that are utilized in certain products infringe claim 29 of the '584 patent. (*See* Runyan Decl. ISO Barco's Mot. for Attorneys' Fees ("Runyan Decl.") Exhs. A and B.) After that court issued a claim construction ruling, TPL and Patriot stipulated in December 2007 that based on the claim construction, the "ARM" processors did not infringe the '584 patent. (*See* Runyan Decl. Exhs. A, B.) The court entered a final judgment of non-infringement, (Runyan Decl. Ex. D), and the TPL entities appealed that judgment. On May 9, 2008, the Federal Circuit affirmed the judgment in a Rule 36 opinion. *Tech. Props. Ltd. v. Arm, Ltd.*, 2008-1020, 276 Fed. Appx. 1019 (Fed. Cir. May 9, 2008)

### B.     Procedural history of the instant case

Beginning in May 2007, TPL requested that Barco take a license to the '584 patent. (Barco's Mot. for Attorneys' Fees at 3:24-25.) TPL persisted in this request at least until the middle of 2008. (Barco's Mot. for Attorneys' Fees at 4:17-21.) On December 1, 2008, Barco filed an action in this Court seeking a judicial declaration that the '584, '749, and '890 patents are invalid and not infringed by the following Barco products: iCon H500; iCon H250; iD

---

[2] Relevant to this action, the MMP patents include United States Patent Nos. 5,784,584; 5,440,749 ("the '749 patent"); 5,530,890 ("the '890 patent"), and 5,809,336 ("the '336 patent").

R600+; and SIM 5R ("Barco Products").  While it has not submitted evidence as to this point, Barco asserts implicitly that the products incorporate "ARM" processors within the scope of the accused products in the Texas action and that they do not incorporate other processors.

Defendants answered on February 17, 2009, denying Barco's claim for the non-infringement of the '584 patent and asserting an affirmative defense of infringement.  (Docket No. 27.)  Defendants filed an amended answer on March 26, 2009, again denying Barco's claim for the non-infringement of the '584 patent and asserting an affirmative defense of infringement.  (Docket No. 40.)  Defendants counterclaimed with respect to the '749, '890, and '336 patents, but not with respect to the '584 patent.  The instant case was stayed because of activity involving the reexamination of the '584 patent by the United States Patent and Trademark Office ("USPTO").  (Docket No. 59.)  On July 21, 2009, the USPTO issued a certificate of reexamination, through which the relevant claim of the '584 patent was modified.  (Mar Decl. ISO Defs.' Opp'n to Barco's Mot. for Attorneys' Fees ("Mar Decl."), Ex. E.)  On November 4, 2009, the USPTO denied a further request for reexamination.  (Defendants' Opp'n to Barco's Mot. for Attorneys' Fees at 5:21-23.)

On November 16, 2009, Daniel Leckrone ("Leckrone"), the chief executive officer of TPL, visited Barco's offices in Belgium.  (Docket No. 71, Ex. B.)  He gave a presentation entitled "Moore Microprocessor Portfolio – 'MMP': Overview & Opportunity."  (Docket No. 71, Ex. C.)  The presentation included an overview of the MMP licensing program and litigation history and a statement that "TPL has prevailed in EVERY reexam[ination] that has been concluded."  (*Id.* (emphasis in the original).)  Claim 29 of the '584 patent was listed in a chart within a page entitled "MMP Portfolio: Risk Profile," and the '584 patent also was included in a table on a page entitled "MMP Portfolio Life" that indicated fourteen years of "US exposure."  (*Id.*)

On January 29, 2010, after Barco indicated at a case management conference that it intended to move for summary judgment with respect to the '584 patent, Defendants filed a covenant not to sue Barco under "any claim of the '584 patent as they currently read, and any

3

Case No. 5:08-cv-05398-JF/HRL
ORDER (1) GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ETC.
(JFEX1)

claim in any reissued or reexamined version of the '584 patent that is the same as, or substantially identical to, any claim of the '584 patent as it currently reads, against any products made, used, offered for sale, sold, or imported into the United States by Barco currently or at any time prior to the date of this covenant." (Docket No. 72, App. A.)  In an order dated February 19, 2010, the Court dismissed Barco's claim with respect to the '584 patent, determining that Defendants' covenant not to sue divested the Court of Article III jurisdiction over the claim because the covenant eliminated the controversy with respect to the infringement of the patent. *See Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1348 (Fed. Cir. 2007).

