1  Kenneth H. Prochnow
   kprochnow@chilesprolaw.com
2  CHILES and PROCHNOW, LLP
   Stanford Financial Square
3  2600 El Camino Real, Suite 412
   Palo Alto, California  94306-1719
4  Telephone:  650-812-0400
   Facsimile:   650-812-0404
5
6  Attorneys for Charles H. Moore

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  BARCO N.V., a Belgian corporation,          | Case No. 5:08-cv-05398 JF

13                    Plaintiff,                  **CHARLES H. MOORE'S NOTICE OF MOTION AND MOTION TO DISQUALIFY BAKER & MCKENZIE AND TO INTERVENE FOR THAT LIMITED PURPOSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

14          v.

15  TECHNOLOGY PROPERTIES LTD.,
16  PATRIOT SCIENTIFIC CORP., and
    ALLIACENSE LTD.,
17
                                                 Date:  February 25, 2011
18                    Defendants.                Time:  9:00 a.m.
                                                 Courtroom:  3
19                                               Judge:   Hon. Jeremy Fogel

20

21                 **NOTICE OF MOTION AND MOTION**

22  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

23       PLEASE TAKE NOTICE that on February 25, 2011, at 9:00 a.m., or as soon thereafter as

24  counsel may be heard, before the Honorable Jeremy Fogel of the United States District Court,

25  Northern District of California, located at 280 First Street, San Jose, California, Charles H.

26  Moore will, and hereby does, move (1) to disqualify the law firm of Baker & McKenzie LLP

27  ("B&M") and its attorneys from representing plaintiff Barco, N.V. and (2) to intervene for the

28  limited purpose of pursuing the motion to disqualify.

---

Motion to Disqualify and Intervene    - 1-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1    The Court should enter an order preventing B&M from continuing to take positions

2  adverse to its former client, Mr. Moore, on same subject of its former representation of him.

3  Such an order should include disqualification of B&M from representing the plaintiff in this

4  action, Barco, N.V.  B&M previously represented Mr. Moore with regard to commercialization

5  of technology he co-invented and that is covered by the patents-in-suit; in doing so, B&M

6  received Mr. Moore's confidential information on the very subject as to which B&M now is

7  acting adversely to him.  In representing Barco in this action, B&M is seeking to invalidate those

8  same patents-in-suit and defeat claims that Barco infringes those patents.  If Barco succeeds,

9  Mr. Moore's economic interest in the patents-in-suit, including his interest in royalties from

10  licensing the patents, will be destroyed or at least severely damaged.  By representing Barco in

11  this action, B&M has breached and continues to breach at least its duties of loyalty and

12  confidentiality to its former client, Mr. Moore. The Court therefore should issue an order finding

13  that B&M is breaching its duties of loyalty and confidentiality to Mr. Moore, requiring that B&M

14  not be adverse to Mr. Moore on the subject of its former representation of him, and disqualifying

15  all attorneys affiliated with B&M from representing Barco in attacking Mr. Moore's inventions,

16  including in the present action.  The Court also should grant Mr. Moore's motion to intervene for

17  the limited purpose of pursuing the instant motion to disqualify.

18    This motion is based on this Notice of Motion and Motion to Disqualify Baker &

19  McKenzie and to Intervene, Memorandum of Points and Authorities in Support Thereof, the

20  Declarations of Charles H. Moore and Kenneth H. Prochnow in Support of Motion to Disqualify

21  Baker & McKenzie and to Intervene, any argument of counsel, the pleadings and other papers on

22  file in this and related actions, and any evidence presented at the hearing on this motion.

