**E-Filed 3/8/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARCO N.V., a Belgian corporation<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., and ALLIACENSE LTD.,<br><br>Defendants. | Case Number 5:08-cv-05398 JF (HRL)<br><br>**ORDER[1] DENYING MOTION TO DISQUALIFY COUNSEL AND TO INTERVENE**<br><br>[Re: Docket No. 124] |

Charles Moore, inventor of the patents at issue in the instant action, seeks to disqualify the law firm of Baker & McKenzie LLP ("Baker") as counsel for Plaintiff Barco N.V. ("Barco") and to intervene for that limited purpose. As a former Baker client, Moore claims that the firm has breached its duties of loyalty and confidentiality by representing Barco here.

**I. BACKGROUND**

From 1990 through 1993, former Baker attorney Susan Nycum represented Moore in the development and commercialization of technology that Moore claims served as a precursor to the subject patents. As evidence of this representation, Moore offers an August 1990 engagement letter sent by Nycum and signed by Moore on behalf of a company called "Computer Cowboys." Ex. A to Moore Decl., Dkt. 125. Moore asserts that he shared confidential information with Nycum concerning inventions covered by the patents in suit.

---

[1] This disposition is not designated for publication.

Because he has maintained an economic interest in those patents, he argues that Baker has breached its duties of loyalty and confidentiality by representing Barco, which seeks to invalidate the patents.

Moore was unaware of Baker's representation of Barco until he was served with a deposition subpoena related to this action in October 2010. Moore Decl., Dkt. 125. Although he agreed to participate in the deposition, he expressly reserved his right to seek Baker's disqualification and provided Baker with a copy of the 1990 engagement letter. *Id.* On November 23, 2010, Moore submitted a written demand that Baker withdraw from the present action.[2] After Baker refused, Moore filed the instant motion.

In response, Barco contends that no conflict of interest exists because the representation is remote in time, Nycum left the firm in 2002, and no attorneys currently representing Barco have exchanged any confidential information with Nycum. Runyan Decl.; Gamlen Decl.; O'Connor Decl., Dkt. 133. Barco also represents that its lead attorneys in the present matter, Edward Runyan and Daniel O'Connor, have never worked in the same office as Nycum, who worked in the firm's Palo Alto office during her tenure, and have never met nor had any contact with Nycum. *Id.* Although Baker attorney Tod Gamlen did work in the Palo Alto office during Nycum's time with the firm, Barco represents that Gamlen has no familiarity with the subject matter of Nycum's representation of Moore and has never performed any work for Moore or Computer Cowboys. *Id.* Barco also indicates that although his name appears on the pleadings, Gamlen is not involved actively in present litigation. *Id.*

## II. LEGAL STANDARD

Matters of disqualification generally are governed by state law. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir.2000); Civ. L.R. 11-4(a)(1) (requiring practitioners to

---

[2] Barco claims that this letter waived Moore's objection to any conflict because at Moore's deposition his attorney reserved the right to raise the conflict issue "should Mr. Moore become a *party* to any of [the] cases," and Moore was not a party when he submitted the letter on November 23, 2010. Opp. Br. 2-3 (emphasis added). However, it appears that Moore's intention was to reserve his right to assert a claim for breach of confidentiality against Baker while accommodating Barco's deposition request.

comply with standards of professional conduct required of members of the State Bar of California). A motion to disqualify counsel often is "tactically motivated," thus the party seeking disqualification bears a "heavy burden." *Dimenco v. Service Employees Intern. Union*, No. C 10-03112 SBA, 2011 WL 89999, at *3 (N.D. Cal. Jan. 10, 2011); *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal.4th 839, 851 (2006). "In considering a disqualification motion, the district court is obligated to make 'a reasoned judgment,' and may resolve disputed factual issues and must make findings supported by substantial evidence." *Dimenco* at *3 (citing *Gregori v. Bank of Am.*, 207 Cal.App.3d 291, 300 (1989); *Dept. of Corps. v. SpeeDee Oil Change Syst.*, 20 Cal.4th 1135, 1143 (1999)).

### III. ANALYSIS

California law presumes that, "[i]f an attorney worked on a matter substantially related to the matter in which he or she seeks to represent a party adverse to a former client, . . . the attorney is possessed of confidential information that would impact the present matter." *Goldberg v. Warner/Chappell Music, Inc.*, 125 Cal.App.4th 752, 765 (2005) (internal citations omitted). When conflicted attorneys work with non-conflicted counsel at the same firm, "there is . . . a pragmatic recognition that the confidential information will work its way to the nontainted attorneys at some point. When, however, the relationship between the tainted attorneys and nontainted attorneys is in the past, there is no need to 'rely on the fiction of imputed knowledge to safeguard client confidentiality' . . ." *Id.* (citing *Adams v. Aerojet-General Corp.*, 86 Cal.App.4th 1324, 1335 (2001). Instead, the court's focus shifts to, " whether confidential information was actually exchanged." *Id.*

Relying on *Kirk v. First American Title Ins. Co.*, 183 Cal.App.4th 776 (2010), Moore argues that declarations stating that no Baker attorneys other than Nycum received his confidential information are insufficient. However, the conclusion reached in *Kirk* was part of a larger holding with respect to ethical walls. *Kirk* held that courts *may* look to an ethical wall as evidence of a firm's efforts to secure confidentiality, and declarations alone cannot support the existence of such a wall. *Id.* at 816. It did not hold that an ethical wall *must* be erected in order to preserve client confidentiality or that declarations alone are insufficient to show that no breach

3

occurred. Accordingly, this Court may rely on declarations showing that none of Barco's attorneys has received confidential information stemming from Nycum's previous representation of Moore.

Moore claims that Baker's failure to discover the potential conflict itself is evidence of breach. Because the patents in dispute are labeled the "Moore Microprocessor" patents, he argues that it was incumbent upon Baker to check for conflicts not only between the firm and opposing parties but also between the firm and the inventor. While the Court agrees that this would have been better practice, the fact that Baker did not perform a broader conflicts check is not probative as to whether counsel now possesses confidential material. Given the passage of time since Nycum's departure and counsel's express declarations that no confidential information was exchanged, the Court concludes that Baker's representation of Barco does not violate the applicable standards of professional conduct.

## IV. ORDER

For the reasons set forth above, the motion to disqualify counsel and to intervene is DENIED.

**IT IS SO ORDERED.**

**DATED:** March 8, 2011

_____
JEREMY FOGEL
United States District Judge