\*\*E-Filed 3/8/2011\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BARCO N.V., a Belgian corporation<br><br>    Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., and ALLIACENSE LTD.,<br><br>    Defendants. | Case Number 5:08-cv-05398 JF (HRL)<br><br>**ORDER[1] GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>[Re: Docket Nos. 112, 148, 156] |

    Plaintiff Barco N.V. ("Barco") moves for summary judgment of non-infringement of U.S. Patent No. 5,809,336 ("the '336 Patent"). In response, Defendants Technology Properties Ltd., Patriot Scientific Corp., and Alliacense (referred to herein collectively as "TPL") seek relief pursuant to Fed. R. Civ. P. 56(d). The Court heard oral argument on February 25, 2011. For the reasons set forth below, the Court will grant TPL's motion and will deny Barco's motion without prejudice.

---

[1] This disposition is not designated for publication.

Case Number 5:08-cv-05398-JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)
(JFLC1)

## I. BACKGROUND

Barco filed the instant action[2] on December 1, 2008, seeking a judicial declaration that several patents owned by TPL are invalid and/or not infringed.[3] On February 17, 2009, TPL asserted counterclaims with respect to the '749 Patent, and to U.S. Patent Nos. 5,530,890 ("the '890 Patent") and 5,809,336 ("the '336 Patent"). TPL served infringement contentions pursuant to Patent L.R. 3-1 on February 20, 2009. On June 17, 2009, the Court stayed this action and all related cases because of developments in the reexamination of several of the patents. The '336 Patent subsequently emerged from reexamination, and the Court dissolved the stay. TPL served its amended infringement contentions with respect to the '336 Patent on April 30, 2010. The Court denied TPL's motion to amend its infringement contentions further on September 9, 2010.

Barco then moved for summary judgment. It claims that TPL's infringement contentions with respect to the '336 Patent do not state how the accused products meet the asserted claim limitations and that TPL does not have evidence of infringement.[4] TPL argues that summary judgment would be premature because the Court has yet to construe the claims at issue and discovery is still ongoing.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex*

---

[2] This matter is one of three related cases. *See Acer v. Technology Properties Ltd., et al.* 08-00877-JF/HRL; *HTC v. Technology Properties Ltd.*, *et al.* 08-00882-JF/HRL.

[3] U.S. Patent Nos. 5,784,584 ("the '584 Patent"), 5,440,749 ("the '749 Patent"), and 6,598,148 ("the '148 Patent")

[4] TPL asserts claims 1,6, 7, 9-11, and 13-16 of the '336 Patent against Barco.

2

Case Number 5:08-cv-05398-JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)
(JFLC1)

*Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson,* 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Barlow v. Ground,* 943 F.2d 1132, 1134-36 (9th Cir. 1991).  However, "[a] non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

### III.  DISCUSSION

Barco relies on *Exigent Technology, Inc. v. Atrana Solutions, Inc.*, 442 F. 3d 1301, 1309 (Fed. Cir. 2006) for the proposition that summary judgment of non-infringement is appropriate where the moving party shows that "the patentee [has] no evidence of infringement and [points] to the specific ways in which accused systems [do] not meet the claim limitations."  It also asserts that under *Celotex*, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325 (1986).

Here, Barco contends that it is not liable for infringement because each claim of the '336 Patent requires a microprocessor chip with a variable speed clock, while the microprocessors in Barco's products contain only fixed clocks.[5]  According to Barco, this distinction obviates the need to construe any other claims before consideration of its motion for summary judgment because the accused products simply do not contain a component that meets the definition of a

---

[5] Barco does not manufacture microprocessors.  Rather, it purchases products that contain microprocessors from manufacturers such as Texas Instruments, and then incorporates the microprocessors into its products.  MSJ at 1.

3

Case Number 5:08-cv-05398-JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)
(JFLC1)

variable speed clock.[6] Barco also argues that TPL will not be able to produce evidence that any accused product infringes the asserted claims of the '336 Patent because TPL's infringement contentions are purely speculative.

TPL contends that even under *Exigent*, Barco's motion for summary judgment is premature. In *Exigent*, claim construction already had occurred. In this case, the parties have not completed fact discovery, nor has the Court set a date for the close of fact discovery, and at this point in the litigation the only individuals who have been deposed are the inventors of the disputed patents and claim construction experts. According to TPL, the focus of discovery has been directed at the construction of the asserted claims because definition of the claims is a necessary predicate to determining infringement.

