**E-Filed 5/13/2011**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.<br><br>Plaintiffs,<br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00877 JF/HRL |
| HTC CORPORATION, HTC AMERICA, INC.,<br><br>Plaintiffs,<br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00882 JF/HRL |

Case Nos. 5:08-cv-00877-JF/HRL; 5:08-cv-00882-JF/HRL; 5:08-cv-05398-JF/HRL
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO AMEND INFRINGEMENT CONTENTIONS
(JFLC1)

| | |
|---|---|
| BARCO N.V., a Belgian Corporation<br><br>           Plaintiff,<br><br>    v.<br><br><br><br>TECHNOLOGY PROPERTIES LTD.,<br>PATRIOT SCIENTIFIC CORP.,<br>ALLIACENSE LTD.,<br><br>           Defendants. | Case No. 5:08-cv-05398 JF/HRL<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO AMEND INFRINGEMENT CONTENTIONS** |

Defendants Technology Properties Ltd., Patriot Scientific Corp., and Alliacense, Ltd. (collectively, "TPL") seek leave to amend their infringement contentions with respect to United States Patent Nos. 5,530,890 ("the '890 patent") and 5,440,749 ("the '749 patent") in each of the above-captioned actions.[2] The Court heard oral argument on April 22, 2011. Because TPL seeks to assert certain claims that it reasonably could not have asserted prior to the reexamination of the patents, the motions will be granted in part and denied in part.

## I. BACKGROUND

TPL first sought to amend its preliminary infringement contentions nearly one year ago, after this Court lifted a stay that was imposed pending reexamination of several of the patents-in-suit by the United States Patent and Trademark Office ("USPTO"). Although TPL was permitted to amend its infringement contentions at that time with respect to the '336 patent,[3] the

---

[1] This disposition is not designated for publication in the official reports

[2] Pursuant to Civil L.R. 3-12, the three actions have been related.

[3] Amendment to the '336 infringement contentions was permitted because all parties agreed that amended invalidity and infringement contentions were needed after the reexamination of the '336 patent. *See* Transcript of Case Management Conference Held on February 12, 2010; Order Following Case Management Conference, filed February 22, 2010.

Court denied TPL's motion to amend its contentions with respect to United States Patent No. 6,598,148 ("the '148 patent") and the '749 and '890 patents, finding that TPL had not been diligent.  Order Denying Defendants' Motions to Amend Infringement Contentions, filed September 10, 2010.

TPL now renews its motion to amend its infringement contentions with respect to the '749 and '890 patents based upon subsequent activity by the USPTO.

**A.     The Reexaminations**

In November 2010, the USPTO issued a Notice of Intent to Issue Reexamination Certificate ("NIRC") for the '890 patent.  Upon receipt of the NIRC, TPL notified Plaintiffs of its intention to seek leave to assert new claims once the Reexamination Certificate issued. Mar Decl. Ex. B.  On March 1, 2011, TPL received the Reexamination Certificate, confirming the patentability of existing claims 5–10 and new claims 11–20.  Apart from one clarification to independent claim 11, new claims 11-20 track the patent's original claims 1-10 word-for-word. TPL served the proposed amendments to its infringement contentions the same day.  The proposed amended contentions assert claims 7, 9, 11, 12, 13, 17, and 19 against each Plaintiff.

On February 11, 2011, the USPTO issued the NIRC for the '749 patent, confirming the patentability of claims 1-7, 10-20, 21-27, 30, and 34-62.  Claim 9 was canceled and replaced by claim 59.  TPL expects thirty new claims to be confirmed by the final Reexamination Certificate. Asserting that it wishes to avoid further delay in the instant proceedings, TPL seeks to amend its infringement contentions with respect to the '749 patent before the Certificate issues: it seeks to assert claims 1, 23, 24, 43, 44, 45, 47, 54, 55, and 59 against each Plaintiff.  Together, the proposed amendments would add a total of thirteen newly-accused products in the HTC action and one newly-accused product in the Acer action, each of which TPL contends entered or will enter the U.S. market after June 2010, when TPL last attempted to amend its contentions.[4]

## II.  LEGAL STANDARD

---

[4] After it filed the instant motions, TPL withdrew its request to add several newly-accused products in the Acer and Barco actions.

