1   John L. Cooper (State Bar No. 050324)
        jcooper@fbm.com
2   Nan Joesten (State Bar No. 191288)
        njoesten@fbm.com
3   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Attorneys for Defendants
    TECHNOLOGY PROPERTIES LIMITED
7   and ALLIACENSE LIMITED

Daniel J. O'Connor (*Pro Hac Vice*)
    daniel.j.oconnor@bakernet.com
Edward K. Runyan (*Pro Hac Vice*)
    edward.k.runyan@bakernet.com
Baker & McKenzie LLP
One Prudential Plaza
130 East Randolph Drive
Chicago, IL 60601
Telephone:  (312) 861-8000

Attorneys for Plaintiff
BARCO N.V.

8

9                           UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12   BARCO, N.V.,

13                          Plaintiff,

14           v.

15   TECHNOLOGY PROPERTIES LIMITED,
     PATRIOT SCIENTIFIC CORP., and
16   ALLIACENSE LIMITED,

17                          Defendants.

Case No. 5:08-cv-05398 JF (HRL)
(*Related to* 5:08-cv-00877 JF and 5:08-cv-00882 JF)

**DISCOVERY DISPUTE JOINT REPORT #1**

**Date of Close of Discovery:** Not yet set

18   <u>Identification of the Issue:</u>  Defendants Technology Properties Limited and Alliacense
19   Limited (collectively "TPL") seek an order compelling Barco to document its search for and
     produce all documents responsive to TPL's RFP Nos. 75, 76, 78, 79, and 80.

20   <u>Joint Meeting:</u>  July 7, 2011, at the Denver International Airport, for approximately 5 hours.

21   <u>Attestations of Lead Counsel:</u>  I have complied with Magistrate Judge Lloyd's Standing Order
22   Re: Civil Discovery Disputes.

23   Dated:  July 19, 2011

24   FARELLA BRAUN + MARTEL LLP

25   By: /s/ John L. Cooper
         John L. Cooper

26
     Attorneys for Defendants
27   TECHNOLOGY PROPERTIES LIMITED
     and ALLIACENSE LIMITED

Dated:  July 19, 2011

BAKER & MCKENZIE LLP

By: s/ Dan O'Connor
        Daniel J. O'Connor

Attorneys for Plaintiff
BARCO, N.V.

28

1   **I.      TPL'S POSITION**

2          **A.      Description of Dispute and Essential Facts**

3          Barco filed a complaint in December 2008 for declaratory judgment of noninfringement

4   and invalidity of three patents.  In February 2009, Defendants brought counterclaims alleging

5   infringement.  Under Patent Local Rule 3-4, Barco was obligated to produce specifications and

6   other technical documentation sufficient to show the operation of its accused products.  TPL

7   served its first set of requests for documents on February 25, 2009.  From June 2009 through

8   February 2010, the case was stayed pending reexamination of the patents-in-suit.  TPL served a

9   second set of document requests on January 4, 2011.  *See* Ex. A.[1]  Requests Nos. 75, 76, 78, 79,

10  and 80 are the subject of this Report and seek documents, including email communications,

11  related to the testing, structure, and functionality of the accused products and their

12  microprocessors.  *Id.* at 4-5.

13         Barco responded on February 7, 2011, with boilerplate objections based primarily on

14  overbreadth, relevance, and burden.  *See* Ex. B.  Barco has produced only 17,216 pages of

15  responsive documents, of which none are emails and less than 25% relate to its noninfringement

16  arguments.  During five months of meet and confer involving numerous phone calls, confirming

17  letters, and a five-hour, in-person meeting of four attorneys, including lead counsel, Barco has

18  1) adopted ever-shifting positions regarding whether and to what extent it searched for responsive

19  documents, 2) avoided answering questions, and 3) flatly refused to produce responsive

20  documents.  On July 12, 2011, TPL and Barco reached an impasse on these issues.

21         **B.      Chip-Level Documents (RFP Nos. 78, 79, and 80)**

22         The chip-level documents TPL seeks go to the heart of the infringement question.[2]

23  Various elements of the asserted claims cover the contents of the integrated circuits contained

24  within Barco's products, how these chips connect to other components of the accused products,

25  and how they are fabricated.  The chip-level documents sought are reasonably calculated to

26

27  ───────────────
    [1] TPL's first set of requests inadvertently misidentified the chips in the Definition section.  Barco understood the
    intended meaning of the requests, however, as it produced at least one responsive datasheet in June 2009, as noted in
28  Section B, below.  TPL's second set of requests clarified the definition of the chips and the requests incorporating it.
    [2] TPL is also pursuing discovery from Barco's chip suppliers, subject to subpoenas issued in January 2011.

1  confirm the presence of such claimed features and guide further discovery.  Indeed, Barco agreed

2  in writing to produce all schematics in response to Request No. 79.[3]  *See* Ex. B, at 8.

3       Through January of this year, more than two years after Barco sued TPL, Barco had

4  located only two chip-level datasheets.  Barco produced one in June 2009, but withheld the other

5  on the grounds that it was "proprietary to Texas Instruments."  Even after Judge Fogel lifted the

6  stay, and this Court entered a protective order, TPL had to repeatedly ask Barco for the Texas

7  Instruments datasheet before Barco produced it on January 13, 2011.  In March, Barco produced a

8  handful of technical manuals for other microprocessors in its accused products.

9       As meet and confer progressed, Barco continued to deny possession of chip-level

10  documents, even as it refused to disclose whether and to what extent it had searched for them.  In

11  May, TPL advised Barco that its production of some chip-level documents over the course of

12  discovery demonstrated a likelihood that additional such documents existed, contrary to Barco's

13  representations.  TPL also noted that engineers often exchange such documents over email, and

14  reiterated its request for responsive emails.  Barco refused, claiming that having to search Barco's

15  servers for email was "unduly burdensome" and irrelevant.

16       Barco subsequently stated that it had searched for and produced all chip-level documents

17  in its possession.  But at the July 7 in-person meeting, Barco's counsel admitted that they did not

18  know the details of any searches Barco had done for relevant chip-level documents.  On July 12,

19  Barco's counsel advised that Martin Piepers of Barco had overseen a computerized search of one

20  or more servers for the part numbers of the identified microprocessors, but that he had not

21  searched engineers' hard drives or any email files, nor looked for any paper documents.  Barco's

22  counsel was not aware of whether Barco had searched for documents using anything other than

23  parts numbers, such as, e.g., chip names, product names, or code names.  The apparent failure of

24  Barco's counsel to "verify[] that the necessary discovery ha[s] been conducted (including

25  ensuring that all of the correct locations, servers, databases, repositories, and computers [are]

26  correctly searched for potentially relevant documents)" does not meet outside counsel's discovery

27  obligations set forth in *Qualcomm Inc. v. Broadcom* Corp., No. 05-cv-1958-B, 2010 WL

28

---

[3] Barco is also required to produce these schematics pursuant to Patent L.R. 3-4.

1  1336937, *2 (S.D. Cal. Apr. 2, 2010).  Barco's counsel also claimed that Barco could locate no

2  relevant emails, but refused to state the basis for that assertion, to confirm whether Barco had

3  even conducted a thorough search of its email servers, or to provide any additional specificity

4  regarding the extent of Barco's search.

