[SEE SIGNATURE PAGES FOR PARTIES AND COUNSEL OF RECORD]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00877 JF/HRL |
| HTC CORPORATION, HTC AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. 5:08-cv-00882 JF/HRL |
| BARCO N.V., a Belgian corporation,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., ALLIACENSE LTD.,<br><br>Defendants. | Case No. 5:08-cv-05398 JF/HRL<br><br>**SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT LOCAL RULE 4-3** |

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

23129\2722676.1

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

The parties from all three above-captioned related actions, Plaintiffs Acer Inc., Acer America Corp., and Gateway, Inc. (collectively "Acer"), HTC Corporation and HTC America Inc. (collectively "HTC") and Barco, N.V. ("Barco"), and Defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation, and Alliacense Limited (collectively "Defendants"), hereby submit this Supplemental Joint Claim Construction and Prehearing Statement under Patent Local Rule 4-3 ("Supplemental Statement").

The parties filed their original Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement on October 29, 2010 ("Original Statement"). Doc. No. 203 Acer et al. v. TPL et al., 5:08-cv-877 JF/HRL. Subsequently, claims in two of the four patents-in-suit, U.S. Patent Nos. 5,440,749 (the "'749 patent") and 5,530,890 (the "'890 patent"), were amended and added during reexamination proceedings. The Defendants then moved to amend their infringement contentions to address the amended and the additional claims, which the Court granted-in-part and denied-in-part on May 13, 2011. During a case management conference held on June 24, 2011, the Court modified the briefing schedule based upon the parties' stipulation to allow time to address the amended infringement contentions before the claim construction hearing scheduled for November 14, 2011. Under the modified schedule, the parties met and conferred on additional claim terms for construction in light of the amended infringement contentions, and hereby submit this Supplemental Statement under Patent Local Rule 4-3.

## I. AGREED CLAIM CONSTRUCTION

The parties agreed that "ring counter" shall mean "ring oscillator."

## II. DISPUTED CLAIM CONSTRUCTIONS

A list of the additionally disputed claim terms from the '749 patent and the '890 patent, the respective constructions proposed by each side, and the supporting intrinsic and extrinsic evidence for the constructions is attached as Exhibit A.

The parties recognize that one of the disputed claim terms, "operation of said input/output interface asynchronously from said central processing unit," above is closely related to another disputed term, "operates asynchronously to," (Joint Claim Construction

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 1 -

23129\2722676.1

Statement, Ex. B, No. 29), which was previously addressed in the original Joint Claims Construction Statement and in the subsequent claim construction briefs that have been filed with the Court. The dispute over that term, "operates asynchronously to," is whether the phrase means "operates without a timing relationship to/with" (as proposed by the Plaintiffs) or "timed by independent clock signals" (as proposed by the Defendants). To avoid duplicative briefing and to promote judicial economy, the parties agree that if the Court construes the phrase "operates asynchronously to" (Jt. Claim Const. Stmt., Ex. B, No. 29) to mean "operates without a timing relationship to/with," then Plaintiffs' proposed construction for "operation of said input/output interface asynchronously from said central processing unit" in Exhibit A applies. Conversely, if the Court construes the phrase, "operates asynchronously to," to mean "timed by independent clock signals," then Defendants' proposed construction for "operation of said input/output interface asynchronously from said central processing unit" applies.

### III.   IDENTIFICATION OF MOST SIGNIFICANT CLAIM TERMS [APPLICABLE TO *BARCO v. TPL* ACTION ONLY]

The *Acer v. TPL* and *HTC v. TPL* actions were filed in February 2008 and thus operate under the version of the Patent Local Rules published in December 2000. The requirement that the parties identify the ten most significant claim terms, therefore, applies only to the *Barco* action. The parties in *Barco v. TPL* hereby agree that the following:

1. "Push down stack connected to said ALU"
2. "Supply the multiple sequential instructions to said central processing unit integrated circuit during a single memory cycle"
3. "Multiple sequential instructions"
4. "Instruction register"
5. "Separate direct memory access central processing unit"
6. "Ring oscillator"
7. "Clocking said CPU"
8. "External clock"
9. "As a function of parameter variation"
10. "Operates asynchronously to"

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

- 2 -

23129\2722676.1

The parties further agree that the Court's construction of "connected to" within Term 1 above, will apply in the same manner to Rows 3, 8, 9, 15, and 16, as numbered in Exhibit B attached to the parties' Patent Local Rule 4-3 Joint Claim Construction Statement (or "JCCS"), filed on October 29, 2010.

