**E-Filed 9/7/2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

BARCO N.V., a Belgian corporation

    Plaintiff,

    v.

TECHNOLOGY PROPERTIES LTD., PATRIOT
SCIENTIFIC CORP., and ALLIACENSE LTD.,

    Defendants.

Case Number 5:08-cv-05398 JF/HRL

**ORDER[1] DENYING MOTION TO
AMEND INVALIDITY
CONTENTIONS**

[Re: Docket No. 159]

Plaintiff Barco N.V. ("Barco") seeks leave to amend its first amended invalidity

contentions. The Court having considered the parties' submissions and oral arguments, the

motion will be denied.

## I. BACKGROUND

Barco filed the instant action[2] on December 1, 2008, seeking a judicial declaration that

several patents owned by Defendants Technology Properties Ltd., Patriot Scientific Corp., and

Alliacense Ltd. (collectively, "TPL") are invalid and/or not infringed.[3] Subsequently, TPL

---

[1] This disposition is not designated for publication.

[2] This matter is one of three related cases. *See Acer v. Technology Properties Ltd., et al.*
08-cv-00877-JF/HRL; *HTC v. Technology Properties Ltd.*, *et al.* 08-cv-00882-JF/HRL.

[3] United States Patent Nos. 5,784,584 (the "'584 patent"), 5,440,749 (the "'749 patent"),
and 6,598,148 (the "'148 patent").

asserted counterclaims with respect to United States Patent Nos. 5,530,890 (the "'890 patent"), 5,809,336 (the "'336 patent"), and the '749 patent. Charles H. Moore is a co-inventor of the '336 patent, the '749 patent, and the '890 patent. Runyan Decl., Ex. A. Deposition of Charles H. Moore, ("Moore Depo.") at 56:15-16. Moore was deposed on November 3, 2010 and November 4, 2010, regarding all three patents. Barco claims that during his deposition, Moore testified to having excluded material information from the '749 and '890 patents. Specifically, Barco asserts that Moore admittedly withheld information regarding an arithmetic logic unit ("ALU") associated with the patents despite the fact that all of the independent claims of the '749 and '890 patents include an ALU and describe its interconnections with other elements of the claims. Barco contends that Moore's failure to include this information violates the enablement and written description requirements of 35 U.S.C. § 112, which provides that:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

35 U.S.C. § 112(1).

## II. LEGAL STANDARD

This Court's Patent Local Rules provide that amendment of invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." Patent. L.R. 3-6. For purposes of Rule 3-6, " 'good cause' requires a showing of diligence," and "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1366 (Fed. Cir. 2006). Good cause may exist when there is a "recent discovery of material, prior art despite earlier diligent search" and "recent discovery of nonpublic information." Patent. L.R. 3-6. In determining whether good cause exists, the Court considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted. This approach allows courts to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Golden Hour Data Sys., Inc. v. Health Services Integration, Inc*., No. 06-cv-7477 SI, 2008 WL

Case Number 5:08-cv-05398-JF/HRL
ORDER DENYING MOTION TO AMEND INVALIDITY CONTENTIONS
(JFLC1)

2622794, at *2 (N.D. Cal. Jul. 1, 2008) (citing *O2 Micro*, 467 F.3d at 1366.).

### III. ANALYSIS

The standard with regard to whether a patent is enabled is an objective one. Thus, it is not clear that Moore's testimony is probative. The enablement requirement of §112(1) tests whether a person skilled in the art, "after reading the specification, could practice the claimed invention without undue experimentation." *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008). Determining whether a specification contains an adequate written description requires an "objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art." *Ariad Pharms. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). A specification adequately describes an invention when it "reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.*

In light of this principle, it appears that Barco should have been able to assert its lack of enablement theory based on the '749 and '890 patent specifications alone. These specifications have been known to Barco for years, and certainly were available to Barco well before it served its preliminary invalidity contentions in April 2009. At that time, Barco chose to challenge other aspects of the written descriptions of the patents-in-suit, but it brought no challenge with respect to the ALU theory it advances now.[4]

From a legal standpoint, Moore's testimony is irrelevant. Moreover, a plain reading of the deposition transcript shows that Barco has misconstrued Moore's testimony. Moore testified in pertinent part as follows:

> Q: Mr. Moore, do you believe that someone using the patents in this case as a reference could – someone of reasonable knowledge level could make the – a ShBoom microprocessor?
> A: Not from the information in the patents. . . .
> A: Nothing is said about the ALU or how it's designed or operated.

Moore Depo. at 258:24-259:11.

---

[4] As an example, in its preliminary contentions Barco asserts that claim 1 of the '749 patent is invalid because it lacks a written description of the claimed "memory extend." Tarlock Decl., Ex. B.

1   The ShBoom microprocessor is only one example of one of the claimed inventions.  It is
2   not evident that Moore was not in possession of the claimed subject matter simply because
3   information that would enable a person skilled in the art to produce the ShBoom microprocessor
4   is missing from the '749 and '890 patents.  Even if the ShBoom product were coextensive with
5   the claimed inventions, it still is not clear why Barco was not alerted to the ALU issue well
6   before Moore testified.  Barco easily could have consulted with engineers or conferred with
7   plaintiffs in the related actions in assessing whether the claimed inventions meet the enablement
8   requirements of §112.

9                                    **IV. ORDER**

10      Because Barco has not shown that good cause exists to permit further amendment of its
11  invalidity contentions, the motion to amend is DENIED.

12

13  **IT IS SO ORDERED.**

14

15  **DATED:** September 6, 2011



16  JEREMY FOGEL
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Case Number 5:08-cv-05398-JF/HRL
ORDER DENYING MOTION TO AMEND INVALIDITY CONTENTIONS
(JFLC1)