1          ** E-filed September 20, 2011 **

2

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   BARCO N.V.,                          No. C08-05398 JF (HRL)

12            Plaintiff,                  **ORDER RE: DISCOVERY DISPUTE
                                          JOINT REPORT NOS. 1 AND 2**
        v.
13
     TECHNOLOGY PROPERTIES LTD.,
14   PATRIOT SCIENTIFIC CORP., and        **[Re: Docket No. 207, 208]**
     ALLIACENSE LTD.,
15
              Defendants.
16   _____/

17      **BACKGROUND**

18          In December 2008, plaintiff Barco, N.V. ("Barco"), a Belgian corporation, filed the instant

19   action against defendants Technology Properties Limited and Alliacense Limited (collectively,

20   "TPL") for declaratory judgment of noninfringement and invalidity of three of TPL's patents.[1] Two

21   months later, TPL counterclaimed that Barco infringed its patents. In broad terms, TPL contends

22   that Barco's products contain third-party computer chips that infringe the patents-in-suit, and Barco

23   contends that they do not. Two discovery disputes have now arisen, so, pursuant to this Court's

24   Standing Order re: Civil Discovery Disputes, the parties filed two separate Discovery Dispute Joint

25   Reports seeking judicial intervention. Docket Nos. 207 ("DDJR No. 1"), 208 ("DDJR No. 2").

26

27   _____

28   [1] The three patents-in-suit are: United States Patent Nos. 5,809,336 (the "'336 Patent"), 5,440,749
     (the "'749 Patent"), and 5,530,890 (the "'890 Patent").

**DISCUSSION**

**A. Discovery Dispute Joint Report No. 1**

In the first Joint Report, the parties argue over Barco's responses to five of TPL's Requests for Production of Documents ("RFP"). See, generally, DDJR No. 1. TPL argues that Barco's responses are insufficient and questions whether Barco conducted the "reasonable inquiry" in response to them that is required by Federal Rule of Civil Procedure 26. DDJR No. 1 at 3-4 (citing Qualcomm, Inc. v. Broadcom Corp., No. 05cv1958-B (BLM), 2010 WL 1336937, at *2 (S.D. Cal. Apr. 2, 2010)). Barco essentially responds that it has conducted a "reasonable inquiry" in response to TPL's relevant requests but it also maintains that it need not search for documents in response to requests that are not relevant or for which the search would be unduly burdensome. DDJR No. 1 at 7-10.

1. RFP Nos. 75-76

TPL's RFP Nos. 75 and 76 together ask for "[a]ll DOCUMENTS concerning any investigation, testing, analysis, or study of the BARCO CHIPS or BARCO PRODUCTS" either "conducted by or on behalf of BARCO in the United States" or "that relate to BARCO's assertion that its products do not infringe any valid claims of the PATENTS-IN-SUIT." DDJR No. 1, Ex. A at 4-5. In essence, TPL is trying to determine whether Barco tested the accused products within the United States because testing a patented invention, in some cases, may be an infringing "use" under 35 U.S.C. section 271(a). DDJR No. 1 at 6 (citing Waymark Corp. v. Porta Sys. Corp., 245 F.3d 1364, 1366 (Fed. Cir. 2001)). Barco objected to these RFPs on several boilerplate grounds (e.g., overly broad; vague and ambiguous; privilege; etc.) and on the ground that RFP No. 76 would require it to produce documents not within its possession, custody, or control. DDJR No. 1, Ex. B at 6. In the parties' Joint Report, however, Barco represents that some of the relevant products are tested within the United States, but some are not. DDJR No. 1 at 11. For those that are, Barco states that it has located and will produce responsive documents. DDJR No. 1 at 11. For those that are not, it states that it will submit a declaration to that effect (and so there are no responsive documents). DDJR No. 1 at 11. Thus, it appears that Barco has taken steps to fully respond to RFP Nos. 75 and

**United States District Court**
For the Northern District of California

2

76, as it should. If this is not true, within 21 days, the parties may file a joint letter, not to exceed 3 pages, describing any remaining impasse and proposing a possible resolution to it.

### 2. RFP Nos. 78-80

TPL's RFP Nos. 78, 79, and 80 ask for "[a]ll DOCUMENTS concerning block specifications, datasheets, floor plans, user manuals, programming manuals, clock tree, I/O protocol specifications, service manuals, CORE manual, die image, chip packaging information, and timing diagrams for any BARCO chip or BARCO PRODUCT"; "[a]ll system and transistor level schematics, including but not limited to schematics contained in service manuals for each BARCO CHIP, corresponding to each printed circuit board in the BARCO CHIP"; and "[o]ne copy of each version (including each paper, magnetic, and electronic version) of all manuals, user guides, white papers, training guide, brochures, instructions for use, specifications and licenses (both express and implied) for each model of BARCO PRODUCT, and their prototypes." DDJR No. 1, Ex. A at 5. Barco objected to these RFPs on the grounds that they seek irrelevant documents for the broadly-defined BARCO PRODUCTS and are not limited to documents related to the third-party computer chips that are actually accused of infringing TPL's patents, that it does not understand what TPL means by certain terms, and that the documents it seeks (basically, chip-level and product-level documents) are much more easily obtained from the chip-makers themselves (who TPL only recently subpoenaed, apparently).

