

**FARELLA BRAUN + MARTEL LLP**
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

**DEEPAK GUPTA**
dgupta@fbm.com
D 415.954.4419

October 11, 2011

Chief Judge James Ware
U.S. District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 15 - 18th Floor
San Francisco CA 94102

      Re:    <u>Barco, N.V. vs. Technology Properties Limited, et al.</u>, Case No. 08-05398

Dear Judge Ware:

      Pursuant to Magistrate Lloyd's discovery order of September 20, 2011 (Dkt. 223), Plaintiff Barco and Defendants Technology Properties Limited, et al. ("TPL") hereby jointly submit this letter addressing remaining issues with respect to Barco's production of documents regarding Barco's testing in the United States of the accused products.

      In its Discovery Dispute Joint Report No. 1, TPL sought relief, inter alia, relative to Document Request Nos. 75 and 76, which asked for "[a]ll DOCUMENTS concerning any investigation, testing, analysis, or study of the BARCO CHIPS or BARCO PRODUCTS" either "conducted by or on behalf of BARCO in the United States" or "that relate to BARCO's assertion that its products do not infringe any valid claims of the PATENTS-IN-SUIT."  In connection with briefing, Barco stated that several of the accused products were not tested in the United States and that it would provide a declaration to this effect.  For the remaining products, Barco agreed to produce testing documents. (Sept. 20 Order, pp. 2-3.)  Judge Lloyd ordered the parties to submit a joint letter regarding any remaining impasse; hence this letter.

      Barco has provided a declaration stating that all but three of the accused products were not tested in the United States.  It has produced documents regarding domestic testing of the remaining three products.  For two of the remaining three products, Barco provided three testing documents (six pages total).  TPL expressed concern about the number of documents produced.  Barco has assured TPL that this production is the entirety of responsive documents.

      The documents produced do not state the time period during which the products were tested in the United States, information that TPL contends it needs.  Accordingly, in order to resolve this issue, the parties have agreed that TPL shall serve a set of Requests for Admission, which Barco will answer on shortened time (10 days).  These RFAs will be directed to the time period during which Barco tested the relevant products in the United States.  Barco has agreed

23129\2815088.4



Chief Judge James Ware
October 11, 2011
Page 2

that to the extent it (or the relevant Barco subsidiary) has not tested the relevant products for the entire period of potential damages (see 35 U.S.C. §286), in responding to the RFAs, if applicable, Barco will advise TPL of the portion of the time period for which it did test in the United States.

  While the parties are optimistic that this process should resolve their continuing disagreement regarding Requests for Production No. 75 and 76, should further oversight or intervention be required, the parties will present any remaining issue to Special Master Denver.

            Respectfully submitted,

            FARELLA BRAUN & MARTEL LLP


            _____/s/_____
            Deepak Gupta
            Attorneys for Defendants Technology Properties
            Limited and Alliacense Limited


            BAKER & McKENZIE


            _____/s/_____
            Edward K. Runyan
            Attorneys for Plaintiff Barco, N.V.


            <u>ATTESTATION</u>

Pursuant to General Order No. 45, I represent that concurrence in the filing of this document has been obtained from each of the other signatories which shall serve in lieu of their signatures on this document.

            FARELLA BRAUN & MARTEL LLP


            _____/s/_____
            Deepak Gupta
            Attorneys for Defendants Technology Properties
            Limited and Alliacense Limited

23129\2815088.4