SEE SIGNATURE PAGE FOR PARTIES AND COUNSEL OF RECORD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACER, INC., ACER AMERICA CORPORATION and GATEWAY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case No. 3:08-cv-00877 JW |
| HTC CORPORATION, HTC AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED, <br><br> Defendants. | Case No. 3:08-cv-00882 JW |
| BARCO N.V., a Belgian corporation, <br><br> Plaintiff, <br><br> v. <br><br> TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., ALLIACENSE LTD., <br><br> Defendants. | Case No. 3:08-cv-05398 JW <br><br> **AMENDED PATENT LOCAL RULE 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |

1    Pursuant to the Court's First Patent Scheduling Order, and to maximize the efficiency to

2    the Court, the parties from all three above-captioned related actions, Plaintiffs Acer Inc., Acer

3    America Corp., and Gateway, Inc. (collectively "Acer"), HTC Corporation and HTC America

4    Inc. (collectively "HTC"), and Barco, N.V. ("Barco") and Defendants Technology Properties

5    Limited ("TPL"), Patriot Scientific Corporation, and Alliacense Limited (collectively

6    "Defendants"), hereby submit the following consolidated Joint Claim Construction and

7    Prehearing Statement pursuant to Patent Local Rule 4-3.

8                                    **BACKGROUND**

9    The parties filed their original Patent Local Rule 4-3 Joint Claim Construction and

10   Prehearing Statement on October 29, 2010 ("Original Statement").  Doc. No. 203 Acer et al. v.

11   TPL et al., 5:08-cv-877 JF/HRL.  The Original Statement included an Exhibit A setting forth

12   agreed upon constructions, an Exhibit B comparing disputed constructions for 30 terms, and

13   Exhibits C and D setting forth Plaintiffs' and Defendants' supporting evidence.

14   Subsequently, claims in two of the four patents-in-suit, U.S. Patent Nos. 5,440,749 (the

15   "'749 patent") and 5,530,890 (the "'890 patent"), were amended and added during reexamination

16   proceedings.  The Defendants then moved to amend their infringement contentions to address the

17   amended and the additional claims, which the Court (Hon. Jeremy Fogel) granted-in-part and

18   denied-in-part on May 13, 2011.  During a case management conference held on June 24, 2011,

19   the Court modified the briefing schedule based upon the parties' stipulation to allow time to

20   address the amended infringement contentions before the claim construction hearing then

21   scheduled for November 14, 2011.

22   Under the modified schedule, the parties met and conferred on additional claim terms for

23   construction in light of the amended infringement contentions, and filed a Supplemental

24   Statement under Patent Local Rule 4-3.  The Supplemental Statement included an Exhibit A

25   identifying three additional disputed terms.  There were also additional agreements reached on

26   certain terms and agreement that the construction of certain disputed terms would control the

27   construction of other related terms.

28

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement                    - 2 -

1

## I.    AGREED CLAIM CONSTRUCTIONS

2        Exhibit A sets forth a list of claim terms and their respective constructions that have been

3 agreed upon by all the parties in the related actions.  This includes the additional agreements

4 reached in the Supplemental Statement.

5

## II.    DISPUTED CLAIM CONSTRUCTIONS

6        Exhibit B is a chart that sets forth disputed claim terms from U.S. Patent Nos. 5,440,749;

7 5,530,890; 6,598,148; and 5,809,336 and the respective constructions proposed by each party.

8 All four patents are at issue in the *Acer v. TPL* and *HTC v. TPL* actions, while only the '749, '890,

9 and '336 patents are at issue in the *Barco v. TPL* action.

10        The proposed identification of evidence for each disputed claim term provided by

11 plaintiffs Acer, Barco and HTC is attached as Exhibit C.