## II.  DISCUSSION

35 U.S.C. § 285 ("Section 285") provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  Federal Circuit precedent is applied when determining fees under Section 285. *Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d. 550, 563 (Fed. Cir. 1996).  When considering whether to award fees under this section, a court must determine whether there is clear and convincing evidence that the case is "exceptional" within the meaning of the statute and, if so, whether an award of fees to the prevailing party is warranted. *Interspiro USA v. Figgiel Int'l Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994).  A case is exceptional in a "limited universe of circumstances" in which there has been clear and convincing evidence of "inequitable conduct before the Patent and Trademark Office; litigation misconduct; vexatious, unjustified, and other otherwise bad faith litigation; a frivolous suit or willful infringement." *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304-05 (Fed. Cir. 2009); see *Hoffman La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365 (Fed. Cir. 2000).  As relevant here, "[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional." *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002).  If the court concludes that the case is exceptional, the award of attorneys' fees pursuant to Section 285 is within the discretion of the trial court. *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).

**A.  The motion is premature**

While the claim with respect to the '584 patent has been dismissed, three claims for patent infringement still are pending.  Even if a case is exceptional, an award of attorneys' fees is within the discretion of the trial court.  *Johnson*, 781 F.2d at 201.  At the hearing, the Court observed that it would be more prudent to consider the instant motion once the remaining aspects of the case have been resolved.  *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 997 (N.D. Cal. 2009) (noting that a court "looks at the case as a whole" to determine whether the plaintiff was the prevailing party).  Accordingly, the Court will deny the instant motion for attorneys' fees without prejudice.

**B.  The motion is not frivolous**

Defendants contend that the motion should be denied with prejudice because the motion is frivolous.  Relying upon *Wedgetail*, Defendants argue that the instant case cannot be "exceptional."  In *Wedgetail*, the district court issued a claim construction ruling that was adverse to the patentee.  576 F.3d at 1304.  As a result, the patentee sought to dismiss its infringement claims with prejudice and filed a covenant not to sue.  *Id.*  The claims were dismissed with prejudice, and each party was ordered to bear its own costs.  *Id.*  The Federal Circuit concluded that the district court did not abuse its discretion by declining to award attorneys' fees under the circumstances in that case.  The patentee apparently litigated the issue of infringement in good faith through a claim construction hearing and then chose not to waste additional resources once it recognized that the claim construction ruling diminished significantly its likelihood of success moving forward.

While the Court reserves judgment on the merits of Barco's motion, the instant case allegedly is distinguishable from *Wedgetail*.  For example, if the claims against the "ARM" processors are barred by collateral estoppel, the reexamination of the '584 patent would not have affected that bar.[3]  If Defendants agreed that the "ARM" processors did not infringe the '584

---

[3] As noted earlier, Barco has not submitted evidence to support its contentions that the Barco Products incorporate the "ARM" processors covered by the Texas action or that the

5

1  patent before the patent entered reexamination, they certainly must agree that the processors do
2  not infringe the '584 patent post-reexamination, as reexamination cannot expand the scope of a
3  patent.  *See Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1584 (Fed. Cir. 1995) (citing 35
4  U.S.C. § 305).  The patentee in *Wedgetail* litigated until a judicial ruling made a finding of
5  infringement "difficult," after which point the patentee dismissed the claims and covenanted not
6  to sue.
7  The Court recognizes that Defendants did not file the instant action.  Nonetheless, if the
8  allegations in Barco's moving papers are true, Defendants have known throughout this litigation
9  that a finding of infringement was impossible because of the stipulation in the Texas action.  Yet
10 they denied Barco's claims of non-infringement at least twice between February 17, 2009 and
11 December 10, 2009.  Barco also raises other allegations of "exceptional" conduct.  Again,
12 without commenting on the merits of these arguments, the alleged conduct goes beyond the
13 conduct presented in *Wedgetail*, and accordingly the Court concludes that the motion is not
14 frivolous.

### IV.  ORDER

16 The motion to enter judgment with respect to the '584 patent is granted.  The motion for
17 attorneys' fees is denied without prejudice.

19 IT IS SO ORDERED.

20 DATED: 9/10/2010

_____
JEREMY FOGEL
United States District Judge

---

28 products do not incorporate other processors.

6

Case No. 5:08-cv-05398-JF/HRL
ORDER (1) GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ETC.
(JFEX1)