23  DATED:  January 10, 2011                              CHILES AND PROCHNOW, LLP

24

25                                                                      By: *s/Kenneth H. Prochnow*_____
                                                                           Kenneth H. Prochnow
26                                                                           Attorneys for Intervenor CHARLES H. MOORE

27

28

Motion to Disqualify and Intervene    - 2-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1

# Table of Contents

2

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................... 3

3

II.    FACTUAL BACKGROUND ................................................................................................ 3

4

III.      ARGUMENT ..................................................................................................................... 5

5

   A.    Federal Courts Routinely Grant Motions to Intervene For the Purpose Of Seeking

6

Disqualification Of the Would-Be Intervenors' Past Counsel ...................................................... 5

7

   B.    The Court Should Grant Mr. Moore's Motion to Disqualify B&M Because the Firm Is

8

Breaching Its Duties Of Confidentiality and Loyalty to Mr. Moore. ........................................... 6

9

       1.    **B&M's Current Representation of Barco Is Adverse to Mr. Moore.** ...................... 8

10

       2.    **There Is At Least a Substantial Relationship Between the Subject Of This Case**

11

       **and the Subject Of B&M's Past Representation Of Mr. Moore.** .................................... 9

12

       3.    **The B&M Firm, Not Only Its Individual Attorneys, Must Be Disqualified.** ......... 10

13

IV.      Conclusion .......................................................................................................... 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Disqualify and Intervene    - ii -

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1

# Table of Authorities

2

3 **Federal Cases**

4 *Adric v. California*, 55 F. Supp. 2d 1056, 1062 (C.D. Cal. 1999) ................................................. 8

5 *Certain Underwriters at Lloyd's London v. Argonaut, Ins. Co.*, 264 F.Supp.2d 914, 918 (N.D.

6     Cal. 2003).................................................................................................................................. 6

7 *Cf. Sec. Ins. Co. v. Schipporeit, Inc.,* 69 F.3d 1377, 1381 (7th Cir. 1995) ................................... 5

8 *Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*, No. 06 CIV 2875 (LAK)(HBP), 2007 WL

9     2593000, at *4, 7 (S.D.N.Y. Sept. 7, 2007) .............................................................................. 6

10 *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F .Supp. 2d 1111, 1113 (S.D. Ind. 2007) ............ 6

11 *Enzo Biochem, Inc. v. Applera Corp.*, 468 F. Supp. 2d 359, 360 (D. Conn. 2007)....................... 6

12 *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW, 2010 WL 199706, at *1

13     (N.D. Cal. Jan. 13, 2010) ........................................................................................................ 11

14 *Fujitsu Limited v. Belkin International, Inc.*, 2010 U.S. Dist. Lexis 138407, Lexis slip opinion

15     *passim* ................................................................................................................................... 6, 7

16 *GA TX/Airlog Co. v. Evergreen Int'l Airlines, Inc.*, 8 F. Supp. 2d 1182, 1182 (N.D. Cal. 1998).. 6

17 *Ledwig v. Cuprum S.A.*, No. SA-03-CA-542-RF, 2004 WL 573650, at *2–4 (W.D. Tex. Jan. 28,

18     2004) ......................................................................................................................................... 6

19 *Med. Diagnostic Imaging, PLLC v. CareCore Na't, LLC*, 542 F. Supp. 2d 296, 305 (S.D.N.Y.

20     2008) ......................................................................................................................................... 6

21 *Oxford Sys., Inc. v. Cellpro, Inc.*, 45 F. Supp. 2d 1055, 1058–60, 1067 (W.D. Wash. 1999)........ 6

22 *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980 ........................................................... 8, 9, 10

23  *Thomas v. Mun. Court of Antelope Valley Judicial Dist. of Cal.*, 878 F.2d 285, 289–90 (9th Cir.

24     1989)…………………………………………………………………………………….10

25 **State Cases**

26 *Brand v. 20th Century Ins. Co./21st Century Ins. Co.*, 124 Cal. App. 4th 594, 607 (2004)........... 9

27 *cf. Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 801 (2010)....................................... 11

28 *City & Cnty. of S.F. v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 848 (2006) ................................. 11

Motion to Disqualify and Intervene    - ii -

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1    *Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994) ............................................................... 3, 7, 8

2    *Goldberg v. Warner/Chappell Music, Inc.*, 125 Cal. App. 4th 752, 760 (2005) .......................... 11

3    *H.F. Ahmanson & Co. v. Salomon Bros.*, 229 Cal. App. 3d 1445, 1452–53 (1991) .................. 8, 9

4    *Mayer, Inc. v. Tracinda Corp.*, 36 Cal. App. 4th 1832, 1843–44 (1995) ...................................... 9