Indeed, in several of the cases relied upon by Barco, summary judgment of non-infringement was granted only after the court conducted a *Markman* hearing or after the close of fact discovery. *Exigent*, 442 F. 3d at 1301; *TechSearch L.L.C. v. Intel Corp.*, 286 F.3d 1360 (Fed. Cir. 2002); *Utstarcom, Inc. v. Starent Networks*, No. 07-CV-2582, 2009 U.S. Dist. LEXIS 93869 (N.D. Ill. Sep. 16, 2009) (holding that in order to grant summary judgment the court must determine the meaning of the claim before evaluating whether or not the accused product meets the claim limitations). TPL argues that the existing factual questions related to infringement of the '336 Patent cannot be determined based on infringement contentions alone. It emphasizes that discovery is necessary to with respect to whether the accused products contain the asserted claim limitations, and seeks relief pursuant to Fed. R. Civ. P. 56(d).

In order to obtain relief pursuant to Rule 56(d), a party must establish that it has been diligent in conducting discovery and that "there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009). According to TPL, information unquestionably exists that will describe the operation of the

---

[6] Barco has stipulated to the definition of "variable speed" as construed in a previous claim construction in the Eastern District of Texas. MSJ at 2 n. 1. The term has been defined as "capable of operating at different speeds." *Id.*

4
Case Number 5:08-cv-05398-JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)
(JFLC1)

disputed microprocessor chips, and in fact this information is the subject of outstanding document requests directed to Barco and the chip manufacturers.[7] Barco argues that TPL has not exercised diligence in discovery because, after two years of litigation, it just now is seeking information from the most obvious source–the chip manufacturers. However, the issue is not whether TPL has conducted discovery with seamless precision, but whether TPL has worked in earnest during the relevant period. It appears that TPL has been consistent in its discovery efforts throughout the course of litigation. Moreover, the Court believes that analysis of TPL's infringement contentions will be best informed by formal construction of the claims asserted therein.

Barco seeks leave to file a surreply and has included a copy of its surreply in its motion for leave. Dkt. 156. The Court finds this matter suitable for resolution without oral argument, and will vacate the hearing date of April 22, 2011. *See* Civ. L.R. 7-1(b). The motion for leave will be granted. In its surreply, Barco argues that because the parties have agreed upon the terms most critical to its alleged infringement of the '336 Patent, a claim construction hearing would serve no useful purpose. The surreply cites to a chart of agreed-upon terms presented in conjunction with the parties' Joint Claim Construction Statement. Ex. A to Joint Claim Construction Statement, Dkt. 110. However, while the Court appreciates the fact that the parties have agreed upon definitions for many of the terms relevant to TPL's claims, review of the Joint Claim Construction Statement itself shows that several potentially significant terms remain in

---

[7] TPL indicates that it has subpoenaed documents from chip manufacturers in an effort to obtain key chip schematics such as product level datasheets, block diagrams, source code, and technical presentations that will enable TPL to determine the design and operation of the microprocessors in the accused products. Opp. Br. at 24-25; *See* Ex. I to Mar Decl. ISO Opposition to Summary Judgment, Dkt. 136. Additionally, TPL served its First Request for Production of Documents in February 2009, seeking documents that would show (1) the engineering design of the microprocessors, (2) any testing Barco has performed on the microprocessors, and (3) which Barco products contain the microprocessor technology at issue. Ex. B to Mar. Decl. ISO Opposition to Summary Judgment, Dkt. 136. Barco maintains that it does not possess the information sought by TPL and has informed TPL of this fact. It argues further that any concerns TPL harbored with regard to unfulfilled discovery requests should have been raised by a motion to compel.

dispute. Terms such as "ring oscillator" and "operates asynchronously to" have been identified by the parties in previous submissions as being critical to the resolution of the issues in the instant case, but these terms do not appear to be the subject of agreement and in fact appear in the chart of disputed claim terms. Ex. B to Joint Claim Construction Statement, Dkt. 110.

In its surreply, Barco requests that the Court reserve ruling on the motion for summary judgment rather than deny the motion without prejudice so that Barco need not re-file its motion after claim construction has taken place. However, for the reasons stated above, any future motion for summary judgment will need to address additional evidence obtained in discovery.

## IV. ORDER

Good cause therefor appearing, Barco's motion for leave to file a surreply is GRANTED. Barco's motion for summary judgment of non-infringement of the '336 Patent is DENIED WITHOUT PREJUDICE, and TPL's motion for relief pursuant to Fed. R. Civ. P. 56(d) is GRANTED.

**IT IS SO ORDERED.**

**DATED:** March 8, 2011

_____
JEREMY FOGEL
United States District Judge

Case Number 5:08-cv-05398-JF (HRL)
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(d)
(JFLC1)