An action is governed by the version of the local rules in effect at the time the underlying action is filed. *See Seiko Epson Corp. v. Coretronic Corp.*, No. C 06-06946 MHP, 2008 WL 2563383, at *2 (N.D. Cal. June 23, 2008). Plaintiffs Acer Inc., Acer America Corporation, and Gateway, Inc. (collectively, "Acer") and HTC Corporation and HTC America, Inc. (collectively, "HTC") filed their actions on February 8, 2008. Under the Patent Local Rules in effect at that time, "[a]mendment or modification of the Preliminary or Final Infringement Contentions . . . , other than as expressly permitted in Patent L.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause."[5] Patent L.R. 3-7. The Patent Local Rules were amended effective March 1, 2008. Plaintiff Barco, N.V. ("Barco") filed its action on December 1, 2008. The version of Patent Local Rule 3-6 in effect as of that date provides that:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The Advisory Subcommittee commented that even after March 1, 2008, Patent Local Rule 3-6 would continue to be "regulated by the well-established 'good cause' test." Patent Local Rules Advisory Subcommittee Report at 2. Thus, prior cases discussing the concept of "good cause" remain relevant precedent.

In order to demonstrate good cause, TPL must show first that it was diligent in amending its contentions and then that the non-moving parties will not suffer undue prejudice if the motion to amend is granted. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) (concluding that if a party seeking to amend did not demonstrate diligence, there

---

[5] The applicable version of Patent Local Rule 3-6(a) allows a party alleging infringement to amend its infringement contentions without leave of court if the party believes in good faith that the amendment is required by the court's claim construction ruling or documents produced in connection with the opposing party's invalidity contentions. Here, the Court has not issued a claim construction ruling, nor does TPL allege that it seeks to amend in response to the invalidity contentions served by Plaintiffs.

4

was "no need to consider the question of prejudice").[6] *See also Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [good cause] inquiry [under Federal Rule of Civil Procedure 16(b)] is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."). While the court in *O2 Micro* considered "how quickly the party moves to amend its contentions once a new theory of infringement . . . comes to light," Hon. James Ware & Brian Davy, *The History, Content, Application and Influence of the Northern District of California Patent Local Rules*, 25 SANTA CLARA COMPUTER & HIGH TECH. L.J. 965, 995 (2009), this Court has concluded that "the Court also must address whether the party was diligent in discovering the basis for the proposed amendment." *West v. Jewelry Innovations, Inc.*, No. C07-1812 JF (HRL), 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008).

        The party seeking to amend its contentions bears the burden of establishing diligence. *O2 Micro*, 467 F.3d at 1366-67. "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n. 12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp.2d 1121, 1123 (N.D. Cal .2006)). "Nevertheless, judges in this district have recognized that the Patent Local Rules are 'not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset.'" *Halo Electronics, Inc. v. Bel Fuse Inc.*, No. C07-06222 RMW (HRL),

---

[6] Other factors relevant to this inquiry include "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the prior art." *Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, No. C 04-03526 SI, 2008 WL 2168379 at *1 (N.D. Cal., May 22, 2008) (citing *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, at *2-3 (N.D. Cal. May 17, 2007)).

2010 WL 3489593, at * 1 (N.D. Cal. Sep. 3, 2010) (citing *Comcast Cable Communications Corp., LLC v. Finisar Corp.*, No. C06-04206, 2007 WL 716131 at *2 (N.D.Cal. Mar.2, 2007).

### III. DISCUSSION

After nearly three years of litigation, this case still is in its early stages. Plaintiffs suggest that TPL's current effort to amend its infringement contentions is motivated by gamesmanship, as evidenced by the fact that TPL did not file the instant motions until after claim construction briefing was complete. In response, TPL argues that the timing of its proposed amendments was dictated by the reexamination process, noting that it kept Plaintiffs abreast of developments in that process until it became clear which claims would emerge and in what form.

**A.  Non-Opposition**

HTC and Acer do not object to the substitution of claims 1 and 2 of the '890 patent by replacement claims 11 and 12,[7] nor do they object to the substitution of claim 9 of the '749 patent by replacement claim 59. Each Plaintiff also agrees to permit amendment with respect to claim 1 of the '749 patent in order to address the new limitations that were added to that claim during the reexamination.

**B.  Diligence**

TPL contends that because it was uncertain which claims would survive reexamination, it could not conduct a detailed infringement analysis prior to the issuance of the NIRCs for the '749 and '890 patents. Although TPL brought its previous motion to amend based in part on claims that stood rejected as of June 2010, it certainly was not required to do so. In the present context, diligence does not require that a party awaiting USPTO action assert all potential claims. Instead of promoting an orderly process, such a request would add confusion and uncertainty to the litigation.

After it received the NIRC for the '890 patent, TPL promptly notified Plaintiffs of its intent to amend its '890 contentions (Mar Decl. Ex. B), and it began investigating products that

---

[7] Barco also does not object to the substitution of claim 1 of the '890 patent by claim 11.

might infringe the pending claims. *See* Mar. 17, 2011 Brataadiredja Decl. ¶ 4. TPL thus was prepared to serve its amended contentions on the same day that the Reexamination Certificate issued. With respect to the '749 patent, TPL offered to assert claims conditionally based on the NIRC, and it completed its investigation of infringing products and served its proposed amended contentions approximately one month after the NIRC issued. *See* Mar. 25, 2011 Brataadiredja Decl. ¶ 3.