5        Barco can no longer avoid discovery by implausibly claiming it does not have chip-level

6  documents, while simultaneously refusing to disclose the specifics of its searching, which would

7  reveal only an inadequate, cursory search.  The clear (and until recently, undisputed) relevance of

8  such documents outweighs any possible burden on plaintiff Barco, particularly as Patent L.R. 3-4

9  affirmatively requires Barco to produce these documents.  The Court should therefore compel

10  Barco to search for and produce all chip-level documents responsive to Requests 78-80, including

11  emails or other correspondence, and to detail the specific locations, servers, databases,

12  repositories, custodians, and computers Barco searched, and the search terms it applied.

13        **C.**      **Product-Level Documents (RFP Nos. 78, 79, and 80)**

14        Barco has been equally delinquent in producing documents showing the operation of

15  Barco's accused products.  The need for production of such documents is so rote that Patent Local

16  Rule 3-4 imposes an affirmative obligation on the disclosure of such materials at the outset.

17  Patent L.R. 3-4 (requiring production of "specifications, schematics, flow charts, … or other

18  documentation sufficient to show" how the accused products function); *see also Cryptography*

19  *Research, Inc. v. Visa Int'l Serv. Ass'n*, No. C-04-04143 JW (HRL), 2005 U.S. Dist. LEXIS

20  37013, *7 (N.D. Cal. July 27, 2005) (accused infringer "must provide enough documentation to

21  sufficiently show the operation of any aspects or elements of an Accused Instrumentality").

22        In January 2011, TPL asked Barco for a date certain on which it would produce all

23  requested product-level documents, reminding Barco that these documents were also responsive

24  under Patent L.R. 3-4.  After ignoring TPL's requests, Barco finally, during a March meet and

25  confer teleconference, seemingly agreed to produce documents depicting and describing the

26  printed circuit board layout, including part lists, as well as product and engineering specifications,

27  for each of the 11 accused Barco products.  After first denying any such agreement had been

28  reached, and only after much prodding by TPL, Barco made only a 115-page production of

1   printed circuit board layouts and parts lists in April.  The documents did not, save for a few pages,

2   even identify the product(s) they covered, rendering them near useless.  Despite there being 11

3   accused products in this case, Barco has produced just six parts lists and four schematic diagrams.

4   To facilitate the meet-and-confer on the completeness of Barco's production, TPL asked Barco to

5   specify the accused products to which each of the product-level documents corresponded, and

6   when Barco would complete its production for the entirety of the accused products.  During the

7   meeting of counsel on July 7, TPL reiterated its requests that Barco clarify its deficiently labeled

8   production, and again reminded Barco of its Patent Local Rule 3-4 obligations.  Upon further

9   questioning, Barco could link only three sets of schematics to three accused products and claimed

10  it had no technical documentation whatsoever for any accused product with a hard drive.[4]

11      Barco primarily argues that TPL is not entitled to any technical information regarding

12  Barco's products, due to alleged deficiencies in TPL's infringement contentions,[5] and that Barco

13  will not produce any product-level documents beyond those relating to the microprocessor.  This

14  position is contrary to law where the asserted system claims specify distinct elements found

15  outside the microprocessor, e.g., "off-chip external clock" and connections to external memory.

16  Documents disclosing such off-chip elements are squarely relevant, and should have already been

17  produced pursuant to Patent Local Rule 3-4 and TPL's document requests.  Barco's argument that

18  it either "knows nothing" when the chips are in a third-party hard drive, or the documents are "not

19  relevant," is untenable.  Barco's engineers must confirm that the chips work as intended in the

20  projectors.  They must know that the signals going between the chips and the products' other

21  components are properly formatted to facilitate the intended communication, both for the hard

22  drive chips and for the chips directly installed.

23      Although Barco brought this lawsuit, it has produced virtually no technical documents in

24  support of its contentions that its accused products do not infringe TPL's patents.  Barco's

25

26  [4] The chips in two accused products are within Seagate hard drives.  But as noted below, the asserted claims implicate various off-chip elements, including clocking signals running from the Barco product to its hard drive.

27  Moreover, Patent L.R. 3-4 obligates Barco to produce documents showing the operation of any aspect of its accused products.

28  [5] Not only is Barco wrong in claiming the contentions are insufficient, but the argument is also untimely, since Barco waived the objection by failing to raise it in its written responses.  See Ex. B, at 7-9.

1   reticence is at odds with its duty to produce discovery in good faith.  *See Qualcomm Inc. v.*

2   *Broadcom Corp.*, 548 F.3d 1004, 1027 (Fed. Cir. 2008).  In light of the clear relevance and

3   critical importance of such information, TPL asks that the Court compel Barco to comply with its

4   obligations by producing all product-level documents responsive to Requests 78-80.

5           **D.      Testing Documents (RFP Nos. 75 and 76)**

6           Throughout meet and confer, TPL has asked Barco for documents related to its testing of

7   the accused products within the United States and in relation to Barco's noninfringement

8   contentions.  This is directly relevant to the core issue of infringement because "testing is a use of

9   the invention that may infringe under § 271(a)."  *See Waymark Corp. v. Porta Sys. Corp.*, 245

10  F.3d 1364, 1366 (Fed. Cir. 2001) (citation omitted)).  At the July 7 meeting, Barco's counsel

11  conceded that they did not know if Barco routinely tested its products in the United States, and

12  that Barco did not search for such documents. While Barco raised boilerplate objections of burden

13  and overbreadth, it has not substantiated those arguments.

14          **E.      TPL's Final Proposal**

15          TPL requests that the Court issue an order compelling Barco to produce, within ten days,

16  (1) all chip-level documents and all product-level documents called for by TPL's Requests for

17  Production Nos. 78, 79, and 80; and (2) all testing-related documents responsive to TPL's

18  Requests for Production Nos. 75 and 76.  TPL further asks the Court to order Barco to provide to

19  the Court and TPL within 30 days a signed certification stating that (1) Barco has completed a

20  reasonable, thorough search for responsive documents and has produced all that are in its

21  possession, custody, or control; (2) the scope of its search for those documents, including

22  descriptions and lists of the departments, servers, databases, and custodian files searched, and

23  search terms used; and (3) that the search included all emails, electronic files, and hard-copy files

24  of all engineers or other employees who worked on any accused product, conducted regular

25  testing, or participated in Barco's noninfringement analysis.

26

27

28

1   **II.      BARCO'S POSITION**

2        **A.      Description of Dispute and Essential Facts**

3        TPL overlooks the fundamental fact that Barco does not make or design any of the

4   accused chips – the instrumentalities that form the sole bases for the allegations of infringement.