## IV.  ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING

The positions of Plaintiffs Acer, Barco and HTC and Defendants are set forth below.

**Plaintiff's Position**:

Plaintiffs believe that oral argument on claim construction should take three hours for the tutorials (an hour and thirty minutes each side) and four hours (two hours each side) for the claim construction arguments, for all disputed terms as to all three related actions. Because the patents-in-suit derive from a common specification, and because several terms are shared between more than one patent, many of the individually disputed terms will present questions of claim construction in common with other terms, and many terms involve similar conceptual positions by each party.

Plaintiffs disagree that claim construction should be limited to 10 terms decided by parties pursuant to a Local Rule that does not apply to the Acer and HTC actions. There are four patents at issue in the Acer and HTC actions, with 35 claims asserted against Acer and 31 against HTC. The number of disputed terms reflects the unusually large number of asserted claims, as well as the fact that the asserted claims are longer and more complicated than in typical patent cases (many of them independent claims) containing numerous technical terms whose meanings are disputed. Moreover, several of the disputed terms are drafted in means-plus-function format and thus require construction. Plaintiffs Acer and HTC believe that the number of disputed terms could be substantially reduced if Defendants were limited in the number of claims asserted.

Hence, in addition to the 10 agreed-upon terms, Plaintiffs propose that the following three parallel, case-dispositive terms be construed together in light of the new disclaimers made by Defendants during the reexamination proceedings that occurred *after* Judge Ward's construction:

- "An entire ring oscillator variable speed system clock in said single integrated circuit" (Row 23 of Exhibit B in the JCCS);

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
- 3 -
23129\2722676.1

- "An entire oscillator disposed upon said integrated circuit substrate" (Row 19); and

- "Providing an entire variable speed clock disposed upon said integrated circuit substrate" (Row 28).[1]

As explained in the parties' respective claim construction briefing, the single embodiment in the patents-in-suit discloses an on-chip "ring oscillator" that acts as a variable speed system clock for the CPU. This single disclosure of "ring oscillator" (Row 22) (an agreed-upon term for construction in Part I) is the specification support for Rows 23, 19 and 28 quoted above. After Judge Ward's claim construction ruling, Defendants distinguished prior art during reexamination proceedings by expressly representing to the Examiner that the disclosed and claimed "ring oscillator" is "non-controllable" and "variable based on the environment." *See* Interview Summary, 2/12/08, Control No. 90/008,227.

Based on Defendants' express disclaimer, Plaintiffs argue in their consolidated claim construction brief that the oscillator or clock in each of Rows 23, 19 and 28 be limited, *inter alia*, as "non-controllable" and "variable based on the voltage, temperature and process parameters in the environment." Defendants oppose this limitation, but in their claim construction briefs Defendants do not differentiate among Rows 23, 19 and 28 based on the differences in their claim language. The parties' positions for Rows 22, 23, 19 and 28 are set forth in the table below (with differences shown in boldface and strikeouts):

| Claim term | Plaintiffs' Construction | Defendants' Construction |
|---|---|---|
| Ring oscillator (Row 22) (An Agreed-Upon Term for Construction in Part I) | An oscillator having a multiple, odd number of inversions arranged in a loop, **wherein the oscillator is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the** | An oscillator having a multiple, odd number of inversions arranged in a loop |

---

[1] Because Rows 23, 19 and 28 have similar language and raise the same claim construction disputes, Plaintiffs had proposed during meet-and-confer that only Row 23 be construed, but its construction would control the constructions of Rows 19 and 28. Row 23 was suggested as representative because it includes practically all of the disputed language. However, Defendants' position, articulated below, that the differences in language affect the claim construction issues appears to require that all three rows be construed.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

- 4 -

23129\2722676.1

| Claim term | Plaintiffs' Construction | Defendants' Construction |
|---|---|---|
| | environment | |
| An entire ring oscillator variable speed system clock in said single integrated circuit (Row 23) | A ring oscillator variable speed system clock that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal, **wherein the ring oscillator variable speed system clock is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | A ring oscillator variable speed system clock that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |
| An entire oscillator disposed upon said integrated circuit substrate (Row 19) | An oscillator that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal, **wherein the oscillator is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | An oscillator that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |
| Providing an entire variable speed clock disposed upon said integrated circuit substrate (Row 28) | Providing a variable speed ~~system~~ clock that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal, **wherein the variable speed clock is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | Providing a variable speed **system** clock that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |

///

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT
- 5 -
23129\2722676.1

The chart above shows that, despite the differences in claim language, each side has respectively proposed parallel constructions for Rows 23, 19 and 28 with common limitations.[2] In their claim construction briefs, Defendants <u>never</u> even suggested the possibility of different limitations for Rows 23, 19 and 28 based on their different claim language.

But below, Defendants now take the new position that the differences in claim language among these rows (i.e., "ring oscillator variable speed system clock" versus "oscillator" or "variable speed clock") affect the disputed common limitations. By belatedly relying on the differences in the claim language, Defendants now raise the possibility that each of the three terms has a different meaning. For that reason, the construction of all three is required, though Plaintiffs believe the differences in their claim language are not significant to the disputed common limitations and that the common arguments will be determinative for all three.

Defendants are proposing below that Rows 23, 19 and 28 be left completely unconstrued, even as to the dispute over whether the claimed "entire" ring oscillator variable speed system clock/oscillator/variable speed clock "**directly** rel[ies] on a **command input** control signal or an external crystal/clock generator to generate a clock signal." But rather than explain why Rows 19, 23 and 28 do not require any construction, Defendants' position below includes elaborate claim construction arguments respecting Rows 19, 23 and 28 that are not found in their claim construction briefs. Ironically, Defendants' new claim construction arguments merely highlight the importance of construing Rows 19, 23 and 28 together, although this joint statement is not the place for Plaintiffs to respond to Defendants' new arguments.

Given the disputes apparent from both the table above and Defendants' new arguments below, Defendants' position appears intended to stymie the Court's consideration of whether Defendants' disclaimers made to the USPTO apply to these parallel terms as proposed by the Plaintiffs in their claim construction brief. Plaintiffs believe that Rows 19, 23 and 28 need to be construed together in light of Defendants' disclaimers to properly resolve the claim construction

---

[2] During meet-and-confer, Defendants proposed that Row 19, "an entire oscillator . . . ," be construed, and Row 23 and 28 have constructions parallel to Row 19. Hence, at least during meet-and-confer, it appeared that there was no dispute that Rows 19, 23 and 28 should have parallel constructions with common limitations.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
- 6 -
23129\2722676.1

disputes on these claim phrases.

In addition, Plaintiffs believe that the Court should construe the first two disputed terms (Nos. 1 and 2) in Exhibit A resulting from Defendants' amendments to their infringement contentions as presented in Section II above in this paper, because they are potentially case-dispositive for the amended and new claims.[3] The total number of terms that should be construed is thus 15.

Other than the 10 agreed-upon terms for construction, Defendants propose to construe additionally the term "push down stack." Since the parties have already agreed to construe "push down stack connected to said ALU," Plaintiffs believe it is unnecessary to separately construe the term "push down stack." As discussed above, Plaintiffs believe it is more important to construe the "ring oscillator"-related terms of Rows 19, 23 and 28, which are case-dispositive. To keep the total number of claim terms being construed as close to 12 as possible, Plaintiffs believe a construction of the term "push down stack connected to said ALU" is sufficient.

**Defendants' Position**:

A. <u>Narrowing The Terms To Be Construed</u>. Plaintiffs' suggestion that the Court should construe every one of the 32 disputed terms across four patents in the three related actions, and that the tutorial for such an undertaking would require only three hours for all seven parties, and the oral argument for claim construction only four hours, is unreasonable and impractical. While the Patent Local Rule requiring the parties to identify the ten most significant claim terms does not apply to Acer and HTC, common sense and judicial efficiency suggest that in these cases, as in all patent cases, not all claim terms are case dispositive. The Court may properly direct the parties to focus just on the most significant claim terms, as Judge Fogel did. In the April 28, 2011 Joint Statement Requesting Order On Claim Terms To Be Construed, Doc. 199, *Barco v. TPL et al.*, Case 5:08 cv-05398-JF, the parties jointly identified the ten most significant claim terms, and Plaintiffs proposed an additional three terms, as they are again doing in this

---

[3] The third term, "operation of said input/output interface asynchronously from said central processing unit," does not need to be construed or argued separately because its construction will turn on the construction of the word, "asynchronously," already included in the term, "operates asynchronously."