Despite Barco's assertion that product-level documents are not relevant, the court thinks otherwise. As TPL notes, its claims specify distinct elements that are found outside of the actual computer chips (e.g., the "off-chip external clock"). See DDJR No. 1 at 5. And, as discussed below, because TPL's infringement contentions are not overly vague and sufficiently identify, at this time, the location of each element within the accused products, Barco cannot refuse to produce responsive documents on this basis. See DDJR No. 1 at 10.

Nevertheless, Barco has produced some responsive documents. See DDJR No. 1 at 8-11. The problem, though, is that TPL believes Barco did not try to look for them very hard. As an initial matter, the court reminds both parties that Rule 26's "reasonable inquiry" requirement is not to be

taken lightly. However, the court need not -- and refuses to -- monitor Barco's compliance with this requirement throughout the discovery phase of this case. Specifically, the court will not require, as TPL requests, Barco to submit a certification describing in detail the scope and methods of its search for documents responsive to TPL's RFPs. That said, Barco's argument that it is easier for the chip-makers to produce any responsive documents does not mean that it is "unduly burdensome" for Barco to do so (to the extent they exist). Despite its claim, Barco has not shown that it would be "unduly burdensome" for it to search for and produce responsive documents. In other words, if additional responsive chip-level and product-level documents exist (and they may or may not), and if they are within Barco's possession, custody, or control (whether in emails or not), Barco must conduct a reasonable search for them and produce them. Barco shall have 21 days to do so. To the extent that Barco is confused by any of the terms included within TPL's RFPs, the parties are ordered to meet-and-confer about them.

**B. Discovery Dispute Joint Report No. 2**

In the second Joint Report, the parties argue over whether TPL should have to amend its infringement contentions ("ICs"). Barco says TPL must amend them; TPL says it does not need to do so.

<u>1. Barco's Argument that TPL's ICs Are Vague and Insufficient</u>

Barco argues that TPL's ICs "are simply too vague to show 'specifically where' the accused instrumentality meets the claim limitation." DDJR No. 2 at 2.

This District's Patent Local Rules require that a party's ICs contain, "separately for each asserted claim, each accused . . . instrumentality . . . of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known." Patent L.R. 3-1(b). The ICs also must contain "a chart identifying specifically where each limitation of each asserted claim is found within each accused instrumentality." Patent L.R. 3-1(c).

**United States District Court**
For the Northern District of California

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the discovery process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." <u>Intertrust Techs. Corp. v. Microsoft Corp.</u>, No. 01-1640, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003). "Patent L.R. 3-1, more specifically, is a discovery device that 'takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery.'" <u>Bender v. Maxim Integrated Prods., Inc.</u>, No. C09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (quoting <u>Network Caching Tech., LLC v. Novell, Inc.</u>, No. 01-2079 VRW, 2002 WL 32126128, at *3-4 (N.D. Cal. Aug. 13, 2002)(hereinafter "<u>NCT I</u>")). Patent L.R. 3-1, however, does not require a party to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions. <u>Network Caching Tech., LLC v. Novell, Inc.</u>, No. 01-2079 VRW, 2003 WL 21699799, at *4 (N.D. Cal. Mar. 21, 2003) (hereinafter, "<u>NCT II</u>"). Thus, "[a]t this juncture, a party may comply with Patent L.R. 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants[] with notice of infringement beyond that which is provided by the mere language of the patents themselves." <u>Id.</u>

It makes sense, then, that ICs "are not meant to provide a forum for litigation of the substantive issues." <u>Id.</u> at *5. But that is exactly what Barco appears to be doing. For example, with respect to the '336 Patent, Barco explains:

> All the asserted claims of the '336 [P]atent expressly require "a microprocessor system" that includes a "central processing unit." TPL has accused a "field-programmable gate array" chip called the Xilinx Virtex-5, of infringing. Barco has pointed out to TPL that, although some Virtex-5 chips include on-board microprocessors, the one Barco uses <u>does not</u>. TPL's ICs are deficient in this respect because they only contain the unsupported statement that "the device contains the Xilinx Virtex-5 microprocessor. This microprocessor is a monolithic integrated circuit." TPL does not even alleged that the purported "microprocessor" includes a central processing unit.