12        The proposed identification of evidence for each disputed claim term provided by

13 Defendants is attached as Exhibit D.

14        Exhibit E contains additional disputed claim terms from the '749 patent, the respective

15 constructions proposed by each party, and each parties' identification of evidence (which was

16 originally submitted as Exhibit A to the supplemental claim construction statement).  These terms

17 arose following the reexaminations of the patents-in-suit.  The parties have not identified any of

18 those terms as among the ten most significant terms in Part III below.

19

## III.    IDENTIFICATION OF MOST SIGNIFICANT CLAIM TERMS

20

21        The Court has ordered the parties in all three actions to identify the ten claim terms most

significant to the resolution of the issues in the case, with consideration given to HTC's pending

22

motion for summary judgment.  The parties have accordingly identified the following claim terms

23

as being most significant to the resolution of the issues in that case at this time:

24

    1.    multiple sequential instructions ('749 Patent)

25

    2.    separate direct memory access central processing unit ('890 Patent)

26

    3.    instruction register ('890 Patent)

27

    4.    operates asynchronously to ('336 Patent)

28

1       5.      supply the multiple sequential instructions to said central processing unit

2              integrated circuit during a single memory cycle ('749 Patent)

3       6.      clocking said central processing unit  ('336 Patent)

4       7.      ring oscillator ('148, '336, '890, '749 Patents)

5       8.      providing an entire variable speed clock disposed upon said integrated circuit

6              substrate ('336 Patent)

7       9.      push down stack connected to said ALU ('749 Patent)

8       10.     as a function of parameter variation ('336 patent)

9       The parties agree that the Court's construction of "connected to" within Term 9 above,

10 will apply in the same manner to Rows 3, 8, 9, 15, and 16, as numbered in Exhibit B attached to

11 hereto.

12       The parties also agree that the construction of "operation of said input/output interface

13 asynchronously from said central processing unit" is closely related to "operates asynchronously

14 to."  (Ex. B, No. 29).  To avoid duplicative briefing and to promote judicial economy, the parties

15 agree that if the Court construes the phrase "operates asynchronously to" to mean "operates

16 without a timing relationship to/with," then Plaintiffs' proposed construction for "operation of

17 said input/output interface asynchronously from said central processing unit" in Exhibit E, Row 3

18 (page 1) will apply.  Conversely, if the Court construes the phrase, "operates asynchronously to"

19 as "timed by independent clock signals," then Defendants' proposed construction for "operation

20 of said input/output interface asynchronously from said central processing unit" set forth in

21 Exhibit E, Row 3 (page 4), will apply.

22       **Plaintiffs' Position Regarding Additional Term**:

23       Plaintiffs propose that the 10 terms to be construed at this time include the following three

24 parallel, case-dispositive terms which should be construed consistently and at the same time:

25
26      •  "An entire ring oscillator variable speed system clock in said single integrated circuit" (Row 23 of Exhibit B in the JCCS);

27      •  "An entire oscillator disposed upon said integrated circuit substrate" (Row 19); and

28

Amended Patent Local Rule 4-3 Joint Claim      - 4 -
Construction and Prehearing Statement

- "Providing an entire variable speed clock disposed upon said integrated circuit substrate" (Row 28).[1]

Plaintiffs respectfully submit that these three terms should be considered a single term for purposes of identifying the 10 most significant terms to be construed.  *See* Order Vacating Case Management Conference; Denying Motion to Strike, *US Ethernet Innovations LLC v. Acer, Inc.*, No. 10-03724 JW (Dkt. No. 547) (Ware, J.) (Sept. 7, 2011) at pages 5-7.

As explained in the parties' respective claim construction briefing, the single embodiment in the patents-in-suit discloses an on-chip "ring oscillator" that acts as a variable speed system clock for the CPU.  This single disclosure of "ring oscillator" (Row 22) (an agreed-upon term for construction) is the specification support for Rows 23, 19 and 28 quoted above.  After Judge Ward's claim construction ruling in the Texas action, Defendants distinguished prior art during reexamination proceedings by expressly representing to the Examiner that the disclosed and claimed "ring oscillator" is "non-controllable" and "variable based on the environment."  *See* Interview Summary, 2/12/08, Control No. 90/008,227.