5    *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1153 (1999) 7,

6      11

7    *State Farm Mut. Auto Ins. Co.  v. Federal Ins. Co.*, 72 Cal.App.4th 1422, 1428 (1999) ................ 7

8    **Other Authorities**

9    Cal. Rule of Professional Conduct 3-310(E) ................................................................................. 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Disqualify and Intervene    - iii -

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

3         Mr. Moore moves to intervene in this action for the limited purpose of requesting the

4    disqualification of B&M and its attorneys from representing the plaintiff, Barco, N.V., in this

5    litigation.  Mr. Moore is an inventor of the patents-in-suit, which cover microprocessor

6    technology.  B&M formerly represented Mr. Moore in regard to commercializing and developing

7    the technology covered by those same patents.  B&M now has switched sides, advocating on

8    behalf of Barco for invalidation of the patents-in-suit and for a ruling that Barco does not infringe

9    them.  This representation by B&M is adverse to Mr. Moore because he retains an economic

10   interest in the patents-in-suit.  That interest will be damaged severely if his former counsel

11   succeed in this lawsuit, by impairing his ability to earn money through licensing the patents,

12   using the invention in products, and participating in any damages recovery from Barco.

13        B&M is violating its duties of confidentiality and loyalty to Mr. Moore by representing

14   Barco in this litigation.  B&M's past and current representations involve substantially the same

15   subject matter:  the commercial use of microprocessor technology co-invented by Mr. Moore.

16   Under California law, the Court must presume that all of B&M's attorneys had or have access to

17   Mr. Moore's confidential information.  *Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994).

18   Because of the substantial relationship between the subjects of the two representations, B&M

19   could use such information in the current litigation to harm Mr. Moore's interests.  Furthermore,

20   California case law requires imputation of the conflict-of-interest to the entire B&M firm.  The

21   Court therefore should grant Mr. Moore's motion to intervene for the limited purpose of bringing

22   this motion and his motion to disqualify B&M and its attorneys from further representing Barco

23   in this matter.

24   **II.    FACTUAL BACKGROUND**

25        Since at least 1989, Mr. Moore has been working to develop and commercialize the

26   technology covered by the patents-in-suit, both through creation of products that practice the

27   patents and by licensing the patents to third parties.  (Decl. of C.H. Moore in Supp. of Mot. to

28   Disqualify B&M and to Intervene ("Moore Decl.") ¶ 7.)  Mr. Moore and Russell H. Fish, III were

---

Motion to Disqualify and Intervene    - 3-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1  named as co-inventors in a patent application filed in 1989 that led to the eventual issuance of

2  several patents covering novel architectures and clocking mechanisms critical to the efficient and

3  high-speed performance of today's microprocessors. (*Id.*) Three of these patents are at issue in

4  the current litigation, *i.e.*, U.S. Patent Nos. 5,809,336 ("the '336 patent," issued Sept. 15, 1998),

5  5,440,749 ("the '749 patent," issued Aug. 8, 1995), and 5,530,890 ("the '890 patent," issued June

6  25, 1996).  (Compl. ¶ 1, Dkt. 1; Answer & First Am. Countercls. to Compl. For Declaratory J. 8

7  (Count III), Dkt. 40.)  Each patent identifies Messrs. Moore and Fish as co-inventors.  (Moore

8  Decl. ¶ 3)

9       In August 1990, B&M began representing Mr. Moore in his efforts to commercialize and

10  develop his technology. (*Id.* ¶ 5, and Ex. A.)  The law firm memorialized the subject matter of the

11  representation in an August 24, 1990 engagement agreement signed by a B&M partner and by

12  Mr. Moore:  **"Our services will include representation and advice with respect to your**

13  **[Mr. Moore's] development and commercialization of your technology."**  (*Id.*, Ex. A

14  (**emphasis** added).)[1]  That technology includes the very same inventions covered by the patents

15  at issue in the current litigation.  (*Id.* ¶ 7.)  Mr. Moore provided B&M with his confidential

16  information and opinions concerning development and commercialization of the technology,

17  including in which areas and products it would be valuable and how it could be reduced to

18  practice in particular applications.  (*Id.* ¶ 5.)