HTC points out that as a matter of law, the scope of the claims asserted under the '749 and '890 patents could not have been altered by the reexaminations. 35 U.S.C. § 305 ("No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter."). Accordingly, HTC contends that the universe of potentially infringing products likewise could not have expanded, and TPL did not need to wait for the issuance of the NIRCs before conducting its renewed investigation into infringing products. However, given the fact that TPL did not know which claims would emerge from the reexamination, it was not unreasonable for TPL to investigate potentially infringing products after the NIRCs were issued.

HTC also argues that public information regarding the newly-accused products was available even before TPL sought to amend its contentions in June 2010. However while, information regarding these products may have been available in the form of press releases or other media, it appears that none of the new instrumentalities actually entered the market until after TPL served its amended contentions in May 2010. *See, e.g.*, Chen Decl. Ex. D (press release indicating that the HTC Aria would be available June 20, 2010);[8] *Id.* Ex. F (article indicating that the HTC Desire was released on August 27, 2010). 35 U.S.C. § 271 prohibits the use or sale of infringing products, not the announcement of intent to sell infringing products. Thus, even if public information about these products was available to it prior to June 2010, TPL

---

[8] Although TPL submitted a corrected version of its proposed amended contentions to HTC on June 22, 2010, two days after the Aria was released, this correction did not alter the substance of its proposed contentions. *See* Corrected Amended Patent Local Rule 3-1 Preliminary Infringement Contentions, June 25, 2010 Mar Decl. Ex. B.

7
Case Nos. 5:08-cv-00877-JF/HRL; 5:08-cv-00882-JF/HRL; 5:08-cv-05398-JF/HRL
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO AMEND INFRINGEMENT CONTENTIONS
(JFLC1)

did not have a legal basis for accusing HTC of infringement until the products actually had entered the market.[9] Moreover, as TPL points out, nothing requires parties to bring a motion to amend each time a new product enters the market, as this could cause undue delay in the proceedings and prejudice to all parties involved.

**C.     Prejudice**

Plaintiffs argue that TPL's attempt to assert claims 7 and 9 of the '890 patent in addition to claims 17 and 19 is unnecessary and prejudicial because the latter are mirror images of the former. Acer observes that in order to promote judicial economy courts frequently limit the number of claims that a patentee may assert. *See, e.g., Auto Wax Co. v. Mark V Products*, No. 3:99-CV-0982-M, 2001 WL 292597, at *1 (N.D. Tex. March 14, 2001) (requiring plaintiff to limit number of claims to be tried from 86 to 19); *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA*, No. 04-0038-JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (requiring plaintiff to reduce its 90 claims to 10); *Verizon Calif., Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 326 F.Supp.2d 1060, 1066 (C.D. Cal. 2003) (requiring plaintiff to select a maximum of three representative claims for each patent it contended was infringed). TPL concedes that "[b]ecause the scope of new independent claim 11 is the same as the scope of original independent claim 1, the infringement theories underlying the claim charts for the new claims are the same as those for the original claims." Mar. 17, 2011 Brataadiredja Decl. ¶ 3. Given that assessment, it appears that the assertion of all four claims would be redundant. Because claim 1 has been canceled and all four claims cover the same ground, logic dictates that TPL be limited to the assertion of claims 17 and 19, which depend from surviving claim 11.

Finally, Plaintiffs argue that they will be prejudiced by having to conduct additional prior art research and by having to brief the new claim terms that were added during reexamination. However, any such prejudice is insufficient to outweigh TPL's right to assert new claims and the

---

[9] For this reason, TPL has sought to accuse conditionally the Acer Iconia, which will be released in the United States later this summer. Perhaps TPL could have taken this approach last year with respect to other HTC products it seeks to accuse now. However, it was not required to do so.

Court's interest in resolving the parties' disputes as comprehensively as is possible.

**IV.  ORDER**

Accordingly, TPL's motions will be GRANTED IN PART AND DENIED IN PART. TPL may amend its infringement contentions to: (a) assert claims 11, 12, 13, 17, and 19 of the '890 patent and claims 1, 23, 24, 43, 44, 45, 47, 54, 55, and 59 of the '749 patent against each Plaintiff; (b) include the thirteen newly-accused HTC instrumentalities; and (c) include conditionally the Acer Iconia.  A case management conference is hereby scheduled for June 24, 2011 at 10:30 a.m. for the purpose of setting a new date and briefing schedule for a claim construction hearing.

IT IS SO ORDERED.

DATED: May 13, 2011

_____
JEREMY FOGEL
United States District Judge