5   Barco makes electrical products, such as projectors, that include as components computer chips

6   (and a multiplicity of other components) that Barco buys "off the shelf" from third party chip

7   suppliers.  An analogy might be a case wherein Ford Motor Company is sued for infringement of

8   patents on chemical composition of rubber, based on the rubber used in the tires on Ford cars that

9   are purchased by Ford from tire manufacturers.  Ford may have certain information about the

10  tires, for example general specifications, but Ford will not have detailed information about the

11  chemical composition of the rubber in the tires.  The company that makes the tires, for example

12  Firestone, will have that information.

13       That is similar to what is going on here.  Barco uses as a component in some products, for

14  example, a particular chip made by Texas Instruments.  Barco does not have detailed information

15  about that chip beyond what is needed to know whether it suits Barco's needs. Texas Instruments,

16  the maker and designer of the chip in this example, will have the detailed information about the

17  chip.    Yet TPL is expecting Barco to have detailed information and documents about the

18  microscopic circuitry of the chips it uses as components, but does not make or design.  This is the

19  crux of the problem.  TPL has for unknown reasons not bothered, until very recently, to seek the

20  information it says it needs – detailed information about the circuitry of the chips – from the

21  source where that information is most likely to be found: the chip makers.

22       In addition to accused chips that Barco  buys and installs in its products from third party

23  chip suppliers, TPL has also accused chips that are found in hard drives that Barco buys and

24  installs in some of its products.  For these products, Barco's connection to the chip is even further

25  removed from the source.  Barco buys as a component for some of its products, hard drives which

26  themselves includes many subcomponents, one of which is the chip that TPL accuses of

27  infringement.  TPL's position is based on the proposition that there is some likelihood that Barco

28  will have documents about the details of chips in the hard drives that Barco buys from a third

1 party drive maker. That proposition is unfounded, and it is wasting a lot of the time of counsel

2 for Barco and now the court. It also begs the question of why TPL did not simply take discovery

3 from the maker of the hard drives, in this example, Seagate, to obtain the information TPL seeks.

4 **B.      Dispute over "Chip-Level Documents" (RFPs 78, 79, and 80)**

5 TPL incorrectly states that "Barco agreed in writing to produce all schematics in response

6 to Request No. 79. What Barco said *in writing* was "If Defendants will clarify this request, Barco

7 will work with Defendants to produce responsive, non-privileged documents, if any exist." Exh.

8 B, p. 8. TPL is not actually complaining about Barco's production, but about confirmation of its

9 searching. This may be understandable if no documents had been found and produced, but TPL

10 is now asking that Barco search emails for datasheets that might have been sent via email. This is

11 unduly burdensome, because Barco has already found and produced datasheets for the accused

12 chips used directly in its products, and because Barco should not be required to search for non-

13 existent emails relating to the chips that are only found in hard drives that Barco buys from third

14 parties. The following chart is illustrative of Barco's production.

| ACCUSED CHIP | CHIP MAKER | PRODUCTION |
|---|---|---|
| DDP3020 | Texas Instruments | Barco conducted a computerized search for this part number, and produced the full datasheet thus located (63 pages). |
| DDP1011 | Texas Instruments | Barco conducted a computerized search for this part number, and produced the full datasheet thus located (51 pages). |
| Virtex-5 | Xilinx | Barco conducted a computerized search for this part number, and produced all documents thus located, including the user guide (385 pages), the configuration user guide (166 pages), FPGA Datasheet (91 pages), Virtex-5 family overview (13 pages), system monitor user guide (66 pages), design considerations user guide (112 pages), packaging and pinout specification user guide (416 pages) embedded processor block reference guide (347 pages) and PCB designer's guide (38 pages), a total of *1,634 pages*. |
| 405GP | Applied Microcircuits Corp. | Barco conducted a computerized search for this part number, and produced the full processor user's manual (1278 pages) to TPL. |

| TTB4398A0 | LSI Logic | Barco conducted a computerized search for this part number and did not locate any records, which is to be expected since this chip is part of a Seagate hard drive that Barco purchases and installs in some products. This chip is not used or purchased directly by Barco. |
| 100404226 | Agere | Barco conducted a computerized search for this part number and did not locate any records, which is to be expected since this chip is part of a Seagate hard drive that Barco purchases and installs in some products. This chip is not used or purchased directly by Barco. |

TPL has now subpoenaed the chip makers for documents about the chips. The chip makers, all US companies, are also available for deposition. The chip makers are certainly the best source of information regarding the design, structure, and function of their chips. Surely that source, is "more convenient, less burdensome, [and] less expensive" than having Barco conduct further exhaustive search based on TPL's speculation.. *Fed. R. Civ. P. 26(b)(2)(C).*

### C.    Dispute over "Product-Level Documents" (RFPs 78, 79, and 80)

In this report, TPL states that it is also seeking documents "showing the operation of Barco's accused products." This goes beyond TPL's discovery requests, which ask for "user manuals" and "service manuals" and "instructions for use" regarding the accused products. Ex. A, Req. 78 and 80. The other documents requested pertain only to chips (e.g., requests for "block specifications . . . data sheets … floor plans . . . etc.). There is no such thing as a "block specification" or "data sheet" or "floor plan" for Barco's projectors. Further, the requested "product level" documents are not relevant to this case, since TPL's patents are all directed to microprocessor chips, and not the products in which they are installed. TPL complains that Barco did not identify the products associated with schematics and parts lists it produced, allegedly "rendering them near useless." TPL does not mention that Barco verbally informed TPL of this information prior to the writing of this joint report.

TPL hints that Barco has not complied with P.L.R. 3-4, while  not asking the court to grant relief on that basis. In any event, P.L.R. 3-4 only requires Barco to produce documentation

1  "sufficient to show the operation of any aspects or elements of an Accused Instrumentality

2  identified by the patent claimant in its Patent L.R. 3-1(c) chart."  TPL has not identified any

3  aspects or elements of any Barco products, as detailed in Barco's Joint Report #2.  Simply

4  accusing a particular product, for example a projector, of infringing does not entitle TPL to all

5  information regarding the entire operation of the product, especially where infringement is based

6  on a single component, an accused chip made by a third party.  *Fusionarc, Inc. v. Solidus*

7  *Networks, Inc.* 2007 U.S. Dist. LEXIS 28970, *10 (N.D. Cal. April 5, 2007) (holding that no

8  documents need be produced under P.L.R. 3-4 "to the extent that Fusionarc has identified *no*

9  aspect of defendants' systems as infringing a particular claim.").  In *Fusionarc*, the contentions

10  were based on "marketing materials" and described the accused systems "only in broad terms."