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 7 -

23129\2722676.1

1  Supplemental Joint Claims Construction Statement.

2  Having met and conferred on the additional claim terms asserted as a result of the
3  reexamination process, Plaintiffs now seek to add two more terms to the list of terms for
4  construction, for a total of 15. Defendants did not believe the additional two terms required
5  construction in the first instance, and certainly do not consider them to be case dispositive. As
6  discussed more fully below, Defendants propose that the Court construe the ten terms set out
7  above, and limit the oral argument at the *Markman* hearing to those ten terms.

8  B.  Timing and Order of Presentation for *Markman* Hearing. Defendants agree that
9  one court day should suffice for both a technology tutorial and oral arguments on claim
10 construction, unless the oral argument is to include all thirty-two disputed claim terms, in which
11 case an additional four hours of argument (two hours per side) will be needed. The allocation of
12 time between the technology tutorial and oral argument will depend on the Court's preference and
13 its familiarity with microprocessor technology. Defendants believe that as the patent holders,
14 Defendants should present first in the tutorial and *Markman* hearing.

15 C.  Remaining Dispute on Terms For Construction. Defendants believe that
16 construction of the ten terms set forth above is sufficient, and comports with the local rules
17 limiting construction of claim terms to ten. Having already declined Plaintiffs' invitation to
18 stipulate that the construction of "ring oscillator" apply to "the entire oscillator . . ." and "variable
19 speed clock," Defendants do not agree that an additional three claim phrases (Rows 19, 23, and
20 28) should be construed in the spirit of "parallel" terms with undefined "common limitations."[4]
21 Defendants made clear that the construction of these terms would vary based on the different
22 claim elements as demonstrated by the unique claim language of each claim term, as shown
23 above. Defendants' proposed claim constructions for these terms have always recognized the

---

[4] Defendants offered to have the construction of Row 19 apply to Rows 23 and 28 for the limited issue of "[t]he main dispute in Row 19[, which] is whether an oscillator located entirely on the same semiconductor substrate as the CPU does not directly rely on a command input control signal, or merely does not rely on a control signal. Defendants would be willing to stipulate that the construction of Row 19 on this issue will apply to Row 28, as well as to Row 23." Email from N. Joesten to K. Chen, Apr. 4, 2011 (emphasis added) (attached as Ex. A to Declaration of Nan E. Joesten).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 8 -

23129\2722676.1

1   distinction presented by the claim language,[5] in addition to opposing Plaintiffs' attempt to
2   improperly limit all of these claims to having a clock that is non-controllable and variable based
3   on the environment.

4         Contrary to Plaintiffs' assertion, Defendants never made a disclaimer during the
5   reexamination proceedings related to "an entire ring oscillator variable speed system clock in said
6   single integrated circuit." Instead, Plaintiffs are fixating on the examiner's summary of an
7   interview during the reexamination of U.S. Patent No. 6,598,148 ("the '148 patent"). However,
8   the term at issue for construction, "an entire ring oscillator variable speed system clock in said
9   single integrated circuit," is not even in the claims of the '148 patent.

10        Nevertheless, that Plaintiffs have only belatedly recognized the distinctions between
11  various claim terms does not justify adding what is effectively five additional terms for
12  construction at this point. Until April 21, 2011, Plaintiffs and Defendants had agreed on the
13  construction of eleven terms, including "push down stack" as a stand alone term, and "push down
14  stack connected to said ALU," where the dispute at issue would be limited to the construction of
15  "connected to . . .." Defendants are willing to eliminate "push down stack" from the list of terms
16  to be construed, but that change does not reduce the actual terms which the Court must construe,
17  as "push down stack" remains within the term "push down stack connected to said ALU."
18  Furthermore, each of Rows 19, 23, and 28 contain not only the dispute as to the limitations
19  relating to the claimed ring oscillator, oscillator, or variable speed system clock, but also whether
20  the claimed "entire" variable speed clock "directly rel[ies] on a command input control signal or
21  an external crystal/clock generator to generate a clock signal." Notably, Plaintiffs prefer to add
22  additional terms for construction, rather than narrow the list to the most critical terms in dispute.