United States District Court
For the Northern District of California

1

2   DDJR No. 2 at 3 (internal citations omitted) (emphasis in original). As TPL notes, this is a factual

3   assertion that goes to the merits of TPL's infringement claim. DDJR No. 2 at 9. Indeed, Judge

4   Walker rejected a similar argument in <u>NCT II</u>, when defendant Inktomi contended that plaintiff

5   NCT "failed to provide 'support for the allegation that [Inktomi's] Traffic Server [product] always

6   saves a copy of the requested data.'" <u>NCT II</u>, 2003 WL 21699799, at *5. "These sorts of concerns,"

7   he wrote, "are not meant to be resolved all in the context of NCT's [ICs], and the court declines to

8   do so here. Defendants will be afforded shortly the opportunity to press the validity of NCT's

9   construction of its own patent claims and defendants' products." <u>Id.</u>; <u>see also</u> <u>FusionArc, Inc. v.</u>

10  <u>Solidus Networks, Inc.</u>, No. C06-06760 RMW (RS), 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5,

11  2007) ("While the [Patent Local] Rules are . . . intended to hasten resolution on the merits, they are

12  *not*, as [defendant] appears to be attempting to enforce them, a mechanism for resolving the *merits*

13  of the parties' dispute.") (emphasis in original).

14          Moreover, TPL's ICs are not like those submitted in <u>Bender</u>, as Barco suggests. In that case,

15  the plaintiff's ICs simply repeated for each claim limitation that "[t]his element is located on the

16  integrated circuit contained in the product." <u>See</u> <u>Bender</u>, No. C09-01152, Docket No. 48-1 (N.D.

17  Cal. Feb. 5, 2010). Thus, Judge Illston explained that the plaintiff's ICs "do not actually specific the

18  location of each element within the accused product. Rather, the court is asked to assume that

19  certain elements of the patent are present in the accused product." <u>Bender</u>, 2010 WL 1135762, at *

20  2. Here, TPL's ICs are not so bare. Indeed, it appears that TPL has provided in its ICs all of the

21  information to which it currently has access. <u>See</u> <u>FusionArc</u>, 2007 WL 1052900, at *2 (Defendant's

22  motion to compel amendment of FusionArc's ICs "because FusionArc has adequately established it

23  has provided all of the information in its possession as to how and why it believes [Defendant's]

24  services infringe the [patent-in-suit].").  As such, the court disagrees with Barco's statement that

25  TPL's ICs are "simply too vague."

26

27          2. Barco's Argument that TPL's ICs Rely on Unrelated Material

28

1   Barco also argues that TPL's ICs "rely on published articles and chips other than the accused

2   chips to allegedly show the claim elements are found within the accused instrumentalities," and that

3   "[i]n each case, TPL does not and cannot show any relationship between the actual accused products

4   and the material referenced." DDJR No. 2 at 4.

5   Barco is correct that some of TPL's ICs are based on material for other products. For

6   instance, TPL accuses Barco of infringement based on its use of a DDP1011 chip, but it relies upon

7   a presentation about a DDP1000 chip and a datasheet for a CDCDLP223 chip in its ICs. See Docket

8   No. 208-2, Ex. A-8, Pic. 1927. And, in doing so, TPL does not explain how or why information

9   concerning a DDP1000 chip or a CDCDLP223 chip is relevant to its IC for a DDP1011. Perhaps

10  information concerning these other two chips is relevant, or perhaps it is not; from TPL's ICs, the

11  court cannot say. Thus, to the extent that TPL's ICs rely upon information concerning products not

12  at issue in this litigation, TPL must amend its ICs to either provide information concerning the

13  products at issue or explain how and/or why information concerning any products not at issue is

14  relevant to its ICs.

16  **CONCLUSION**

17  Based on the foregoing, within 21 days from the date of this order:

18  1. the parties may file a joint letter, not to exceed 3 pages, describing any remaining impasse

19  concerning RFP Nos. 75 and 76 and proposing a possible resolution to it;

20  2. Barco shall search for and produce any documents responsive to RFP Nos. 78-80;

21  3. TPL shall amend its ICs to either provide information concerning the products at issue or

22  explain how and/or why information concerning any products not at issue is relevant to its ICs.

23  **IT IS SO ORDERED.**

25  Dated: September 20, 2011

26  _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

27

28

United States District Court
For the Northern District of California

7

**C08-05398 Notice will be electronically mailed to:**

| | |
|---|---|
| Daniel Joseph O'Connor | Daniel.J.Oconnor@Bakernet.com |
| Edward Keith Runyan | edward.runyan@bakermckenzie.com |
| Tod Lawrence Gamlen | tod.gamlen@bakermckenzie.com |
| John L. Cooper | jcooper@fbm.com |
| Deepak Gupta | dgupta@fbm.com |
| Eugene Y. Mar | emar@fbm.com |
| Jeffrey M. Fisher | jfisher@fbm.com |
| Marc Tarlock | MTarlock@fbm.com7 |
| Nan E. Joesten | njoesten@fbm.com |
| Stephanie Powers Skaff | sskaff@fbm.com |
| Kenneth Harlin Prochnow | kprochnow@chilesprolaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28