Based on Defendants' express disclaimer, Plaintiffs argue in their consolidated claim construction brief that the oscillator or clock in each of Rows 23, 19 and 28 be limited, *inter alia*, as "non-controllable" and "variable based on the voltage, temperature and process parameters in the environment."  Defendants oppose this limitation, but in their claim construction briefs Defendants do not differentiate among Rows 23, 19 and 28 based on the differences in their claim language.  The parties' positions for Rows 22, 23, 19 and 28 are set forth in the table below (with differences shown in boldface and strikeouts):

| Claim term | Plaintiffs' Construction | Defendants' Construction |
|---|---|---|
| Ring oscillator (Row 22) (An Agreed-Upon Term for | An oscillator having a multiple, odd number of inversions arranged in a loop, | An oscillator having a multiple, odd number of inversions arranged in a loop |

---

[1] Because Rows 23, 19 and 28 have similar language and raise the same claim construction disputes, Plaintiffs had proposed during meet-and-confer that only Row 23 be construed, but its construction would control the constructions of Rows 19 and 28.  Row 23 was suggested as representative because it includes practically all of the disputed language.  However, Defendants' position, articulated below, that the differences in language affect the claim construction issues appears to require that all three rows be construed.

Amended Patent Local Rule 4-3 Joint Claim
Construction and Prehearing Statement

| Claim term | Plaintiffs' Construction | Defendants' Construction |
|---|---|---|
| Construction in Part I) | **wherein the oscillator is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | |
| An entire ring oscillator variable speed system clock in said single integrated circuit (Row 23) | A ring oscillator variable speed system clock that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal,<br><br>**wherein the ring oscillator variable speed system clock is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | A ring oscillator variable speed system clock that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |
| An entire oscillator disposed upon said integrated circuit substrate (Row 19) | An oscillator that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal,<br><br>**wherein the oscillator is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | An oscillator that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |
| Providing an entire variable speed clock disposed upon said integrated circuit substrate (Row 28) | Providing a variable speed ~~system~~ clock that is located entirely on the same semiconductor substrate as the CPU and does not ~~directly~~ rely on a ~~command input~~ control signal or an external crystal/clock generator to generate a clock signal,<br><br>**wherein the variable speed clock is: (1) non-controllable; and (2) variable based on the temperature, voltage, and process parameters in the environment** | Providing a variable speed **system** clock that is located entirely on the same semiconductor substrate as the CPU and does not **directly** rely on a **command input** control signal or an external crystal/clock generator to generate a clock signal |

As demonstrated by the chart above, despite the differences in claim language, each side has respectively proposed parallel constructions for Rows 23, 19 and 28 with common limitations.[2]  In their claim construction briefs, Defendants <u>never</u> even suggested the possibility of different limitations for Rows 23, 19 and 28 based on their different claim language.

But below, Defendants now take the new position that the differences in claim language among these rows (i.e., "ring oscillator variable speed system clock" versus "oscillator" or "variable speed clock") affect the disputed common limitations.  The chart above, however, belies any contention that these differences are significant.  By belatedly relying on the differences in the claim language, Defendants now raise the possibility that each of the three terms has a different meaning.  For that reason, the construction of all three is required, though Plaintiffs believe the differences in their claim language are not significant to the disputed common limitations and that the common arguments will be determinative for all three.

Defendants are proposing below that Rows 23, 19 and 28 be left completely unconstrued, even as to the dispute over whether the claimed "entire" ring oscillator variable speed system clock/oscillator/variable speed clock "**directly** rel[ies] on a **command input** control signal or an external crystal/clock generator to generate a clock signal."  But rather than explain why Rows 19, 23 and 28 do not require any construction, Defendants' position below includes elaborate claim construction arguments respecting Rows 19, 23 and 28 that are not found in their claim construction briefs.  Ironically, Defendants' new claim construction arguments merely highlight the importance of construing Rows 19, 23 and 28 together, although this joint statement is not the place for Plaintiffs to respond to Defendants' new arguments.