19       Mr. Moore continues to hold an economic interest in the patents-in-suit.  Defendant

20  Technology Properties Ltd. ("TPL"), which presently holds interests in those and related patents,

21  has been developing and commercializing them.  (*Id.* ¶¶ 8–9.)  All those patents are collectively

22  called the Moore Microprocessor Portfolio ("MMP").  (*Id.* ¶ 2.)  To date, over 80 leading

23  technology companies have purchased commercial licenses to the MMP patents.  (*Id.* ¶ 8.)

24  Mr. Moore is entitled to receive a portion of any licensing or commercialization revenue

25  generated by the MMP patents.  (*Id.* ¶ 9)  He also is entitled to a portion of any damages award

26  paid by Barco.  (*Id.* ¶ 9.)

27
28
[1] B&M suggests now that its client actually was "Computer Cowboys," a name that appears under Mr. Moore's in the inside address of the letter constituting the engagement agreement.  The letter however, refers to Mr. Moore as the client, does not elsewhere mention Computer Cowboys, and is executed by Mr. Moore without any notation that he did so on behalf of Computer Cowboys.  (Moore Decl. ¶ 6; and Ex. A.)

Motion to Disqualify and Intervene    - 4-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1    B&M is leading a charge to reduce the value of Mr. Moore's economic interest in the

2  patents-in-suit.  Plaintiff Barco, N.V., represented by B&M, filed the present declaratory-

3  judgment action seeking to prove that the MMP patents at issue in this case are invalid and that

4  Barco does not infringe them.  (Compl. cover page & ¶ 1; Pl. Barco's Answer to Defs.' Affirm.

5  Defenses & Countercls. 2–3.)  Mr. Moore did not consent to B&M representing Barco. (Moore

6  Decl. ¶ 10.)

7    In fact, Mr. Moore only learned that his former counsel, B&M, was representing a party

8  adverse to him in this litigation when he was served with a subpoena demanding his deposition.

9  (*Id.* ¶ 11.) When Mr. Moore realized that B&M attorneys were representing a party in this

10  litigation, he searched for and provided a copy of his B&M engagement letter to his attorney,

11  Kenneth H. Prochnow. (*Id.* ¶ 11.)  Mr. Prochnow promptly informed B&M of the prior

12  representation and apparent conflict at the first opportunity, prior to the start of Mr. Moore's

13  deposition, and expressly reserved Mr. Moore's rights with respect to the issue on the record.

14  (Decl. of K.H. Prochnow in Supp. of Mot. to Disqualify B&M and to Intervene ("Prochnow

15  Decl.") ¶ 10, Ex. A.) With Mr. Moore reserving all rights in the matter, a B&M attorney

16  conducted an examination of Mr. Moore on Barco's behalf on the next day (November 4, 2010).

17    On November 23, 2010, after further investigation, Mr. Moore formally demanded that

18  B&M withdraw from this matter. (*Id.* ¶ 12 & Ex. 1 thereto.)  B&M refused.  (*Id.* ¶ 13 & Ex 2.)

19  **III.    ARGUMENT**

20    **A.    Federal Courts Routinely Grant Motions to Intervene For the Purpose Of
            Seeking Disqualification Of the Would-Be Intervenors' Past Counsel**

21

22    To promote the efficiency and consistency of resolving related issues in a single

23  proceeding, federal courts regularly grant motions to intervene under Federal Rule of Civil

24  Procedure 24 so that the intervenor can stop attorneys from violating ethical obligations owed to

25  the intervenor. *Cf. Sec. Ins. Co. v. Schipporeit, Inc.,* 69 F.3d 1377, 1381 (7th Cir. 1995) ("Perhaps

26  the most obvious benefits of intervention in general are the efficiency and consistency that result

27  from resolving related issues in a single proceeding."). In particular, courts routinely grant

28  motions to intervene for the limited purpose of adjudicating a motion to disqualify counsel.  *See,*