11  *Id*. at *4.  The same is true of TPL's contentions, which do not clearly identify any particular

12  structure in Barco's projectors as infringing.  TPL states that it is entitled to additional information

13  because a few of the asserted claims have limitations in addition to microprocessor chips, such as

14  an "off-chip external clock" and connections to external memory.  However, TPL has not

15  *identified* any such elements in the Accused Instrumentality, but has only speculated, without

16  support, that they are there.  TPL also speculates that "Barco's engineers must confirm" how the

17  accused chips work, again with no support.  The following chart is illustrative.

| ACCUSED BARCO PRODUCT | PRODUCTION |
|---|---|
| iCon H250/H400/H500 Projectors | Barco has produced the service manual for these projectors (130 pages).  Even these, however, are not relevant: TPL has accused these products of infringing due to alleged use of the Texas Instruments DDP3020 chip.  However, these products do not contain the DDP3020 chip. |
| iD R600+ Projector | Barco has produced the service manual for this projector (102 pages).  Barco has also produced schematics and parts lists for the PCB assembly that includes the accused DDP3020 chip. |
| SIM 5R Projector | Barco has produced the service manual for this projector (88 pages).  Barco has also produced schematics and parts lists for the PCB assembly that includes the accused DDP3020 chip. |
| JPEG2000 Circuit Board | Barco has produced a sales document showing that only one JPEG2000 has ever been sold in the U.S.  Barco also produced brochures for this product.  Barco does not have schematics for this board, because Barco simply buys the board from a vendor and adapts it to its intended encoding function. |
| SLM R12+ Projector | Barco has produced the service manual for this projector (287 |

| | pages).  Barco has also produced schematics and parts lists for the PCB assembly that includes the accused DDP1011 chip. |
|---|---|
| RLM R6+ Projector | Barco has produced the service manual for this projector (165 pages).  Barco has not located schematics but this is not unexpected because Barco does not make this projector, but has it made in Asia and then sells it under Barco's name. |
| DX-700 | Barco has produced the full user guide (230 pages), a quick start guide, a brochure, and general specifications. |
| Axon media server | Barco has produced a technical specifications document and a brochure.  Because TPL has only accused a chip within a purchased hard drive of infringing, further technical documents regarding the overall product are not relevant. |
| Hog IPC Console | Barco has located a number of documents (a handbook, user manual, etc.) and will be producing them shortly.  Because TPL has only accused a chip within a purchased hard drive of infringing, further technical documents regarding the overall product are not relevant. |

### D.   Dispute over "Testing Documents" (RFPs 75 and 76)

This pertains to testing in the United States.  Barco has confirmed that it does not  test in the U.S. products it makes outside the U.S. Barco will shortly produce a supporting declaration. The only products that might be tested in the U.S. are the Axon Media Server, the DX-700, and the Hog IPC.  Barco has located testing documents for the DX-700 and will produce them shortly. Barco will produce similar U.S. testing documents, if any, for the Axon Media Server and the Hog IPC.

### E.   Barco's Final Proposal

Barco has conducted a reasonable search and produced relevant documents regarding the accused third-party chips.  Any further searching is unnecessary, burdensome and is unlikely to uncover information nearly as pertinent to this case as TPL's subpoenas and other discovery taken on the chip manufacturers themselves.  Further, Barco has produced (or will produce shortly) technical information regarding its products beyond what is relevant to this case, since TPL's patents concern chips, not projectors, and TPL has not identified in its Infringement Contentions any aspects of Barco's projectors as infringing.  Barco will produce a declaration that the iCon series, iD R600, SIM5R, JPEG2000, SLM R12+ and RLM R6+ are not tested in the United States.  Barco will produce testing documents for any products tested in the United States.

# EXHIBIT A

1    John L. Cooper (State Bar No. 050324)
         jcooper@fbm.com
2    Nan E. Joesten (State Bar No. 191288)
         njoesten@fbm.com
3    Eugene Y. Mar (State Bar No. 227071)
         emar@fbm.com
4    Farella Braun & Martel LLP
     235 Montgomery Street, 17th Floor
5    San Francisco, CA  94104
     Telephone:  (415) 954-4400
6    Facsimile:  (415) 954-4480

7    Attorneys for Defendants
     TECHNOLOGY PROPERTIES LIMITED and
8    ALLIACENSE LIMITED

9

10                       UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                             SAN JOSE DIVISION

13

14   BARCO, N.V.,                         Case No. 5:08-cv-05398 JF

15                   Plaintiff,           **DEFENDANTS' SECOND REQUEST
                                          FOR PRODUCTION OF DOCUMENTS**
16          vs.                           **TO BARCO, N.V.**

17   TECHNOLOGY PROPERTIES LIMITED,       The Honorable Jeremy Fogel
     PATRIOT SCIENTIFIC CORPORATION,
18   and ALLIACENSE LIMITED,

19                   Defendants.

20   AND RELATED COUNTERCLAIMS

21

22

23   PROPOUNDING PARTY:    Defendants TECHNOLOGY PROPERTIES LIMITED and
                           ALLIACENSE LIMITED
24
     RESPONDING PARTY:     Plaintiff BARCO, N.V.
25
     SET NUMBER:           Two (2)
26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,
N.V. / Case No. 5:08-cv-05398 JF

23129\2471643.2

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants

2    Technology Properties Limited and Alliacense Limited (collectively "TPL") request that Plaintiff

3    Barco, N.V. ("Barco") serve TPL with its written responses to these requests for production and

4    produce copies of the documents and things requested below at the law offices of Farella Braun +

5    Martel LLP, 235 Montgomery Street, San Francisco CA 94104 within 30 days after service

6    hereof. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for

7    documents and things are continuing in nature. If, after producing the requested documents and

8    things, Barco obtains or becomes aware of any further responsive documents or things, Barco

9    must produce to TPL such additional documents and things.

10                                         **DEFINITIONS**

11       1.    "BARCO," "YOU," "YOUR," or "YOURS" means plaintiff Barco, N.V., its

12    predecessors and successors, past and present parents, divisions, subsidiaries, affiliates, and

13    related companies, and all past and present directors, officers, employees, agents, consultants,

14    attorneys and others purporting to act on its behalf.

15       2.    "COMMUNICATION" means any form of oral or written interchange or

16    attempted interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail,

17    or by any other medium.

18       3.    The term "DOCUMENT" is used in the broadest possible sense as interpreted

19    under the Federal Rules of Civil Procedure and includes, without limitation, all originals and

20    copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded

21    matter, however produced or reproduced, and all "writings," as defined in Federal Rule of

22    Evidence 1001, of any nature, whether on paper, magnetic tape, electronically recorded or any

23    other information storage means, including film and computer memory devices; and where any

24    such items contain any marking not appearing on the original or are altered from the original, then

25    such items shall be considered to be separate original documents.

26       4.    The term "RELATE," "RELATES" or "RELATING TO" means concerning,

27    referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved

28    with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,        - 2 -
N.V. / Case No. 5:08-cv-05398 JF

23129\2471643.2

1    describing or otherwise relating to the subject matter.

2       5.      "PATENTS-IN-SUIT" means U.S. Patent Nos. 5,809,336; 5,440,749; and

3    5,530,890, both individually and collectively.

4       6.      "TPL" means defendant Technology Properties Limited, Patriot Scientific

5    Corporation, or Alliacense Limited, and any person or entity purporting to act on their behalf or

6    that Barco believed or understood to be acting on their behalf.

7       7.      "BARCO PRODUCTS" shall mean the goods and/or products of Barco, N.V.,

8    which are listed in the product reports served on BARCO on February 20, 2009, and April 30,

9    2010.

10       8.      "BARCO CHIPS" shall mean chips or microprocessors identified as Agere

11    100404226, AMCC 405GP, LSI Logic LSITTB4398A0, Texas Instruments DDP1011, Texas

12    Instruments DDP3020 (DarkChip 3), and Xilinx Virtex-5.

13       9.      "RELATED PATENTS" shall mean any patent applications or patents that relate

14    to or claim priority to any of the Patents-in-Suit.