### V. WITNESSES FOR THE CLAIM CONSTRUCTION HEARING

**Plaintiff's Position**:

Plaintiffs do not plan to call witnesses to testify live at the claim construction hearing, but

---

[5] The doctrine of claim differentiation dictates that different claims with different language have different meaning, and should not be inferred to have the same construction because of some misguided notion of "parallel terms."

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 9 -

23129\2722676.1

will have Acer's and HTC's expert witnesses, Dr. Andrew Wolfe and Dr. David May, respectively, available should the Court believe that such testimony would be useful in resolving the disputed terms between the parties. Acer and HTC may submit declarations from Dr. Wolfe and/or Dr. May to rebut Defendants' expert declarations, if included in their opening brief to be filed on October 7, 2011 under the current schedule.

**Defendants' Position**:

Defendants do not plan to call any witnesses to testify live at the claim construction hearing.

## VI. PREHEARING CONFERENCE

The parties believe that a prehearing conference would be helpful in assisting the parties to understand the Court's requirements for the tutorial and the *Markman* hearing.

Respectfully submitted,

[SIGNATURE BLOCKS ON NEXT PAGE]

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 10 -

23129\2722676.1

| | | |
|---|---|---|
| 1 | Dated: August 23, 2011 | FARELLA BRAUN + MARTEL LLP |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | John L. Cooper<br>jcooper@fbm.com |
| 5 | | Farella Braun + Martel LLP<br>235 Montgomery Street |
| 6 | | San Francisco, CA 94104<br>Telephone:  (415) 954-4400<br>Fax:  (415) 954-4480 |
| 7 | | |
| 8 | | ***Attorneys for Technology Properties Ltd. and Alliacense Ltd.*** |
| 9 | Dated: August 23, 2011 | KIRBY NOONAN LANCE & HOGE LLP |
| 10 | | |
| 11 | | |
| 12 | | By: /s/ |
| 13 | | Charles T. Hoge, Esq.<br>choge@knlh.com |
| 14 | | Kirby Noonan Lance & Hoge LLP<br>350 Tenth Avenue<br>Suite 1300 |
| 15 | | San Diego, CA 92101 |
| 16 | | ***Attorneys for Patriot Scientific Corp.*** |
| 17 | Dated: August 23, 2011 | BAKER & MCKENZIE LLP |
| 18 | | |
| 19 | | By: /s/ |
| 20 | | Edward K. Runyan, Esq.<br>Edward.Runyan@Bakermckenzie.com |
| 21 | | Baker & McKenzie<br>130 East Randolph Drive |
| 22 | | Chicago, IL 60601<br>Telephone:  (312) 861-8811 |
| 23 | | Fax:  (312) 698-2341 |
| 24 | | ***Attorneys for Barco, N.V.*** |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 11 -

23129\2722676.1

Dated: August 23, 2011                COOLEY LLP


By:  /s/
    Kyle D. Chen, Esq.
    kyle.chen@cooley.com
    Heidi L. Keefe, Esq.
    hkeefe@cooley.com
    Mark R. Weinstein, Esq.
    mweinstein@cooley.com
    Cooley Godward Kronish LLP
    3000 El Camino Real
    Five Palo Alto Square, 4th Floor
    Palo Alto, California 94306
    Telephone:  (650) 843-5000
    Fax:  (650) 857-0663

***Attorneys for HTC Corporation and HTC America, Inc.***

Dated: August 23, 2011                K&L GATES LLP


By:  /s/
    Timothy P. Walker, Esq.
    Timothy.walker@klgates.com
    Harold H. Davis, Jr., Esq.
    Harold.davis@klgates.com
    Jas Dhillon, Esq.
    Jas.dhillon@klgate.com
    Jeffrey M. Ratinoff
    Jeffrey.ratinoff@klgates.com
    K&L Gates LLP
    Four Embarcadero Center, Suite 1200
    San Francisco, CA 94111
    Phone:  (415) 882-8200
    Fax:  (415) 882-8220

***Attorneys for Acer, Inc., Acer America Corp. and Gateway, Inc.***

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case Nos. 5:08-cv-00877; 5:08-cv-00882; 5:08-cv-05398
SUPPLEMENTAL JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT

- 12 -

23129\2722676.1