Given the disputes apparent from both the table above and Defendants' new arguments below, Defendants' position appears intended to stymie the Court's consideration of whether Defendants' disclaimers made to the USPTO apply to these parallel terms as proposed by the Plaintiffs in their claim construction brief.  Plaintiffs believe that Rows 19, 23 and 28 need to be

---

[2] During meet-and-confer, Defendants proposed that Row 19, "an entire oscillator . . . ," be construed, and Row 23 and 28 have constructions parallel to Row 19.  Hence, at least during meet-and-confer, it appeared that there was no dispute that Rows 19, 23 and 28 should have parallel constructions with common limitations.

construed together in light of Defendants' disclaimers to properly resolve the claim construction disputes on these claim phrases.

**Defendants' Position Regarding Additional Terms**:

C.      Remaining Dispute on Terms For Construction.  Defendants believe that construction of the ten terms set forth above is sufficient, and comports with this Court's October 5, 2011 Order that "the total terms identified by all parties as most significant cannot exceed 10.  . Defendants do not agree that three claim phrases (Rows 19, 23, and 28) should only count as one under the guise of "parallel" terms with undefined "common limitations."[3]  The construction of these terms will necessarily vary because the terms themselves use different words.[4]  Defendants' likewise reject Plaintiffs attempt to limit any one of these different terms to a clock that is non-controllable and variable based on the environment.

Contrary to Plaintiffs' assertion, Defendants never made a disclaimer during the reexamination proceedings.   Plaintiffs mistakenly rely on a statement by the examiner (and not the patent owner) in an interview summary from the reexamination of U.S. Patent No. 6,598,148 ("the '148 patent").[5]  Notably, the Plaintiffs seek to apply their  "examiner disclaimer" theory to the term "an entire ring oscillator variable speed system clock in said single integrated circuit," which is not even in the claims of the '148 patent, but is instead found in the '336 patent that was *already issued* at the time the alleged "examiner disclaimer" occurred.

The parties have been ordered by the Court not to exceed 10 significant terms, and though Plaintiffs may find it difficult to do so, counting numerous different terms as one is neither fair nor compliant with the order.  Thus, Defendants oppose Plaintiffs' efforts to expand the number

---

[3] Defendants offered to have the construction of Row 19 apply to Rows 23 and 28 for the limited issue of "[t]he main dispute in Row 19[, which] is whether an oscillator located entirely on the same semiconductor substrate as the CPU does not directly rely on a command input control signal, or merely does not rely on a control signal.  Defendants remain willing to stipulate that the construction of Row 19 on this issue will apply to Row 28, as well as to Row 23."  Email from N. Joesten to K. Chen, Apr. 4, 2011 (emphasis added) (attached as Ex. A to Declaration of Nan E. Joesten).
[4] The doctrine of claim differentiation dictates that different claims with different language have different meaning, and should not be inferred to have the same construction because of some misguided notion of "parallel terms."
[5] This issue has already been briefed by the parties, and Defendants believe it is inappropriate to repeat those arguments in a Joint Claim Construction Statement.

1  of significant terms beyond 10, and urge that 10 is sufficient.

2  **IV.      ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING**

3      A claim construction hearing has been scheduled for January 27, 2012.  A tutorial has

4  been scheduled for January 20, 2012.

5  **V.      WITNESSES FOR THE CLAIM CONSTRUCTION HEARING**

6      Defendants do not currently plan to call any fact or expert witness to testify live at the

7  claim construction hearing.  Defendants' expert, Dr. Vojin Oklobdzija, may submit testimony in

8  rebuttal to evidence or argument advanced by Plaintiffs in connection with the claim construction

9  process, including in rebuttal to any expert testimony submitted by Plaintiffs.