Motion to Disqualify and Intervene    - 5-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1  | *e.g.*, *Med. Diagnostic Imaging, PLLC v. CareCore Na't, LLC*, 542 F. Supp. 2d 296,

2  | 305 (S.D.N.Y. 2008) (granting intervention partly to facilitate Court's "obligation to protect" the

3  | "integrity of the adversarial process" by adjudicating the motion to disqualify); *see also Cole*

4  | *Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*, No. 06 CIV 2875 (LAK)(HBP), 2007 WL 2593000,

5  | at *4, 7 (S.D.N.Y. Sept. 7, 2007) (granting motion to intervene and to disqualify counsel); *Emmis*

6  | *Operating Co. v. CBS Radio, Inc.*, 480 F .Supp. 2d 1111, 1113 (S.D. Ind. 2007) (allowing

7  | intervention in order to move for disqualification); *Enzo Biochem, Inc. v. Applera Corp.*, 468 F.

8  | Supp. 2d 359, 360 (D. Conn. 2007) (granting motion to intervene for purposes of considering

9  | motion to disqualify); *Ledwig v. Cuprum S.A.*, No. SA-03-CA-542-RF, 2004 WL 573650, at *2–

10 | 4 (W.D. Tex. Jan. 28, 2004) (granting motion to intervene and granting defendant's motion to

11 | disqualify firm based on substantial relationship between former and current representations of

12 | client); *Oxford Sys., Inc. v. Cellpro, Inc.*, 45 F. Supp. 2d 1055, 1058–60, 1067 (W.D. Wash.

13 | 1999), (granting motion for permissive intervention for the sole purpose of moving to disqualify

14 | a law firm that had represented the intervenor in other matters and also granting the motion to

15 | disqualify); *GA TX/Airlog Co. v. Evergreen Int'l Airlines, Inc.*, 8 F. Supp. 2d 1182, 1182 (N.D.

16 | Cal. 1998) (granting motion to intervene and disqualifying firm), *vacating as moot*, 192 F.3d

17 | 1304, 1308 (9th Cir. 1999).

18 |      **B.**     <u>**The Court Should Grant Mr. Moore's Motion to Disqualify B&M Because the Firm Is Breaching Its Duties Of Confidentiality and Loyalty to**</u>
19 |      <u>**Mr. Moore**</u>.

20 |      As this Court has recently observed, "The right to disqualify counsel is a discretionary

21 | exercise of the trial court's inherent powers." *Fujitsu Limited v. Belkin International, Inc.*, 2010

22 | U.S. Dist. Lexis 138407, Lexis slip opinion p.3, quoting *Certain Underwriters at Lloyd's London*

23 | *v. Argonaut, Ins. Co.*, 264 F.Supp.2d 914, 918 (N.D. Cal. 2003). To be sure, a motion to

24 | disqualify is disfavored. *Fujitsu Limited*, Ibid. P. 4 & cases cited.

25 |      "Nevertheless, 'the paramount concern must be the preservation of public trust in the

26 | scrupulous administration of justice and in the integrity of the bar.'…'Consequently, the

27 | recognizably important right to choose one's counsel must yield to the ethical considerations that

28 |

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1   embody the moral principles of the judicial process.'" *Fujitsu Limited, supra*., Ibid. at p.4,

2   quoting *State Farm Mut. Auto Ins. Co.  v. Federal Ins. Co.*, 72 Cal.App.4th 1422, 1428 (1999).

3         In *Fujitsu Limited*, this Court [Hon. Lucy H. Koh] disqualified the Baker Botts firm in a

4   patent matter, negating the firm's representation of plaintiff Fujitsu stretching back over **eight**

5   **years** (from 2002 through 2010). *Fujitsu Limited, supra*, Lexis slip op. at p. 2. In 2010, Baker

6   Botts agreed to represent defendant Netgear Inc.; the firm then determined that it wished to

7   represent its earlier client Fujitsu against current client Netgear in a patent infringement lawsuit.