15       10.     "COMPLAINT" shall mean the Complaint for Declaratory Judgment filed on

16    December 1, 2008 (Docket Entry No. 1).

17

18                                  **INSTRUCTIONS**

19       1.      As used in these Requests for Production, the singular shall include the plural, and

20    the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be

21    both conjunctive and disjunctive; the word "all" shall mean "any and all;" the word "including"

22    shall mean "including without limitation," so as to be most inclusive.

23       2.      DOCUMENTS produced in response to these requests should be produced as they

24    are kept in the usual course of business or should be organized and labeled to correspond with the

25    categories in the request.

26       3.      If BARCO contends that a portion of a DOCUMENT is subject to being withheld

27    under a claim of privilege or immunity from production or that a portion of a DOCUMENT is

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,    - 3 -
N.V. / Case No. 5:08-cv-05398 JF

23129\2471643.2

1   non-responsive to the requests below, produce the entire DOCUMENT with any necessary

2   redactions.

3         4.    If any DOCUMENT is withheld under a claim of privilege or immunity from

4   production, identify that document as required by Federal Rule of Civil Procedure 26(b)(5) .

5         5.    These requests are continuing; so that if after responding and producing

6   DOCUMENTS for inspection and copying, BARCO acquires or locates any additional

7   DOCUMENT falling within the scope of any of the requests herein, BARCO is to produce such

8   additional DOCUMENTS promptly for inspection and copying.

9

10

11   **REQUESTS FOR PRODUCTION**

12   **REQUEST FOR PRODUCTION NO. 72:**

13       All board minutes, board presentations, and other documents from BARCO's board of

14   directors meetings concerning BARCO PRODUCTS and/or BARCO CHIPS.

15   **REQUEST FOR PRODUCTION NO. 73:**

16       · All DOCUMENTS including, but not limited to past and present organizational functional

17   charts, that list or identify the persons employed by YOU who have or had responsibility for the

18   following functions relating to the BARCO PRODUCTS:  (a) manufacturing; (b) marketing; (c)

19   distribution (d) advertising; (e) sales; (f) product design; (g) product engineering; (h) product

20   testing; (i) product specifications; (j) product certifications; (k) research and development; (l)

21   patent activities; and (m) importing and exporting.

22   **REQUEST FOR PRODUCTION NO. 74:**

23       All DOCUMENTS concerning BARCO's first use, sale, offer to sell, or importation of the

24   BARCO PRODUCTS in the United States for any purpose.

25   **REQUEST FOR PRODUCTION NO. 75:**

26       All DOCUMENTS concerning any investigation, testing, analysis, or study of the

27   BARCO CHIPS or BARCO PRODUCTS conducted by or on behalf of BARCO in the United

28   States.

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,    - 4 -
N.V. / Case No. 5:08-cv-05398 JF

1    **REQUEST FOR PRODUCTION NO. 76:**

2          All DOCUMENTS concerning any investigation, testing, analysis, or study of the

3    BARCO CHIPS or BARCO PRODUCTS that relate to BARCO's assertion that its products do

4    not infringe any valid claims of the PATENTS-IN-SUIT.

5    **REQUEST FOR PRODUCTION NO. 77:**

6          All DOCUMENTS sufficient to show which of YOUR products contain the BARCO

7    CHIPS.

8    **REQUEST FOR PRODUCTION NO. 78:**

9          All DOCUMENTS concerning block specifications, datasheets, floor plans, user manuals,

10   programming manuals, clock tree, I/O protocol specifications, service manuals, CORE manual,

11   die image, chip packaging information, and timing diagrams for any BARCO CHIP or BARCO

12   PRODUCT.

13   **REQUEST FOR PRODUCTION NO. 79:**

14         All system and transistor level schematics, including but not limited to schematics

15   contained in service manuals for each BARCO CHIP, corresponding to each printed circuit board

16   in the BARCO CHIP.

17   **REQUEST FOR PRODUCTION NO. 80:**

18         One copy of each version (including each paper, magnetic, and electronic version) of all

19   manuals, user guides, white papers, training guide, brochures, instructions for use, specifications

20   and licenses (both express and implied) for each model of BARCO PRODUCT, and their

21   prototypes.

22   **REQUEST FOR PRODUCTION NO. 81:**

23         Two representative samples of each model of BARCO PRODUCT.

24   **REQUEST FOR PRODUCTION NO. 82:**

25         Two samples of each BARCO CHIP contained in any BARCO PRODUCT.

26   **REQUEST FOR PRODUCTION NO. 83:**

27         All source code and related programming information for each BARCO CHIP contained

28   within any of YOUR products.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,
N.V. / Case No. 5:08-cv-05398 JF                - 5 -

23129\2471643.2

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS concerning statements made by YOU, including COMMUNICATIONS between YOU and any prospective customers, referring or relating to the actual or contemplated capabilities of the BARCO PRODUCTS or BARCO CHIPS.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS concerning the advertising or promotion of the BARCO PRODUCTS or BARCO CHIPS.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and design files, whether in electronic format or on paper, identifying, specifying, or characterizing transistor parameters or models used for circuit simulations (such as Spice or HSpice models, HSIM models, or Spectre models) for any clocking, CPU, and/or I/O interface circuit in a BARCO PRODUCT.

**REQUEST FOR PRODUCTION NO. 87:**

For each BARCO PRODUCT sold by YOU, profit and loss statements on a quarterly basis for the business division or business unit or business segment most directly responsible for sales of that BARCO PRODUCT.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS concerning past sales, manufacturing, research, license or development; present sales, manufacturing, research, licenses or development; and projected or contemplated future sales, manufacturing, research, license or development of any BARCO PRODUCT.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS sufficient to show sales, sales price, revenues, gross margin, net margin, cost and profit information for each of the BARCO PRODUCTS, broken down by quarter, including all DOCUMENTS sufficient to explain any acronyms or terminology employed by YOUR accounting systems since January 2000.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,
N.V. / Case No. 5:08-cv-05398 JF                - 6 -                23129\2471643.2

1    **REQUEST FOR PRODUCTION NO. 90:**

2         DOCUMENTS sufficient to identify all of YOUR current and former customers,

3    licensees, and/or resellers of the BARCO PRODUCTS.

4    **REQUEST FOR PRODUCTION NO. 91:**

5         All DOCUMENTS concerning strategic plans, business plans, business strategies,

6    licensing plans, licensing proposals, licensing forecasts, prospectuses, market surveys, market

7    strategies, market analyses, and/or marketing forecasts of customer demand for the BARCO

8    PRODUCTS.

9    **REQUEST FOR PRODUCTION NO. 92:**

10        DOCUMENTS sufficient to demonstrate YOUR market share in any industry market in

11   which BARCO PRODUCTS are sold since January 2000.

12   **REQUEST FOR PRODUCTION NO. 93:**

13        All DOCUMENTS concerning any license, royalty, technology transfer, or authorization

14   to use agreements entered into by YOU relating in any way to the BARCO PRODUCTS, whether

15   or not a formal agreement was ever reached.