10      Plaintiffs Acer and HTC do not plan to call witnesses to testify live at the claim

11  construction hearing, but will have their expert witnesses, Dr. Andrew Wolfe and Dr. David May,

12  respectively, available should the Court believe that such testimony would be useful in resolving

13  the disputed terms between the parties.  Acer and HTC may submit declarations from Dr. Wolfe

14  and/or Dr. May in connection with claim construction briefing and will provide a summary of

15  their expert opinions as part of Exhibit C.

16                                         Respectfully submitted,

17  [SIGNATURE BLOCKS ON NEXT PAGE]

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | Dated: November 18, 2011 |
| 2 | |

Dated: November 18, 2011                           AGILITY IP LAW, LLP

By: _/s/ James C. Otteson_____
James C. Otteson
jim@agilityiplaw.com
Michelle Breit
mbreit@agilityiplaw.com
Eugene Y. Mar
emar@fbm.com
Agility IP Law, LLP
149 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 227-4800
Facsimile: (650) 318-3483

*Attorneys for Technology Properties Ltd. and Alliacense Ltd.*

Dated: November 18, 2011                           KIRBY NOONAN LANCE & HOGE LLP

By: _____/S/ Charles Hoge_____
Charles T. Hoge, Esq.
choge@knlh.com
Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue
Suite 1300
San Diego, CA 92101

*Attorneys for Patriot Scientific Corp.*

Dated: November 18, 2011                           BAKER & MCKENZIE LLP

By: _/s/ Edward Runyan_____
Edward K. Runyan, Esq.
Edward.Runyan@Bakermckenzie.com
Baker & McKenzie
130 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-8811
Fax: (312) 698-2341

*Attorneys for Barco, N.V.*

1    Dated: November 18, 2011                    COOLEY LLP

2

3                                                By: /s/ Kyle Chen
                                                     Kyle D. Chen, Esq.
4                                                    kyle.chen@cooley.com
                                                     Heidi L. Keefe, Esq.
5                                                    hkeefe@cooley.com
                                                     Mark R. Weinstein, Esq.
6                                                    mweinstein@cooley.com
                                                     Cooley LLP
7                                                    3000 El Camino Real
                                                     Five Palo Alto Square, 4th Floor
8                                                    Palo Alto, California 94306
                                                     Telephone:  (650) 843-5000
9                                                    Fax:  (650) 857-0663

10                                               *Attorneys for HTC Corporation and HTC
                                                 America, Inc.*
11   Dated: November 18, 2011                    K&L GATES LLP

12

13                                               By: /s/ Timothy Walker
14                                                   Timothy P. Walker, Esq.
                                                     Timothy.walker@klgates.com
15                                                   Harold H. Davis, Jr., Esq.
                                                     Harold.davis@klgates.com
16                                                   Jas Dhillon, Esq.
                                                     Jas.dhillon@klgate.com
17                                                   Jeffrey M. Ratioff
                                                     Jeffrey.ratinoff@klgates.com
18                                                   K&L Gates LLP
                                                     Four Embarcadero Center, Suite 1200
19                                                   San Francisco, CA 94111
20                                                   Phone:  (415) 882-8200
                                                     Fax:  (415) 882-8220
21

22                                               *Attorneys for Acer, Inc., Acer America
                                                 Corp. and Gateway, Inc.*
23

24

25

26

27

28

     Amended Patent Local Rule 4-3 Joint Claim              - 11 -
     Construction and Prehearing Statement

1

## ATTESTATION PER GENERAL ORDER 45

2        I, Kyle Chen, am the ECF User whose ID and password are being used to file this

3 Stipulation.  In compliance with General Order 45, X.B., I hereby attest that the counsel listed

4 above have concurred with this filing.

5

6 Dated: November 18, 2011

7

8 988275

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amended Patent Local Rule 4-3 Joint Claim              - 12 -
Construction and Prehearing Statement