8   Netgear declined permission, although it had waived conflicts in lesser matters. When Baker

9   Botts refused to withdraw from its adverse representation of plaintiff Fujitsu against defendant

10  Netgear, Netgear moved to disqualify the firm.

11        Judge Koh granted defendant Netgear's motion to disqualify, finding that the law firm

12  had violated the duty of loyalty it owed to its client Netgear. The rationale behind Judge Koh's

13  ruling was the California rule that "in all but a few instances, the rule of disqualification in

14  simultaneous representation cases is a *per se* or absolute one." *Flatt v. Superior Court*, 9 Cal.4th

15  275, 284 (1994), quoted in *Fujitsu Limited* at Lexis slip op., p. 4 (also citing *People ex rel. Dept*

16  *of Corporations v. SpeeDee Oil*, 20 Cal.4th 1135, 1147 (1999)).

17        Although our case is not one of simultaneous representation by B&M, the disqualification

18  ordered by Judge Koh is also the appropriate response to the conflict evident here. The work that

19  B&M is now performing for Barco, and the aim of its representation, could not be more adverse

20  to Mr. Moore and the interests in the patents that he owns, and overlaps with the subject matter of

21  B&M's past representation of Mr. Moore in exploiting and commercializing those self-same

22  patents. B&M here violates its duties of loyalty and confidentiality by accepting employment

23  adverse to former clients without their consent, if B&M attorneys have client secrets that are

24  material to the later engagements.  Cal. Rule of Professional Conduct 3-310(E).  A former client

25  can establish that an attorney violated these duties simply by showing adversity and a "substantial

26  relationship" between the subjects of the current and former engagements.  *Flatt*, 9 Cal. 4th at

27  283.  Here, adversity is undisputed because B&M is helping Barco to try to destroy the value of

28  the patents.  Furthermore, the subjects of the two representations are identical:  commercial

---

Motion to Disqualify and Intervene    - 7-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1   exploitation of the now-patented technology.  Given that "substantial relationship," the original

2   B&M attorneys are *presumed* to have confidential information of Mr. Moore's that is useful now

3   to Barco.  *Id.*; *H.F. Ahmanson & Co. v. Salomon Bros.*, 229 Cal. App. 3d 1445, 1452–53 (1991)

4   (actual proof that confidential information was acquired is not required); *Trone v. Smith*, 621

5   F.2d 994, 999 (9th Cir. 1980) (presumption is proper because inquiry into whether confidential

6   information actually obtained would "requir[e] the very disclosure the rule is intended to protect.

7   …  It is the possibility of the breach of confidence, not the fact of the breach, that triggers

8   disqualification."). Disqualification of the original B&M attorneys therefore is mandatory;

9   "indeed, the disqualification extends vicariously to the entire firm."  *Flatt*, 9 Cal. 4th at 283.

10  Mr. Moore therefore respectfully requests that the Court disqualify B&M and its attorneys, thus

11  preventing their continuing breach of duties to Mr. Moore. *See Adric v. California*, 55 F. Supp.

12  2d 1056, 1062 (C.D. Cal. 1999) (*citing Trone*, 621 F.2d at 999) (district courts have

13  responsibility to police attorneys' conduct).

14          1.   **B&M's Current Representation of Barco Is Adverse to Mr. Moore.**

15          Plaintiff Barco is here directly opposed to the interests of Mr. Moore and his patents;

16  Barco's position and contentions require B&M's disqualification. Plaintiff Barco would here

17  invalidate the patents-in-suit. If those patents are invalidated, Mr. Moore's interest in the MMP

18  Portfolio will be substantially diminished, TPL will not be able to continue licensing the affected

19  patents to technology companies, and Mr. Moore will lose his interest in the licensing proceeds

20  that TPL owes to him.  Anyone would then be free to practice the invention without a license.