16   **REQUEST FOR PRODUCTION NO. 94:**

17        All DOCUMENTS concerning patent licenses or agreements that YOU have entered into

18   regarding any aspect of semiconductors, including but not limited to, the BARCO CHIPS and the

19   semiconductors found in the BARCO PRODUCTS.

20

21   Dated: January 4, 2011                    FARELLA BRAUN & MARTEL LLP

22

23                                             By:
24                                                Eugene Y. Mar

25                                             Attorneys for Defendant
                                               TECHNOLOGY PROPERTIES LIMITED and
26                                             ALLIACENSE LIMITED

27

28

DEFENDANTS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS TO BARCO,          - 7 -                          23129\2471643.2
N.V. / Case No. 5:08-cv-05398 JF

# EXHIBIT B

1   Daniel J. O'Connor (*Pro Hac Vice*)
    Edward K. Runyan (*Pro Hac Vice*)
2   **BAKER & MCKENZIE LLP**
    One Prudential Plaza
3   130 East Randolph Drive
    Chicago, IL 60601
4   Telephone: +1 312 861 8000
5   daniel.j.oconnor@bakernet.com
    edward.k.runyan@bakernet.com
6
7   Tod L. Gamlen (SBN 83458)
    **BAKER & MCKENZIE LLP**
8   660 Hansen Way
    Palo Alto, CA 94303-1044
9   Telephone: +1 650 856 2400
    tod.l.gamlen@bakernet.com
10
11  Attorneys for Plaintiff
    BARCO N.V.
12

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15                           SAN JOSE DIVISION

16  **BARCO, N.V.,**                        Case No.  **5:08-cv-05398 JF**

17              **Plaintiff,**              **PLAINTIFF BARCO, N.V.'S**
                                            **RESPONSE TO DEFENDANTS'**
18          **v.**                          **SECOND REQUEST FOR**
                                            **PRODUCTION OF DOCUMENTS TO**
19  **TECHNOLOGY PROPERTIES LIMITED,**      **BARCO, N.V.**
    **PATRIOT SCIENTIFIC CORPORATION,**
20  **and ALLIACENSE LIMITED.**            **The Honorable Jeremy Fogel**

21             **Defendant.**

22

23

24

25

26

27

28

                                   1

Barco, N.V. (herein "Barco") hereby states as follows in response to Defendants' second set of requests for production of documents, Nos. 72-94:

## PRELIMINARY STATEMENT

Barco's investigations of facts concerning this action are continuing. The responses herein, therefore, are based upon a reasonable investigation of such information and documents as are presently available to Barco, its employees and agents. Barco anticipates that further investigation and analysis may supply additional facts and additional meaning to the known facts. Barco reserves the right to modify or supplement, as appropriate or as required by the Federal Rules of Civil Procedure and any applicable Local Rules, any and all responses herein as additional facts are ascertained, as additional documents are obtained and as additional analysis and contentions are formulated. Barco also reserves the right to object to the admissibility of information and/or documents disclosed in response to these Requests at the time of trial.

## SPECIFIC OBJECTIONS OF GENERAL APPLICABILITY

Barco objects to the Definitions contained in the Requests as improper to the extent that the Definitions are overly broad, vague, and ambiguous and to the extent that the Definitions could lead to the formulations of responses that are either inaccurate when read against a specific Request or that would create an inaccurate or misleading record. Barco also objects to the Definitions on the grounds that, as used in the Requests, they would render the development of a response thereto oppressive, unduly burdensome, unreasonably expensive, and/or would require an unreasonable investigation on the part of Barco. Barco further objects because certain of the Definitions, as used in the Requests, seek information that it irrelevant and/or immaterial, and/or is not reasonably calculated to lead to the discovery of admissible

2

evidence.  Barco will assign to those terms their usual and/ordinary meaning in responding to the Requests.

Specifically, Barco objects to the following terms for which Defendant has propounded unique proposed definitions:

    a) "Barco," "YOU,""YOUR," or "YOURS," on the basis that the proposed definitions go beyond the regular and ordinary meaning of these terms, and are therefore confusing and burdensome.  Barco also objects to the proposed definition as including Barco's "affiliates, and related companies, and all past and present directors, officers, employees, agents, consultants, attorneys and others purporting to act on their behalf."  Rule 34 is only applicable to *parties*, and not their attorneys, agents, or other non-parties.  *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("Rule 34, like Rule 33, is limited to parties to the proceeding, thereby excluding their counsel or agents.").  Barco will not produce documents on behalf of agents and other non-parties that would fall under Defendants' definition of "Barco", "YOU" and "YOUR" but that are outside the scope of Fed. R. Civ. P. 34.

    b) "RELATE," "RELATES," or "RELATING TO,"  on the basis that the proposed definitions go beyond the regular and ordinary meaning of these terms, and are therefore confusing and burdensome.

    c) "BARCO PRODUCT" on the basis that the entire products listed in the product report served on Barco on February 20, 2009 and April 30, 2010 do not contain the instrumentalities identified in defendants' Infringement Contentions. Accordingly, Barco objects to this definition to the extent it defines portions of Barco products beyond the microprocessors identified and "analyzed" in the product report defendants served on Barco on February 20, 2009 and April 30, 2010.

d)   Barco objects on the basis of relevance and burden to the extent these requests seek discovery of documents or information relating to sales, operations, or activities outside the United States.

1.      Barco objects to producing information in response to the Requests that is protected by the attorney-client privilege, work product doctrine, joint-defense doctrine, common interest doctrine or any other applicable protection, restriction or immunity from discovery, including any applicable Protective Order.

2.      Barco objects to the Requests on the basis that they are unlimited in time and, therefore, are burdensome and inclusive of irrelevant subject matter.

3.      Barco objects to Requests that seek documents or things that are not in the possession, custody, or control of Barco or are in the possession, custody or control of individuals not employed by Barco.  Barco is responding to the Requests herein as to information and documents within the custody and control of Barco or Barco's employees, not including all companies or entities that may be affiliated with or related to, Barco.

4.      Barco objects to these Requests on the basis of relevance, to the extent they seek discovery relating to patents other than the patents-in-suit.  Unless stated otherwise, documents produced in response to these Requests will be not be applicable to patents other than the patents-in-suit.

5.      Barco objects to the Requests to the extent they seek documents pertaining to sales or other financial activities or documents relating to activities outside the United States. Barco reserves the right to limit its production of such materials to documents relating to activity in the United States.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 72:**

All board minutes, board presentations, and other documents from BARCO's board of directors meetings concerning BARCO PRODUCTS and/or BARCO CHIPS.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 3.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco further objects to this request as irrelevant: it is not reasonably calculated to lead to the discovery of admissible information..