21  Invalidating the patents also would reduce the value of any product made by TPL that uses the

22  technology. Here, Mr. Moore requires exactly the opposite result: patent validity.  A holding of

23  patent validity is central to Mr. Moore's economic interest in the patents and in the licensing

24  revenue stream that TPL is to generate from them and pay over in part to Mr. Moore.  He has a

25  contract with TPL that entitles him to a portion of revenue TPL earns from licensing the patents-

26  in-suit.  If TPL is unable to license the patents, Mr. Moore's income from the licensing program

27  would drop, conceivably by millions of dollars. In addition to invalidating Mr. Moore's patents,

28  Barco seeks to prove that its accused products do not practice the patents, and thus avoid paying

Motion to Disqualify and Intervene    - 8-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1  TPL and Mr. Moore damages. Mr. Moore, by contrast, here relies upon TPL to prove Barco's

2  infringement because his contract with TPL entitles him to a portion of any infringement

3  damages payment. Although B&M is aware of this adversity, it refused Mr. Moore's request that

4  it withdraw from this case.[2]

5       2. **There Is At Least a Substantial Relationship Between the Subject Of This Case and the Subject Of B&M's Past Representation Of Mr. Moore.**

6

7      B&M's former representation of Mr. Moore to commercialize and develop the technology

8  is substantially related to its present representation of Barco, in which it seeks to prevent

9  commercialization of Mr. Moore's inventions. All that Mr. Moore must show to prove a

10  substantial relationship is that the "factual contexts of the two representations are similar or

11  related." *Trone*, 621 F.2d at 998. The similarities between the legal questions posed by the two

12  matters is also significant. *H. F. Ahmanson & Co.*, 229 Cal. App. 3d at 1455. If there is a

13  "reasonable probability that confidences were disclosed" in the first representation which "could

14  be used against the [former] client in later, adverse representation, a substantial relation between

15  the two cases is presumed." *Trone*, 621 F.2d at 998. A court's disqualification inquiry should

16  focus on the "practical consequences" of the law firm's representation of former client, including

17  whether "confidential information material to the current dispute would normally have been

18  imparted to the attorney by virtue of the nature of the former representation." *H. F. Ahmanson &*

19  *Co.*, 229 Cal. App. 3d at 1454. A significant lapse of time between the representations does not

20  eliminate the substantial relationship between the two representations at issue. *See Brand v. 20th*

21  *Century Ins. Co./21st Century Ins. Co.*, 124 Cal. App. 4th 594, 607 (2004) (12-year lapse not

22  sufficient to "neutralize" earlier representation).

23      Here, as part of B&M's representation of Mr. Moore, Mr. Moore provided B&M with

24  confidential information and opinions regarding development and commercialization of the

25  technology now represented by the patents-in-suit. In particular, he provided them his

26  confidential opinions regarding areas and products in which this technology would be valuable

27  _____

[2] Adversity can exist irrespective of whether the former client is party to the current litigation. *Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.*, 36 Cal. App. 4th 1832, 1843–44 (1995).

28

Motion to Disqualify and Intervene - 9-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1   and how it could be reduced to practice in particular applications. He also may have shared his

2   opinions regarding potential vulnerabilities in the technology which could affect the value or

3   marketability of the anticipated patents. B&M might now use all or some of that information to

4   fashion arguments to invalidate the same patents it previously worked with Mr. Moore to

5   enhance. That confidential information is directly relevant to the validity, infringement, and

6   damages issues that are in dispute in this litigation.

7          Furthermore, in the November 4, 2010, deposition of Mr. Moore, B&M examined

8   Mr. Moore on the very issues about which he gave the firm's attorneys his confidential insights,

9   to serve plaintiff Barco's present, adverse interest in eliciting information that might damage Mr.

10  Moore's patents and their validity. *See Thomas v. Mun. Court of Antelope Valley Judicial Dist. of*

11  *Cal.*, 878 F.2d 285, 289–90 (9th Cir. 1989) (noting conflict-of-interest in attorney cross-

12  examining former client about confidential matters).  Prior to that deposition, Mr. Moore's

13  current counsel, Mr. Prochnow, had advised B&M lawyers of the conflict of interest and advised

14  that they lacked Mr. Moore's consent to proceed against him, and that his willingness to proceed

15  in a previously arranged multi-party, multi-case deposition would not constitute a waiver of the

16  firm's conflict or of Mr. Moore's rights. B&M lawyers have conducted an adverse examination

17  of Mr. Moore on the patents they were earlier engaged to advance, now seeking information to

18  use in service of invalidation. They presumably will advance the deposition testimony they

19  elicited against him. The same conflict of interest will arise again should they continue their

20  adverse examination of him at trial. It is intolerable that B&M, having been provided information

21  by Mr. Moore in confidence concerning his patents and their use and commercialization, is now

22  positioned to use that confidential information on Barco's behalf to harm Mr. Moore's interests

23  in the patents-in-suit.