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS including, but not limited to past and present organizational functional charts, that list or identify the persons employed by YOU who have or had responsibility for the following functions relating to the BARCO PRODUCTS: (a) manufacturing; (b) marketing; (c) distribution (d) advertising; (e) sales; (f) product design; (g) product engineering; (h) product testing; (i) product specifications; (j) product certifications; (k) research and development; (l) patent activities; and (m) importing and exporting.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 5.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome.  Barco further objects to this request as irrelevant: it is not reasonably calculated to lead to the discovery of admissible information.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS concerning BARCO's first use, sale, offer to sell, or importation of the BARCO PRODUCTS in the United States for any purpose.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 9.  Barco also objects to this request as overly broad, vague, ambiguous and

unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco reserves the right to produce summaries or compilations of the information contained in the documents within the scope of this request.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS concerning any investigation, testing, analysis, or study of the BARCO CHIPS or BARCO PRODUCTS conducted by or on behalf of BARCO in the United States.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 10.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco further objects to this request as irrelevant: it is not reasonably calculated to lead to the discovery of admissible information.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS concerning any investigation, testing, analysis, or study of the BARCO CHIPS or BARCO PRODUCTS that relate to BARCO's assertion that its products do not infringe any valid claims of the PATENTS-1N-SUIT.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 11.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.

Barco also objects to this request because it purports to require production of documents not in the custody, control, or possession of Barco, but of Barco's attorneys.  Rule 34 is only applicable to *parties*, and not their attorneys, agents, or other non-parties.  *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("Rule 34, like Rule 33, is limited to parties to the proceeding, thereby excluding their counsel or agents.").  Barco will not produce documents that are outside the scope of Fed. R. Civ. P. 33.

1

2 **REQUEST FOR PRODUCTION NO. 77:**

3    All DOCUMENTS sufficient to show which of YOUR products contain the BARCO

4 CHIPS.

5 **RESPONSE:**

6    Barco objects on the grounds that this request is at least partially duplicative of Request

7 for Production No. 13.  Barco also objects to this request as overly broad and unduly

8 burdensome.  Barco further objects to this request as irrelevant: it is not reasonably calculated

9 to lead to the discovery of admissible information because it seeks information regarding

10 products that have not been accused of infringement.  Barco reserves the right to produce

11 summaries or compilations of the information contained in the documents within the scope of

12 this request.

13 **REQUEST FOR PRODUCTION NO. 78:**

14    All DOCUMENTS concerning block specifications, datasheets, floor plans, user

15 manuals, programming manuals, clock tree, I/O protocol specifications, service manuals,

16 CORE manual, die image, chip packaging information, and timing diagrams for any BARCO

17 CHIP or BARCO PRODUCT.

18 **RESPONSE:**

19    Barco objects on the grounds that this request is at least partially duplicative of Request

20 for Production Nos. 14, 15, 16, and 19.  Barco also objects to this request as overly broad,

21 vague, ambiguous and unduly burdensome.  For example, the scope of defendants' definition of

22 "BARCO PRODUCT" goes far beyond the instrumentality accused of infringing.  Moreover,

23 Barco does not design, manufacture, or program any BARCO CHIP and so cannot be certain if

24 the requested information even exists.  Barco also objects to the extent that this request seeks to

25 invade the attorney-client, joint defense or work product privilege.  Barco further objects to this

26 request as irrelevant: it is not reasonably calculated to lead to the discovery of admissible

27 information.  Barco further objects to this request because it is unlimited with respect to any

28 time period.  Barco also does not understand what is meant by a "service manual" for a

"BARCO CHIP."  If Defendants will clarify this request, Barco will work with Defendants to produce responsive, non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 79:**

All system and transistor level schematics, including but not limited to schematics contained in service manuals for each BARCO CHIP, corresponding to each printed circuit board in the BARCO CHIP.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 15.  Barco also objects to this request as overly broad, vague, and ambiguous.  Barco does not understand what is meant by a "system-level and transistor level schematic" or a "service manual" for a "BARCO CHIP", or what is meant by "each printed circuit board in the BARCO CHIP."  If Defendants will clarify this request, Barco will work with Defendants to produce responsive, non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 80:**

One copy of each version (including each paper, magnetic, and electronic version) of all manuals, user guides, white papers, training guide, brochures, instructions for use, specifications and licenses (both express and implied) for each model of BARCO PRODUCT, and their prototypes.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 16.  Barco also objects to this request as overly broad, vague, ambiguous, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco also objects to this request because it is unlimited with respect to any time period.  Barco also objects to this request as vague with respect to what is meant by a "magnetic version" of the listed documents.  Barco objects to this request as unduly burdensome because the scope of defendants' definition of "BARCO PRODUCT" goes far beyond the instrumentality accused of infringing.  Further, this request is unduly burdensome because it would require the search for and production of hundreds or thousands of pages of documents

that have no relevance to the patents in this case.  The patents in this case deal with microprocessors, which Barco does not make.  The information apparently sought by this request deals with the operation of Barco's overall products, and would not lead or even be reasonably calculated to lead to the discovery of information concerning the operation of microprocessors within Barco's products.  Therefore, the value of this information is greatly outweighed by the burden of locating it and producing it.

**REQUEST FOR PRODUCTION NO. 81:**

Two representative samples of each model of BARCO PRODUCT.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 17.  Barco also objects to this request as beyond the scope of Fed. R. Civ. P. 34.  Specifically, Rule 34(a)(1)(B) only requires Barco to permit Defendants to "inspect, copy, test, or sample . . . any designated tangible thing."  The BARCO PRODUCTS specified by Defendants are expensive but readily available for purchase by Defendants through normal business channels.  Accordingly, Barco will not provide the requested samples but will permit, at a time and place to be agreed upon by the parties, the *non-destructive* testing and inspection of each model of BARCO PRODUCT.

**REQUEST FOR PRODUCTION NO. 82:**

Two samples of each BARCO CHIP contained in any BARCO PRODUCT.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 18.  Barco also objects to this request as beyond the scope of Fed. R. Civ. P. 34.  Specifically, Rule 34(a)(1)(B) only requires Barco to permit Defendants to "inspect, copy, test, or sample . . . any designated tangible thing."  Upon information and belief, the BARCO CHIPS are expensive but are available on the open market, so Defendants are free to obtain their own samples of the chips.  Accordingly, Barco will not provide the requested samples but will permit, at a time and place to be agreed upon by the parties, the non-destructive testing and inspection of each BARCO CHIP, if any, in any BARCO PRODUCT.