24          3.  **The B&M Firm, Not Only Its Individual Attorneys, Must Be Disqualified.**

25          Because confidential information possessed by the B&M attorneys who personally

26  worked on Mr. Moore's behalf may have been shared with other members of the firm and still

27  may be accessible to them, the entire firm should be disqualified. *See Trone*, 621 F.2d at 999.

28  "Once the attorney is found to be disqualified, both the attorney and the attorney's firm are

Motion to Disqualify and Intervene    - 10-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1    disqualified ….” *Id.* The imputation of the conflict to the whole law firm is based on the

2    “rationale that attorneys, working together and practicing law in a professional association, share

3    each other’s, and their clients’, confidential information.” *City & Cnty. of S.F. v. Cobra*

4    *Solutions, Inc.*, 38 Cal. 4th 839, 848 (2006) (internal quotation marks omitted). Courts therefore

5    impose a presumption that attorneys in the same firm “share access to privileged and confidential

6    matters” and, therefore, “the disqualification of one attorney extends vicariously to the entire

7    firm.” *People ex rel. Dep’t of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1153

8    (1999).

9            Even if the individual lawyers who represented Mr. Moore have left B&M, the firm still

10   should be disqualified because California law requires that all of B&M’s lawyers be presumed to

11   have received and to have continuing access to Mr. Moore’s confidences. B&M told Mr. Moore

12   in November that Susan H. Nycum, the B&M attorney who signed the engagement agreement

13   with him, left B&M in 2001. This fact does not change the result. B&M and Barco bear the

14   burden of showing that they did not obtain and do not have access to any of Mr. Moore’s

15   confidential information. *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW,

16   2010 WL 199706, at *1 (N.D. Cal. Jan. 13, 2010) (Whyte, J.) (requiring law firm to rebut

17   presumption that attorneys were vicariously tainted); *accord Goldberg v. Warner/Chappell*

18   *Music, Inc.*, 125 Cal. App. 4th 752, 760 (2005) (lawyer must “show that there was no *opportunity*

19   for confidential information to be divulged”); *cf. Kirk v. First Am. Title Ins. Co.*, 183 Cal. App.

20   4th 776, 801 (2010) (describing rebuttable presumption of imputed conflict). They cannot satisfy

21   that burden merely by asserting that Ms. Nycum does not work at B&M. Her departure says

22   nothing about which other attorneys worked on Mr. Moore’s behalf, with whom his confidences

23   were shared, and which attorneys had and have access to those records. B&M has not asserted

24   that it tried to protect Mr. Moore’s confidences by erecting an ethical wall. Furthermore, at least

25   one of Barco’s current lawyers, Tod L. Gamlen, is from the same office of B&M as Ms. Nycum:

26   the firm’s Palo Alto branch. For all these reasons, the Court must impute the conflict-of-interest

27   to all of B&M, including the attorneys working for Barco in this litigation.

28

Motion to Disqualify and Intervene    - 11-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF

1   **IV.     CONCLUSION**

2          For the reasons and on the authorities stated above, the Court should (a) grant

3   Mr. Moore's motion to intervene in this action for the limited purpose of pursuing this motion to

4   disqualify his former lawyers from working adversely to him on the same subject matter issue,

5   and (b) issue an order disqualifying B&M and its attorneys from representing Plaintiff Barco in

6   this litigation.

7   DATED:  January 10, 2011                    CHILES AND PROCHNOW, LLP

8
                                               By: *s/Kenneth H. Prochnow*_____
9                                                   Kenneth H. Prochnow
                                                    Attorneys for Intervenor CHARLES H. MOORE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Disqualify and Intervene    - 12-

*Barco, N.V. vs. Technology Properties Limited, LLC, et al.,* Case No. 5:08:CV05398 JF