**REQUEST FOR PRODUCTION NO. 83:**

All source code and related programming information for each BARCO CHIP contained within any of YOUR products.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 19.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, Barco also objects to this request as vague and ambiguous with respect to what is meant by "source code and related programming information for each BARCO CHIP."  Barco generally purchases the chips it uses from vendors and does not have access to their source code and related programming information.  If defendants will clarify what is meant by these terms, Barco will work with defendants to allow for the inspection of any such information on a controlled basis.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS concerning statements made by YOU, including COMMUNICATIONS between YOU and any prospective customers, referring or relating to the actual or contemplated capabilities of the BARCO PRODUCTS or BARCO CHIPS.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 20.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco also objects to this request because it is unlimited with respect to any time period.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS concerning the advertising or promotion of the BARCO PRODUCTS or BARCO CHIPS.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 21.  Barco also objects to this request as overly broad, vague, ambiguous

and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint

defense or work product privilege.  Barco also objects to this request because it is unlimited

with respect to any time period.  Subject to and without waiving the foregoing and subject to

the Preliminary Statement and Specific Objections of General Applicability, Barco will produce

responsive documents, if any, that are not privileged and that do not contain or constitute

attorney work product.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and design files, whether in electronic format or on paper,

identifying, specifying, or characterizing transistor parameters or models used for circuit

simulations (such as Spice or HSpice models, HSIM models, or Spectre models) for any

clocking, CPU, and/or I/O interface circuit in a BARCO PRODUCT.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request

for Production No. 22.  Barco does not make transistors and does not use transistor models for

circuit simulations.  Barco also objects to this request as overly broad, vague, ambiguous and

unduly burdensome.  Barco further objects to this request as irrelevant: it is not reasonably

calculated to lead to the discovery of admissible information.  The phrase specifying "for any

clocking, CPU, and/or I/O interface circuit in a BARCO PRODUCT" places an undue burden

on Barco to investigate any and all possible circuits that could be considered by Defendants to

fall in this category.

**REQUEST FOR PRODUCTION NO. 87:**

For each BARCO PRODUCT sold by YOU, profit and loss statements on a quarterly

basis for the business division or business unit or business segment most directly responsible

for sales of that BARCO PRODUCT.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request

for Production No. 46.  Barco also objects to this request as overly broad, vague, ambiguous

and unduly burdensome.  Barco also objects to this request because it is unlimited with respect

to any time period.  Subject to and without waiving the foregoing and subject to the Preliminary Statement and Specific Objections of General Applicability, Barco will produce responsive documents, if any, that are not privileged and that do not contain or constitute attorney work product.  Barco reserves the right to produce summaries or compilations of the information contained in the documents within the scope of this request.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS concerning past sales, manufacturing, research, license or development; present sales, manufacturing, research, licenses or development; and projected or contemplated future sales, manufacturing, research, license or development of any BARCO PRODUCT.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 48.  Barco also objects to this request as overly broad and unduly burdensome based on defendants' definition of "BARCO PRODUCT".  Barco also objects to this request as vague, ambiguous, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco also objects to this request because it is unlimited with respect to any time period.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS sufficient to show sales, sales price, revenues, gross margin, net margin, cost and profit information for each of the BARCO PRODUCTS, broken down by quarter, including all DOCUMENTS sufficient to explain any acronyms or terminology employed by YOUR accounting systems since January 2000.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 49.  Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege.  Barco also objects to this request because it is unlimited with respect to any time period.  Subject to and without waiving the foregoing and subject to

the Preliminary Statement and Specific Objections of General Applicability, Barco will produce

responsive documents, if any, that are not privileged and that do not contain or constitute

attorney work product.  Barco reserves the right to produce summaries or compilations of the

information contained in the documents within the scope of this request.

**REQUEST FOR PRODUCTION NO. 90:**

DOCUMENTS sufficient to identify all of YOUR current and former customers,

licensees, and/or resellers of the BARCO PRODUCTS.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request

for Production No. 50.  Barco also objects to this request as overly broad, vague, ambiguous

and unduly burdensome.  Barco also objects to this request because it is unlimited with respect

to any time period.  Barco further objects to this request as irrelevant: it is not reasonably

calculated to lead to the discovery of admissible information.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS concerning strategic plans, business plans, business strategies,

licensing plans, licensing proposals, licensing forecasts, prospectuses, market surveys, market

strategies, market analyses, and/or marketing forecasts of customer demand for the BARCO

PRODUCTS.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request

for Production No. 51.  Barco also objects to this request as overly broad, vague, ambiguous

and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint

defense or work product privilege.  Barco also objects to this request because it is unlimited

with respect to any time period.  Barco further objects to this request as irrelevant: it is not

reasonably calculated to lead to the discovery of admissible information.

**REQUEST FOR PRODUCTION NO. 92:**

DOCUMENTS sufficient to demonstrate YOUR market share in any industry market in

which BARCO PRODUCTS are sold since January 2000.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 52. Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, because Barco does not try to determine in what "industry market" it sells products, and so does not have records that would be responsive to this request. Barco also objects to this request because it is unlimited with respect to any territory, including territories outside the United States. Barco further objects to this request as irrelevant: it is not reasonably calculated to lead to the discovery of admissible information.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS concerning any license, royalty, technology transfer, or authorization to use agreements entered into by YOU relating in any way to the BARCO PRODUCTS, whether or not a formal agreement was ever reached.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 53. Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint defense or work product privilege. Barco also objects to this request to the extent that it seeks confidential information belonging to third parties.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS concerning patent licenses or agreements that YOU have entered into regarding any aspect of semiconductors, including but not limited to, the BARCO CHIPS and the semiconductors found in the BARCO PRODUCTS.

**RESPONSE:**

Barco objects on the grounds that this request is at least partially duplicative of Request for Production No. 62. Barco also objects to this request as overly broad, vague, ambiguous and unduly burdensome, and also to the extent that it seeks to invade the attorney-client, joint-defense, or work product privilege. Barco also objects to this request to the extent that it seeks confidential information belonging to third parties. Barco further objects to this request as

14

irrelevant: it is not reasonably calculated to lead to the discovery of admissible information.

Dated:  February 7, 2011                                  BAKER & McKENZIE LLP


                                                          By:  s/ Edward K. Runyan
                                                              Daniel J. O'Connor
                                                              Edward K. Runyan
                                                              Baker & McKenzie
                                                              130 E. Randolph
                                                              Chicago, Illinois  60601
                                                              (312)861-8000
                                                              Attorneys for Barco, N.V

## PROOF OF SERVICE

I, Nataliya S. Schouten, declare I reside in the State of Illinois, over the age of eighteen years, and not a party to the within action; my business address is Baker & McKenzie LLP, 130 East Randolph Drive, Chicago, IL 60601. On February 7, 2011, the following documents were served:

1. **PLAINTIFF BARCO, N.V.'S RESPONSE TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO BARCO, N.V.**

by transmittal to the e-mail addresses listed below:

| | |
|---|---|
| John L. Cooper<br>Farella Braun & Martel LLP<br>Russ Building, 30th Floor<br>235 Montgomery Street<br>San Francisco , CA 94104<br>415/954-4400<br>Fax: 415-954-4480<br>Email: jcooper@fbm.com | Eugene Y. Mar<br>Farella Braun & Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco , CA 94104<br>(415) 954-4927<br>Fax: (415) 954-4480<br>Email: emar@fbm.com |
| Charles T. Hoge, Esq. (State Bar No. 110696)<br>choge@knlh.com<br>Kirby Noonan Lance & Hoge<br>35 Tenth Avenue<br>San Diego, CA 92101<br>Telephone: (619) 231-8666<br>Facsimile: (619) 231-9593 | Jeffrey M. Fisher<br>Farella Braun & Martel LLP<br>Russ Building, 30th Floor<br>235 Montgomery Street<br>San Francisco , CA 94104<br>415/954-4400<br>Fax: 415-954-4480<br>Email: jfisher@fbm.com |

I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct.

Executed on February 7, 2011, at Chicago, Illinois.

*Nataliya Schouten*

1